IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DAVID J. BUCHANAN, | : | No.    06 - 7 1 1 |
|  | : |  |
| Petitioner, Pro Se | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| THOMAS E. GAY, ESQUIRE, WIFE | : |  |
| THALIA J. GAY, THE HONORABLE | : |  |
| JANE M. BRADY (ATTORNEY | : |  |
| GENERAL/SUPERIOR COURT JUDGE), | : |  |
| KRISTEN S. GIBBONS, ESQUIRE, | : |  |
| (COURT APPOINTED SPECIAL | : |  |
| ADVOCATE ATTORNEY | : |  |
| AD LITEM), DELAWARE STATE | : |  |
| POLICE, GEORGETOWN POLICE, | : |  |
| SEAFORD POLICE, JOHN BRADY, | : |  |
| ESQUIRE, DELAWARE FAMILY COURT | : |  |
| THE STATE OF DELAWARE | : |  |
| THE FIRM OF STUMPF, VICKERS & | : |  |
| SANDY, JOHN F. BRADY, | : |  |
| ESQUIRE, et all. | : |  |
|  | : |  |
| Respondents | : |  |

**PETITION TO AWARD DAMAGES FOR; BREACH OF FIDUCIARY DUTY, MEDICAL MALPRACTICE BY FIDUCIARY, VIOLATION OF HIPAA, DEFAMATION OF CHARACTER, DERIVATIVE TORT, INFLICTION OF SEVERE EMOTIONAL DISTRESS AND HARM, LITIGATION CONDUCTED IN MALUM IN SE, FAILURE TO OBSERVE FEDERAL BANKRUPTCY LAWS, VIOLATION OF CIVIL RIGHTS, FALSE ARREST, FALSE IMPRISONMENT, DISADVANTAGING AN OPPOSING PARTY BY MISLEADING A PRESIDING JUDGE, ABUSE OF PROCESS, ERRORS, AND OMISSIONS**

**NOW COME** the above captioned Petitioner, David J. Buchanan, Pro Se, and,

hereby petitions the United States District Court for the District  Delaware, to award

Punitive Damages in the amount of Six Hundred Million Dollars U.S. ($600,000,000) to

the Plaintiff, and order the Respondents pay for; breach of fiduciary duty, medical

malpractice by fiduciary, violation of HIPAA, defamation of character, derivative tort, infliction of severe emotional distress and harm, litigation conducted in malum in se, failure to observe Federal Bankruptcy Laws, disadvantaging an opposing party by misleading a presiding Judge, violation civil rights guaranteed by the 5th, 8th, and 14th amendments of the United States, including false arrest, false imprisonment, and intentional violation of procedure due process of law, by the Delaware Family Court, as well as the Delaware Supreme Court.

## JURISDICTION

1. The respondents include The State of Delaware, agencies empowered by the State of Delaware, and attorneys licensed to practice law in the State of Delaware, for which the District Court has overall jurisdiction.

2. David J. Buchanan is a Citizen of the State of Delaware.

3. The Eleventh Amendment; "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Therefore; The Eleventh Amendment bars jurisdiction only in suits "by Citizens of another State, or by Citizens or Subjects of any Foreign State," and does not jurisdictionally bar, prohibit, or give immunity to any tortfeasor, for both punitive, and/or monetary damages, of this litigation, where David J. Buchanan is a Citizen of the State of Delaware, for which District this suit is filed.

4. The United States District Court of Delaware has jurisdiction to enforce all violations, by State Agency, Contracted State Worker, Lawyer licensed by the State, and/or any agency/person violating any federal law or HIPAA while in the State of

2

Delaware.

5. Pursuant to 42 U.S.C. § 2000d–7 Civil rights remedies equalization **(a) General provision (1)** A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101et seq.], title VI of the Civil Rights Act of 1964 [42U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. **(2)** In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

6. The United States District Court of Delaware has jurisdiction to enforce all violations pursuant to 42 U.S.C. § 1320a–7b **(f) "Federal health care program" defined:** For purposes of this section, the term "Federal health care program" means— "any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government".

7. The individual Respondents, are licensed and insured professionals practicing in Sussex County, Delaware, of which some are paid by the State of Delaware, and routinely perform duties as attorney *ad litem* for the Court Appointed Special Advocate, as well as *amicus curiae* for the Delaware Supreme Court.

8. The respondents are subject to criminal charges for matters identified within in

3

the State of Delaware, for which civil damages can be awarded by the Court.

9. The petitioner is a resident of Sussex County, Delaware.

10. The United States District Court District of Delaware has jurisdiction over all matters that violate United States Constitutional law, which are resultant of, but not limited to those violations arising from actions by the State of Delaware, or any person paid by the State of Delaware, and/or actions in conjunction with any person paid by the State of Delaware.

## Cause specific to Delaware Family Court

6. The Family Court has violated Article IV, and the Fourteenth Amendment of the U.S. Constitution by restriction of Mr. Buchanan's Privileges and Immunities when prejudicing and further restricting equal and just access to Family Court, by assaulting the his right to own real property, causing mental and emotional distress by the denial of procedural due process when publishing the intent to list and sell real property prior to a property division hearing, taking away access to family without procedural due process, beyond the guidelines of the State of Delaware, and established a landscape of litigation favorable to opposing counsel's, intent to deprive Mr. Buchanan of all rights of life, liberty, or property, which are enforceable through 42 U.S.C. §1983.

7. The Family Court has violated Article IV, and the Fourteenth Amendment of the U. S. Constitution by restricting Mr. Buchanan's Privileges and Immunities when invoking the wills of attorneys Thomas E. Gay, and Kristen S. Gibbons (attorney appointed by the State of Delaware), and violating Mr. Buchanan's right to family when interfering in Mr. Buchanan's right to direct his child's education and development of religion characterized by Family Court ordering isolation of the child from the father for

4

a period of time exceeding State Statute, and the issuance of mid trial Summary Judgment preventing interview of the minor during the proceedings, further showing the willful intent to interfere with procedural due process, where the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, the denial of procedural due process should be actionable for damages without proof of actual injury. *See SUPREME COURT OF THE UNITED STATES 435 U.S. 247; 98 S. Ct. 1042; 55 L. Ed. 2d 252; 1978 U.S. LEXIS 69*

8. On or about November 29, 2004, during the course of domestic proceedings, The Presiding Judge caused harm to Mr. Buchanan by violating the intent of the 5th, 8th, 14th Amendment of the U. S. Constitution, and Article IV, by considering testimony from Delaware State Police Officers pertaining to arrests of David J. Buchanan that were neither justified, as a result of warrant or signed complaint, and did not withstand prosecution, disparaging Mr. Buchanan as a parent and causing defamation to his character, resulting in an unfavorable stipulation of child custody, in the light that such combined actions by the State Police, Family Court, CASA, Counsel for CASA, and opposing counsel, shows combined intent, characteristic to conspiracy, which damages can be obtained through enforcement of 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

9. On or about November 29, 2004, during the course of domestic proceedings, The Presiding Judge caused harm to Mr. Buchanan by violated the intent of the 5th, 8th, 14th, Amendments, and , and Article IV of the U. S. Constitution, by failing to acknowledge the financial repercussions associated with divorce that have been identified as loss of use of property, impairment of mortgage contracts pursuant to 42 U.S.C. § 1981, loss of

5

insurance, and devaluation of heath care benefits, by neglecting to enforce Subpoenas, in further violation of due process of law, enforceable by 42 U.S.C. § 1983, and where the Court had knowledge that violations of rights were about to occur and had the power to prevent, subjects the Court to 28 U.S.C. § 1343, and where "neglect" is defined as; "the act of a reasonable prudent person under the circumstances," substantiates liability on the Family Court. *See Cohen v. Brandywine Race Assoc. Del. Superior (1968).*

10. On or about September 3, 2004, during the course of domestic proceedings as a result of an emergency petition for interim alimony, The Presiding Judge caused harm to Mr. Buchanan by violating the intent of the 5th, 8th, 14th, Amendments, and Article IV of the U. S. Constitution, enforceable by 42 U.S.C. §1981, by 42 U.S.C. §1982, 42 U.S.C. §1983, and 28 U.S.C. § 1343 by failing to acknowledge the financial repercussions associated with divorce that have been identified as loss of use of property, loss of insurance, devaluation of heath care benefits, interference of family, and impairment of contracts, by neglecting to enforce Subpoenas at the request of opposing counsel for wrongful violation of Bankruptcy stay 362, then following an incomplete hearing on November 29-30, 2004, issued orders of custody that are considered cruel and unusual which inflict punishment on both the minor child Heidi, and her father David J. Buchanan, by causing the parties to pay money to a third party to exercise the right of family contact, as well as disparaging Mr. Buchanan as a parent.

11. During the course of this litigation the Family Court abused it's discretion when continuing divorce proceedings, in the light that the petitioning wife had not complied with court rules, and did not appear for divorce proceedings justifying a dismissal with prejudice of the divorce petition, then the Family Court disregarded numerous pleadings

6

by David J. Buchanan, to stay divorce prior to issuing a certificate, then following the

issue of a divorce certificate, failed to protect Federal health benefits afforded Mr.

Buchanan by way of marriage, further defined by and 42 U.S.C. § 2000d-4a, showing

willful intent to violate 18 U.S.C. § 245 (B)(1)(b), by interfering with rights to enjoy a

Federal benefit or program. Emphasis added; the Family Court, knowingly imposed

conditions on Mr. Buchanan, that caused him to be denied medical benefits to continue

treatment of cancer, while in a critical phase of his treatment, by not staying divorce, not

enforcing subpoena pertaining to matters, and dismissing an emergency motion

requesting such benefits be protected by court order.

12. On or about November 30, 2004, during the course of domestic proceedings, The

Presiding Judge caused harm to Mr. Buchanan by violated the intent of the 5th, 8th, 14th

Amendment of the U. S. Constitution, and Article IV, by not declaring a mistrial, or

ordering the proceedings incomplete, following Mr. Buchanan's withdraw of his petition

for custody, following opposing counsel's testimony that he had personally contacted an

expert witness, following service of subpoena on that witness at the request of Mr.

Buchanan, where Mr. Gay's actions were a clear violation of Title 11 § 1269 of

Delaware Code, by tampering with testimony expected to be offered in a court

proceeding, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42

U.S.C. § 1985.

## Cause specific to Delaware Supreme Court

13. On February 25, 2005, the Supreme Court of Delaware allowed *Motion to*

*Dismiss Pursuant to Rule 29(b),* filed by Kristen S. Gibbons, Esquire, *Attorney Ad Litem*

to be filed and considered by the Court, in violation of Delaware Supreme Court Rule 7

7

(c)(8), where the *Attorney Ad Litem* had not been Captioned on the Appeal filed, Case No. 558, 2004, and where such Motion to Dismiss would be a willful violation of due process of law in an act to terminate parental rights, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

14. On May 16, 2005, the Supreme Court of Delaware allowed *Motion to Dismiss Emergency Motion for Mandatory Injunction,* filed by Kristen S. Gibbons, Esquire, *Attorney Ad Litem* to be filed and considered by the Court, in violation of Delaware Supreme Court Rule 7 (c)(8), by expanding the Caption of the Appeal filed, Case No. 558, 2004, to include the *Attorney Ad Litem* as a third Appellee, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.'

15. On May 16, 2005, the Supreme Court of Delaware allowed *CASA 's Answer to Motion to Reconsider Order to Withdraw Appearance,* filed by Kristen S. Gibbons, Esquire, *Attorney Ad Litem* to be filed and considered by the Court, in violation of Delaware Supreme Court Rule 7 (c)(8), by expanding the Caption of the Appeal filed, Case No. 558, 2004, to include the *Attorney Ad Litem* as a third Appellee, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

## Cause specific to Kristen S. Gibbons, Esquire, Attorney Ad Litem

*16.* Kristen S. Gibbons, Esquire, is a contracted attorney paid by the State of Delaware, who personally involved herself in Civil Rights as well as HIPAA violations, and is not an employee of the State of Delaware, or acting member of the CASA organization, to whom is not protected by any stipulation of the Eleventh Amendment, or absolute immunity provided to State employees, and where she is obligated by 28 U.S.C. § 1343, to enforce the rights of all parties involved in litigation for which she has entered

8

an appearance, which go to better the rights enjoyed by her client, further libels her to damages for her actions, and where the Court Appointed Special Advocate (CASA), nor the Department of Family Services (DFS) filed any reports recommending any stay of contact between Mr. Buchanan, and his daughter, or any recommendation to terminate parental rights, empowering Ms. Gibbons to act on the behalf of the State, her actions are not integrally related to the judicial process affording her absolute immunity, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

17. Kristen S. Gibbons, Esquire, was appointed by Judge Henriksen of the Sussex County Family Court, of the State of Delaware, to represent the best interest of the minor child Heidi N. Buchanan, who was born on March 10, 1988, and who was removed from her father's care by the Delaware State Police, without cause, on January 29, 2003, where Ms. Gibbons failed to motion the Family Court to return the minor to her father, following an inconclusive evidentiary hearing on February 14, 2003, further violating Delaware Family Court Rules.

18. Kristen S. Gibbons, Esquire, showed personal involvement and wrongdoing while; in violation of 42 U.S.C. §1981, 42 U.S.C. §1983, 28 U.S.C. § 1343, and HIPAA, pertaining to financially disadvantaged the Plaintiff, by not taking action against opposing counsel Thomas E. Gay, Esquire, upon claims before the Family Court, as to Thomas E. Gay, accepting substantial funds for legal fees, which originated from funds on deposit for both Heidi N. Buchanan and her deceased brother Patrick J. W. Buchanan, of which had remained in the fiduciary control of Mr. Gay's client, Barbara H. Buchanan, for which Kristen S. Gibbon's entered a pleading of "it is not the Parent's responsibility to provide a college education".

9

19. Kristen S. Gibbons, Esquire, showed personal involvement and wrongdoing while; in violation of 42 U.S.C. §1985, and 28 U.S.C. § 1343, by conspiring with opposing counsel Thomas E. Gay, Esquire, to continue isolation of the minor child from her father, for a period of time exceeding 2 years, following an inconclusive evidentiary hearing on February 14, 2003, and an incomplete custody hearing on November 29, 2004, an isolation that has continued after the minor turned 18 years of age on March 10, 2006, and is with willful violation of Delaware law, and Family Court procedures governed by the 200 series of Family Court Rules.

20. Kristen S. Gibbons, Esquire, showed personal involvement and wrongdoing while; in violation of 42 U.S.C. §1983, 42 U.S.C. §1985, 28 U.S.C. § 1343, HIPAA Privacy Rule § 164.524 (a), and due process rights guaranteed by the 14th Amendment, when supporting motions of opposing counsel, before the Family Court to stay contact between father and the minor child, without cause, and in violation of the State of Delaware legislative intent, where neither the Department of Family Services, nor the Court Appointed Special Advocate, had filed the necessary reports supporting such action.

21. Kristen S. Gibbons, Esquire, showed personal involvement and wrongdoing while; in violation of 42 U.S.C. §1983, 42 U.S.C. §1985, 28 U.S.C. § 1343, ), in violation of HIPAA Privacy Rule § 164.524 (a), and due process rights guaranteed by the 14th Amendment, by proceeding with a custody proceeding on Plaintiff's petition, with the intent and landscape of a parent rights termination proceeding, and then with disregard for her client's family rights, failed to address the required procedures to cancel such rights, as Office of the Child Advocate had previously briefed to the Delaware Supreme

Court as *Amicus Curiae*, in support of parental rights of an incarcerated felon. *See Supreme Court of Delaware, 803 A.2d 948;2002 Del. Lexis 46.*

22. Kristen S. Gibbons, Esquire, showed personal involvement and wrongdoing while; in violation of 42 U.S.C. §1983, 42 U.S.C. §1985, 28 U.S.C. § 1343, ), in violation of HIPAA Privacy Rule § 164.524 (a), and procedural due process mandated by United States and Delaware Constitutions, by not moving the Family Court to; (1) allow Mr. Buchanan visitation rights, (2) develop a reunification plan, in the shadow of extended court delays, and (3) attempt reunification as an option, before effectively terminating father's parental rights, where such isolation and violation of parental rights is not supported by clear and convincing evidence, goes to support opposing counsel's intent, and is not in the best interest of Heidi. *See Supreme Court of Delaware, No. 498, 2005.*

23. Kristen S. Gibbons, Esquire, showed personal involvement and wrongdoing while; in violation of 42 U.S.C. §1983, 42 U.S.C. §1985, 28 U.S.C. § 1343, ), in violation of HIPAA Privacy Rule § 164.524 (a), and procedural due process of law mandated by United States and Delaware Constitutions, by moving the Delaware Supreme Court in answering brief, Case No. 558, 2004, in violation of Delaware Supreme Court Rule 7 (c) (8), and with total disregard for her client's civil rights, rights of Mr. Buchanan, and the rules of the Delaware Supreme Court, to dismiss father's appeal of Family Court Order pertaining to custody visitation, for appellant (father) being unable to provide a very costly transcript of the Family Court proceedings, in the light of numerous emergency requests for support by father, and further filed answers with the Delaware Supreme Court defending misconduct of Counsel Thomas E. Gay, Esquire, and

11

John F. Brady, Esquire, at the expense of her client's family rights.

24. Kristen S. Gibbons, Esquire, violated conditions enforceable by 28 U.S.C. §
1343, when she failed to defend the rights of her client, and the father's family rights
intended by the Delaware State Legislature, by not initiating reunification, at the time of
her submission of *CASA's Response To Motion For Continuance*, dated June 27, 2003,
Family Court Case No. CS94-3107, in response to Thomas E. Gay's, motion for
continuance of a custody hearing scheduled for August 21, 2003, which extended the
time of separation of the child from her father to over 6 months from the time the child
was removed from Mr. Buchanan's care, and over 9 months from Mr. Buchanan's
petition for custody, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and
42 U.S.C. § 1985.

## Cause specific to Delaware State Police

25. On or about November $1\frac{4}{}$, 2002, two officers of the Delaware State Police,
conspired to arrested, and arrested Mr. Buchanan, followed by one officer detaining,
and bring Mr. Buchanan before a Delaware Magistrate for arraignment, resulting in
an order restraining Mr. Buchanan from attending his place of worship, without cause,
without a signed complaint, and in absence of witnessing any violation of the law, and
further in violation of State and Federal guidelines pertaining to arrest, with tortuous
liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

26. On November 29, 2004, State Police Officer Gray, who had arrested Mr.
Buchanan without cause, then appeared in uniform, at the request of Thomas E. Gay,
Esquire, to testify in Family Court custody proceedings, to questions pertaining to Mr.
Buchanan's arrest, with the intent to discredit Mr. Buchanan character, where claims for

12

damages are enforceable pursuant to 28 U.S.C. § 1343, 42 U.S.C. §1983, and 42 U.S.C. §1985.

*27.* On November 29, 2004, Officer Sherry Benton of the State Police, perjured herself by offering false testimony to Family Court proceedings, by stating that she had no prior contact with Mr. Buchanan, and did not know him personally, in the shadow of her past casual friendship with Mr. Buchanan, which had terminated when her twin sister broke off intimate relations with Mr. Buchanan younger brother, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

*28.* On March 21, 2006, two large male, armed officers of the State Police, in full uniform, showed an unreasonable presents of force, with the intent to intimidate, distract, and prejudice a fair proceeding, by placing themselves immediately behind Mr. Buchanan, pro se, and blocking the exit from the court room, at the commencement of property separation proceedings, where their presents spawned comments from the presiding Judge Henriksen, which would be contained in a court record, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, 42U.S.C. § 1985, and 18 U.S.C. § 1512 (3) (C) (b) (1).

## Cause specific to Georgetown Police

29. On or about August 6, 2003, the Georgetown police detained Mr. Buchanan without cause, while walking from divorce proceedings, causing Mr. Buchanan physical, as well as emotional harm by detaining him in the Sun following Chemo treatments for cancer, where such treatments, and Mr. Buchanan's obvious state of health made him physical fragile to such conditions, where following such harassment one of the officers followed Mr. Buchanan into his nearby Dr.'s office, with tortuous liability enforceable

13

pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

30. The Georgetown Police continue to harass Mr. Buchanan with parking tickets issued in violation of free parking, when Mr. Buchanan accesses the Georgetown Courthouses, and claims such fines against his credit, while Mr. Buchanan is in Bankruptcy, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985, 18 U.S.C. § 1512..

## Cause specific to Seaford Police

31. The Seaford Police, arrested and detained Mr. Buchanan from the parking lot of his cancer treatment facility (Nanticoke Memorial Hospital), preventing his timely treatment of cancer, where it is know that a former secretary for Thomas E. Gay, Esquire, works as a volunteer at the admission desk, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

32. The Seaford Police, detained at the Seaford police department, then transported Mr. Buchanan to Georgetown Courthouse to appear, then left Mr. Buchanan without transportation to return to the hospital, while noticeably ill, which further increasing a risk of harm to Mr. Buchanan, and delaying his treatment, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

## Cause Specific to The Honorable M. Jane Brady Characteristic to Conspiracy

33. The Honorable M. Jane Brady, (Delaware Attorney General) failed to timely dismiss charges resulting from arrest of Mr. Buchanan, causing repeated arrests, and incarceration, where she and her office had knowledge of such issues that were before the Delaware Court system that would cause unwarranted arrest of Mr. Buchanan to occur, and neglected her power to prevent, violating provisions of 28 U.S.C. § 1343, 42

14

U.S.C. §1983, and if at the will or protection of her affiliation with the firm Stumpf, Vickers and Sandy, P.A., with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

34. The Honorable M. Jane Brady, (Delaware Attorney General) failed to discharge the oath of her office, by not pursuing Mr. Buchanan's complaints of felony misconduct by opposing counsel Thomas E. Gay, and his firm, pursuant to 28 U.S.C. § 1343, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

35. The Honorable M. Jane Brady, (presiding Superior Court Judge) interfered with the timely proceedings, pursuant to 28 U.S.C. § 1343, by not publishing reasons for her to Recuse as 2nd presiding Judge in litigation of Buchanan v. Gay, Delaware Superior Court Case No. 06C-01-002, which go to identify the Superior Court's recognition of sets of circumstances for which Mr. Buchanan can prevail. Date of assigning Memorandum appointing Judge Brady dated March 10, 2006 (18th birthday of Heidi N. Buchanan), with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

## Cause specific to John F. Brady, Esquire

36. On February 18, 2005, filed an entry of appearance on behalf of Appellee (Barbara H. Buchanan) in the Supreme Court of Delaware, Case No. 558, 2004, following his recent representation of David J. Buchanan, on matters closely associated with matters before the Delaware Family Court, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

37. On February 28, 2005, Appellant (David J. Buchanan), Case No. 558, 2004, motioned the Supreme Court of Delaware to reconsider order to withdraw appearance Thomas E. Gay, Esquire, where John F. Brady, Esquire, had been counsel for Mr.

15

Buchanan, and would be in fiduciary conflict with Mr. Buchanan's best interests if Mr.

Brady continued to represent the Appellee, and where Thomas E. Gay, Esquire, failed to

present good cause to be dismissed as counsel on appeal, with tortuous liability

enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

## Cause specific to Thomas E. Gay, Esquire, Thaila J. Gay, and the firm of Stumpf, Vickers, and Sandy, P.A.

38. On or about _____, 2003, Thomas E. Gay, Esquire with malice caused

defamation of Mr. Buchanan's character when he signed, and forwarded a letter typed

on stationary displaying the title of the law firm Stumpf, Vickers, & Sandy, PA, to

presiding Family Court Judge, the Honorable Judge John E. Henriksen, wrongfully

accusing David J. Buchanan of felony theft of an automobile, which later appeared in an

opinion published by the Honorable Judge John E. Henriksen, with tortuous liability

enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

39. On or about March 18, 2003, Thomas E. Gay, Esquire caused severe emotional

harm to both Heidi N. Buchanan and David J. Buchanan, after gaining knowledge of

Mr. Buchanan's hospitalization for a life threatening disease (Cancer), by and through

his client's access to TRICARE billing information, in violation of HIPAA Privacy Rule

§ 164.524 (a), and with the contemptuous intent to use such information in a suit before

the Delaware Family Court, filed with Malum In Se, and malice, an emergency motion to

Stay all contact between Mr. Buchanan, and his daughter Heidi N. Buchanan, with

tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

40. On or about March 18, 2003, , Thomas E. Gay, Esquire caused severe emotional

harm to both Heidi N. Buchanan and David J. Buchanan after gaining knowledge of Mr.

Buchanan's hospitalization for a life threatening disease (Cancer) by and through his

16

client's access to TRICARE billing information, in violation of HIPAA Privacy Rule §
164.524 (a, filed with Malum In Se, and malice with the intent to unconstitutionally
impair mortgage contracts, an Emergency Motion to List and Sell the Marital Home,
without consideration of his clients ability to maintain the property pending property
separation, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C.
§ 1985.

41. On or about September 3, 2004, Thomas E. Gay, Esquire failed to observe
Federal Bankruptcy Laws when after gaining knowledge that Mr. Buchanan had filed
for protection under Federal Bankruptcy Laws in Bankruptcy Court in and for the
District of Delaware, mislead with malice, the presiding Judge during an evidentiary
Hearing as to conditions of Bankruptcy Rule 362 -Automatic Stay, pertaining to Alimony
proceedings, and has effectively delayed any alimony proceeding to the date of March 9,
2006, causing further financial damage to Mr. Buchanan by impairing payment of
mortgage contracts guaranteed by Barbara H. Buchanan, and violating the intent of 42
U.S.C. § 1981, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and
42U.S.C. § 1985.

42. On or about September 3, 2004, Thomas E. Gay, Esquire Disadvantaged the
Opposing party when after gaining knowledge that Mr. Buchanan had issued a Subpoena
for Barbara H. Buchanan to provide herself, the minor child Heidi N, Buchanan, as well
as financial documents to an Emergency evidentiary hearing pertaining to interim
alimony and Health Care Benefits (TRICARE), with the intent to Quash a subpoena after
Mr. Gay directed his client not to appear, entered a letter into evidence with the Court
displaying the Honorable Judge John E. Henriksen's signature and opinion, published

17

while the Judge was in private Practice, preventing a motioned default Judgment for interim alimony to protect Federal TRICARE benefits, further violating 18 U.S.C. § 245, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

43. The Firm of STUMPF, VICKERS, & SANDY, P.A. caused to direct the Georgetown Police by placing a phone call to harass Mr. Buchanan with out provocation (requested assistance), and detain in heat of the Sun immediately following Family Court Proceedings while Mr. Buchanan was noticeably ill from Chemo Therapy, violating civil rights guaranteed by Amendment XIV, Section 1 of the U.S. Constitution, by depriving Mr. Buchanan of life, and liberty, without due process of law, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

44. On or about November 14, of 2004, Thomas E. Gay, Esquire, Disadvantaged the Opposing party when after gaining knowledge that Mr. Buchanan had issued a Subpoena to Dr. Wilson III to testify in custody proceeding, contacted, discussed, coached, conspired, and further compromised the testimony of the expert expected to testify in a custody proceeding, with willful violation of 42 U.S.C. § 1983, and 42 U.S.C. § 1985, while using the offices of the law firm Stumpf, Vickers, & Sandy, PA..

45. Thomas E. Gay, Esquire, violated the Plaintiff's Civil Rights guaranteed by the 5th, 8th, and 14th amendments of the U.S. Constitution when he petitioned, motioned, conspired, and further exploited the best interests of his client, Heidi N. Buchanan, by violating her civil right to contact her father, further prejudicing the relationship between father and daughter by motioning the Court to prevent any contact between father daughter for a period of time (6 months) that exceeds Delaware Law, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

18

46. Thomas E. Gay, Esquire, and his wife, violated the Plaintiff's Civil Rights guaranteed by the 5th, 8th, and 14th amendments of the U.S. Constitution, and all laws enforcing HIPAA, by accepting medical information from Beebe Hospital, by and through his wife/nurse Thaila J. Gay of 424 Savannah Road, Lewis Delaware, in the light that she breached her fiduciary duty to Mr. Buchanan as an employee of Mr. Buchanan's medical treatment provider by failing to notify her employer, the Family Court, and most importantly Mr. Buchanan (a patient of Beebe Hospital) of her omission of conflict in providing medical services, to Mr. Buchanan either directly or indirectly by and through her place of employ, where her marital relation to Thomas E. Gay, Esquire, the attorney of record in opposition to Mr. Buchanan in domestic issues, advantaged the Gays' profit by the financial dissolve of Mr. Buchanan's assets during his treatment of cancer at Beebe Hospital. Mrs. Gay's omission of conflict further imputes liability on herself for the actions of her Husband Thomas E. Gay, Esquire, by engaging in *Malum In Se* conduct involving dishonesty, fraud, deceit, and/or misrepresentation, omission of conflict, where his wife maintained employment at the health care facility to which Mr. Buchanan depended on for treatment of Cancer, and which enabled Mr. Gay to access Mr. Buchanan's medical records by and through his Wife's employ, imputing liability on himself for actions of his wife, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

47. Mrs. Thaila Joan Gay has been entrusted as an employee of Beebe Hospital, with the confidences and circumstances of all patients of the Hospital, in which a client/patient would be entitled to repose, confidence and trust, and where Mrs. Gay has

19

ample opportunity to invade the privacy of Mr. Buchanan to assist her husband Thomas E. Gay, Esquire, for personal gain, shows a willful violation of a fiduciary, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

48. While employed as a nurse at Beebe Hospital, Thaila J. Gay, violated the guidelines of patient care by causing severe emotional harm to Mr. Buchanan, by failing to notify Mr. Buchanan of her access to medical records, insurance records, treatment schedules, and any other information that pertains to Mr. Buchanan's treatment, and treatment at Beebe Hospital, to which her husband has made such records an issue of in Family Court proceedings, showing a willful violation of a fiduciary, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

49. While employed as a nurse at Beebe Hospital, Thaila J. Gay, violated the guidelines of patient care causing severe emotional harm as a result of loss of right of family and privacy to Mr. Buchanan, when Thomas E. Gay, Esquire, imputed his professional responsibility on his wife, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

50. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father, and to conceal child abuse occurring in the care of his client Barbara H. Buchanan, Mr. Gay breached his fiduciary duty to the minor in support of claims by another client to the Family Court, with affidavit taken directly from the minor child, giving the minor and the Court the impression that he was counsel for the child, when providing his signature on the motions filed in accordance with Family Court Rule 11 (a), where Mr. Gay would be considered the attorney of record, and where Mr. Gay

20

has been entrusted with the child's confidences and circumstances, in which a client would be entitled to repose, confidence, and trust including protection from abuse, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

51. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to identify to the Supreme Court "good cause" to be given leave of Court in these proceedings on appeal pertaining to custody, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

52. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to provide notice to Barbara H. Buchanan, Heidi N. Buchanan, David J. Buchanan, or the Family Court of possible conflict in any matter, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42U.S.C. § 1985.

53. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by not disclosing attorney conflict, as defined by Rule 1.7 of the Delaware Lawyer Rules of Profession Conduct, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

54. Stumf, Vickers, & Sandy, P.A., here and throughout to be referred to as the "Firm", caused loss of rights and financial support from Barbara H. Buchanan by failing to make reasonable efforts to ensure effective measures were in place to ensure that Thomas E. Gay, Esquire, a member of the Firm, complied with the Rules of Professional Conduct in violation of Rule 5.1 (c) (2), where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

55. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father violating rights guaranteed by the 5th, 8th, and 14th

21

Amendments to the U.S. Constitution, and to cause financial harm to Mr. Buchanan, Mr. Thomas E. Gay. Esquire, with *Malum In Se*, engaged in conduct involving dishonesty, fraud, deceit, and/or misrepresentation, by filing knowingly misleading and grossly incorrect financial disclosure of his clients, on the Form 16 (c), with the Family Court, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

56. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father violating rights guaranteed by the 5th, 8th, and 14th Amendments to the U.S. Constitution and to cause financial harm to Mr. Buchanan, Mr. Gay engaged in *Malum In Se* conduct involving dishonesty, fraud, deceit, and/or misrepresentation, by filing knowingly misleading and grossly incorrect emergency motions requesting the liquidation of (emergency motions not addressed or permitted by Family Court Rules) Real Estate utilized by Mr. Buchanan for home and employ, during a period of time that Mr. Buchanan was incapacitated with emergency medical care, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

57. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father violating rights guaranteed by the 5th, 8th, and 14th Amendments to the U.S. Constitution, with willful violation of due process of law, and to cause emotional harm to Mr. Buchanan, Mr. Gay with Malum In Se, engaged in conduct involving dishonesty, fraud, deceit, by filing knowingly misleading and grossly incorrect emergency motion requesting a stay of contact between Mr. Buchanan and his daughter Heidi, during a period of time that Mr. Buchanan was incapacitated with emergency

22

medical care, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

58. In an attempt to further his case in Family Court, Mr. Gay had knowledge of, and seemingly directed the action of State Police to antagonize Mr. Buchanan with false arrest, detention, harassment, and treatment that prevented Mr. Buchanan access to medical facilities while seeking treatment for cancer, further violating rights guaranteed the Buchanan's by the 5th, 8th, and 14th, amendments of the U.S. Constitution, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

59. In an attempt to further his case in Family Court, Mr. Gay with the assistance of his wife, gained knowledge of, and seemingly directed the action of law enforcement agencies to interrupt medical treatment with wrongful arrest, causing an increased risk of harm to Mr. Buchanan, which may have resulted in death, where such tortuous liability is enforceable pursuant to where such tortuous liability is enforceable pursuant to 18 U.S.C. § 245, 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

60. In an attempt to further his case in Family Court, Mr. Gay, engaged in conduct involving dishonesty, fraud, deceit, and/or misrepresentation, and violating Title 11 § 1269 of Delaware Code, by tampering with physical evidence, where it is a record of the Family Court that on September 3, 2004, Mr. Gay entered testimony and documents to the Court in an attempt to dismiss his client from appearing, as well as from providing financial documents that were requested by subpoena duces tecum, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

61. In an attempt to further his case in Family Court, Mr. Gay,  engaged in conduct involving dishonesty, fraud, deceit, and/or misrepresentation , by directly addressing the

23

presiding Judge Henriksen by letter captioned with heading of Stumpf, Vickers, & Sandy, P.A., causing defamation of Mr. Buchanan's character by accusation of felony auto theft, where Judge Henriksen later published an induced evil opinion of Mr. Buchanan pertaining to Mr. Gay's unfounded accusation of theft, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

62. In an attempt to further his case in Family Court, Mr. Gay, engaged in conduct involving dishonesty, fraud, deceit, libeling him with derivative **tort**, and further violated Mr. Buchanan's 5th amendment right to privacy, as well as HIPAA, by accessing Mr. Buchanan's medical billing information at Nanticoke Memorial Hospital by and through his client Barbara H. Buchanan, where such tortuous liability is enforceable pursuant to 42 U.S.C. §2000d, 42 U.S.C. § 1983, and 42 U.S.C. § 1985, where TORT "IS COMMITTED WHEN THE ACTOR EMPLOYS LEGAL PROCESS IN A MANNER TECHNICALLYCORRECT, BUT FOR A WRONGFUL AND MALICIOUS PURPOSE TO ATTAIN ANUNJUSTIFIABLE END. *See WHEELDIN V. WHEELER, 373 U.S. 647.*

63. In an attempt to further his case in Family Court, and to avoid litigation on Appeal of matters in Delaware Supreme Court, Case No. 558, 2004, Mr. Gay engaged in conduct prejudice to the administration of justice, by withdrawing as counsel responsible for briefs on appeal without good cause, and has further abused the legal process of court by procuring "the issuance of valid, authorized legal process, albeit with a wrongful intention and for an unjustifiable end." *See WHEELDIN V. WHEELER, 373 U.S. 647,* where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

24

64. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to identify and safeguard funds belonging to a client, also represented by CASA attorney *ad litem* (Kristin Gibbons, Esquire), after claim of such funds were maid in Family Court proceedings, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

65. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to return or deliver funds belonging to a client, represented by CASA attorney *ad litem*, after claim of such funds were made in Family Court proceedings, and where Mr. Gay, Esquire, possessed accounting that reflects the amount of such funds belong to the minor. *See Pepper v. Litton, 308 U.S. 295*, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

66. Mr. Gay violated the rights of the minor child to have contact with her father, and the right of the father to have contact with his child guaranteed by the U.S. Constitution during the treatment of a life threatening disease, by engaging in conduct involving dishonesty, fraud, deceit, when moving the Family Court to stay contact between father and child, while Mr. Buchanan was undergoing emergency medical attention preventing a lucid pro se response, where Mr. Gay had gained knowledge of such treatment by and through his client Barbara H. Buchanan, violating HIPAA, and acted with MALA IN SE, where according to Blackstone, are offenses against "(THOSE) RIGHTS THEN WHICH GOD AND NATURE HAVE ESTABLISHED, AND ARE THEREFORE CALLED NATURAL RIGHTS, SUCH AS ARE LIFE AND LIBERTY, THEE WORSHIP OF GOD, THE MAINTENANCE OF CHILDREN, AND THE LIKE." THEY ARE "CRIMES AND MISDEMEANORS, THAT ARE FORBIDDEN BY THE SUPERIOR

25

LAWS, AND THEREFORE STYLED MALA IN SE". *See JORDAN V. DE GEORGE,*
*341 U.S. 223,* where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983,
and 42 U.S.C. § 1985.

67. Mr. Gay violated the rights of the minor child by withholding repose expected of
an attorney, when continuing to litigate domestic proceeding during Mr. Buchanan's
treatment of a life threatening disease, acing in Malum in se where the issuance of a
certificate of divorce cancelled any and all health care benefits previously enjoyed by Mr.
Buchanan, and made any life insurance as a result of unsuccessful treatment of Mr.
Buchanan's disease null and void, where damages would exceed $500,000. *See*
*JORDAN V. DE GEORGE, 341 U.S. 223,* where such tortuous liability is enforceable
pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

68. At the expense of all involved including the best interest of Barbara H. Buchanan,
Mr. Gay has abused his fiduciary responsibility to both his clients and the Family Court,
by litigating a divorce that severely libels all parties with irreparable financial harm, loss
of established financial securities enjoyed through insurance, and has interfered with the
right of the Buchanan's to plan their own affairs, and shape their own life as they think
best. *See Pepper v. Litton, 308 U.S. 295, Eisenstadt v. Baird, 405 U.S. 438,* where such
tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

69. In violation of the expected conduct of lawyers, as well as rules of civil
procedure, Thomas E. Gay, Esquire, has failed to update discovery requested in matters
pertaining to Family Court, and the Bankruptcy Court for the District of Delaware, as to
the location of persons having knowledge of discoverable matters, and for responses of
discovery requests that he has knowledge of being incorrect or no longer true. *See*

26

*HICKMAN V. TAYLOR, 329 U.S. 495,* where such tortuous liability is enforceable
pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

70. In violation of the expected conduct of lawyers and fiduciaries, as well as rules of
civil procedure, Thomas E. Gay, Esquire, has caused unreasonable delay in settlement of
ancillary matters, causing irreversible financial damage to all parties of this litigation, by
frivolous litigation and failure to state a claim as the foundation of a "planned and
fraudulent scheme", in an attempt to exhaust funds from all parties of this litigation. *See
Pepper v. Litton, 308 U.S. 295,* where such tortuous liability is enforceable pursuant to 42
U.S.C. § 1983, and 42 U.S.C. § 1985.

71. In violation of the expected conduct of lawyers, as well as rules of civil
procedure, Thomas E. Gay, Esquire, has caused unreasonable circumstance of loss of
Parental contact with his remaining minor child, loss of spousal support, and the loss of
medical benefits providing health care by omission of pertinent facts, to the Family
Court, as well as facts requested through examination by the Bankruptcy Court for the
District of Delaware, and by causing unnecessary delay in *spousal support* hearings by
misleading the presiding Judge Henriksen during a evidentiary hearing on September 3,
2004, where the Gay's seemingly intended to abuse their access to inside information and
it's clandestine use for personal profit. *See WOLF V. WEINSTEIN 372 U.S 633,* where
such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

72. In violation of the expected conduct of lawyers, as well as rules of civil
procedure, Thomas E. Gay, Esquire, has caused unreasonable circumstance of loss of
money belonging to the minor child's coffer by omission of pertinent facts, to the Family
Court, as well as omission of facts requested through examination by the Bankruptcy

27

Court for the District of Delaware, for personal gain. *See CF. MICHOUD V.GIROD, 4 HOW. 503, 556-560; WEIL V. NEARY, 278 U.S. 160; MAGRUDER V. DRURY, 235 U.S. 106, 119-120; WOLF V. WEINSTEIN 372 U.S 633,* where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

73. In violation of the expected conduct of lawyers, as well as conduct expected from a medical care provider, Mr. and Mrs. Gay have violated norms of human conduct, and in contempt for canons of decency attacked Mr. Buchanan's natural rights to; life, liberty, home, physical health, emotional health, privacy, financial freedom, family, property, access to court, and have been most instrumental in preventing Mr. Buchanan from directing his child's education and development of religion. *See MINERSVILLE DISTRICT V. GOBITIS, 310 U.S. 586; CANTWELL V. CONNECTICUT, 310 U.S. 296, OLMSTEAD V. UNITED STATES, 277 U.S. 438, 478,* where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

74. In violation of the expected conduct of lawyers, as well as conduct expected from a medical care provider, Mr. and Mrs. Gay have violated norms of human conduct, and in contempt for canons of decency attacked Mr. Buchanan's natural rights to; life, liberty, home, physical health, emotional health, privacy, financial freedom, family, property, access to court, and were successful in moving the Family Court in and for Sussex County Delaware, to impose conditions on the Plaintiffs that are penal in nature and which are described as "CRUEL AND UNUSUAL" punishment in a civilized community, in violation of the 8th amendment of the U.S. Constitution. *See TROP V. DULLES, 356 U.S. 86,* where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

**WHEREFORE,** The above captioned Petitioner, David J. Buchanan, Pro Se, and in defense of his Constitutional rights, hereby respectfully requests that the Court, consider all the claims within, and order respondents to pay an award of Punitive Damages in the amount of **Six Hundred Million Dollars** ($600,000,000) to compensate David J. Buchanan for the willful taking of civil rights, willful violation of due process of law, intentional infliction of severe emotional harm by all tortfeasors captioned in this suit, distress, and loss of quality of life by infringing on his civil rights guaranteed by both Delaware and U. S. Constitutions, by and through the actions of the Delaware Supreme Court, Delaware Family Court, Kristen S. Gibbons, Esquire (attorney contracted and paid by the State of Delaware), and other members of the Delaware Bar; Thomas E. Gay, Esquire, John F. Brady, Esquire, and the Honorable Judge Jane M. Brady.

DAVID J. BUCHANAN, Petitioner
34806 Hudson Road, Laurel DE 19956
Dated: 11/25/06

29

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
David J. Buchanan

**DEFENDANTS**
See Attached cover sheet attachment

**(b)** County of Residence of First Listed Plaintiff   Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)
34806 Hudson Rd
Laurel De 19956

County of Residence of First Listed Defendant   Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
302 895 1362

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
3 U 5 C S 2 4 3 , 1 5 1 2 , H I P P A , 42 U S C S 1 9 8 1 , 1 9 8 2 , 1 9 8 3 , 1 9 8 5
Brief description of cause:
Conspiracy to deprive civil rights

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  600,000 000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
Nov 27, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CIVIL COVER SHEET ATTACHMENT
(ATTACHMENT)

DEFENDANTS

1) Thomas E. Gay, Esquire, 8 West Market Street. Georgetown DE, 19947

2) Thaila J. Gay, 424 Savannah Rd, Lewis DE, 19958

3) The firm of Stumf, Vickers, and Sandy, P.A., Georgetown DE 19947

4) Kristin S. Gibbons, Esquire, CASA Attorney *ad litem*, physical address unknown at the time of petition.

5) John F. Brady, Esquire, Georgetown DE, 19947

6) State of Delaware

7) Delaware State Police

8) Seaford Police

9) Georgetown Police

10) Delaware Family Court, 22 the Circle, Georgetown DE, 19947

11) The Honorable Jane M. Brady, Delaware Superior Court Judge

JS 44 Attachment

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 7 1 1 ___

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR  AO  FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____15____ COPIES OF AO FORM 85.

NOV 2 7 2006

_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_David J. Buchanan_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action