IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

06 - 7 1 1

DAVID J. BUCHANAN, PRO SE
34806 HUDSON ROAD
LAUREL, DELAWARE 19956

i

## TABLE OF CONTENTS

| | Page No. |
|---|---|
| TABLE OF CONTENTS | ii |
| TABLE OF CITATIONS | iii |
| FEDERAL STATUTES | iv |
| STATE STATUTES | v |
| DELAWARE SUPREME COURT RULES | v. |
| OPENING BRIEF | vi-ix |
| PETITION | 1-29 |
| JURISDICTION | 2 |

## TABLE OF CITATIONS

| CASES | Page No. |
|---|---|
| SUPREME COURT OF THE UNITED STATES 435 U.S. 247; 98 S. Ct. 1042; 55 L. Ed 2d 252; 1978 U.S. LEXIS 69 | 5 |
| SUPREME COURT OF DELAWARE, 803 A.2d 948; 2002 Del. LEXIS 46 | 11 |
| SUPREME COURT OF DELAWARE, No. 498, 2005 | 11 |
| WHEELDIN v. WHEELER, 373 U.S. 647 | 24 |
| PEPPER v. LITTON, 308 U.S. 295 | 25 – 27 |
| JORDAN v DE GEORGE, 341 U.S. 223 | 26 |
| EISENSTADT v. BAIRD, 405 U.S. 438 | 26 |
| HICKMAN v. TAYLOR, 329 U.S. 495 | 27 |
| WOLF v. WEINSTEIN, 372 U.S. 633 | 27, 28 |
| CF. MICHOUD v. GIROD, 4 HOW. 503, 556-560 | 28 |
| WEIL v. NEARY, 278 U.S. 160 | 28 |
| MAGRUDER v. DRURY, 235 U.S. 106, 119-120 | 28 |
| MINERSVILLE DISTRICT v. GOBITIS, 310 U.S. 586 | 28 |
| CANTWELL v. CONNECTICUT, 310 U.S. 296 | 28 |
| OLMSTEAD v. UNITED STATES, 277 U.S. 438, 478 | 28 |
| TROP v. DULLES, 356 U.S. 86 | 28 |

## FEDERAL STATUTES

Page No.

Health Insurance Portability and Accountability Act (HIPAA) ..................... 1-2, 8-25

HIPAA Privacy Rule § 164.524 (a) ............................................... 10, 11

5th, 8th and 14th Amendments of the Constitution ............................. 2, 6-7, 22-23

42 U.S.C. § 2000d–7 ............................................................. 3

42 U.S.C. § 1320a–7b ........................................................... 3

42 U.S.C. §1983 ................................................................ 4-28

42 U.S.C. § 1985 ............................................................... 5-28

42 U.S.C. § 1981 ............................................................... 5-28

42 U.S.C. §1982 ................................................................ 6-28

42 U.S.C. § 2000d-4a ........................................................... 7

28 U.S.C. § 1343 ............................................................... 6, 8

18 U.S.C. § 245 (B)(1)(b) ...................................................... 7, 18

18 U.S.C. § 1512 (3) (C) (b) (1) ............................................... 13, 14

Article IV of the U.S. Constitution ............................................ 7

## STATE STATUTES

Page No

Title 11 § 1269............................................................................ 7

## DELAWARE SUPREME COURT RULES

Court Rule 7 (c)(8) ................................................................... 7, 8

Court Rule 29 (b) ...................................................................... 7

## **OPENING BRIEF**

Upon the filing of the attached Petition, plaintiff David J. Buchanan a resident of the State of Delaware, seeks punitive damages in the amount of Six Hundred Million Dollars ($600,000,000), to compensate him for numerous violations of his civil rights by the State of Delaware, by and through agencies and individuals of the Delaware Family Court, Court Appointed Child Advocate (CASA) attorney *ad litem*, Delaware State Police, Georgetown Police, Seaford Police, The Honorable Jane M. Brady, and the Delaware Supreme Court, to include attorneys and their firms, known as Thomas E. Gay, Esquire, and his wife, Kristen S. Gibbons, Esquire, John F Brady, Esquire, of who have conspired and moved such agencies, in violation of due process of law, to achieve an outcome which has caused irreversible loss of rights, including estrangement from his child for a period of time exceeding three and a half years, loss of federal health care benefits during treatment of a life threatening disease, wrongful arrest, wrongful incarceration, increasing the risk of harm by impairing access to health treatment, harassment, and impairing fair access to court affecting due process of law.

The non-estimable events surrounding a divorce of the plaintiff and his wife Barbara H. Buchanan, began when the plaintiff began to display symptoms associated with severe health problems, on or about August 20, 2002. In the shadow of Mr. Buchanan's failing health, the couple experienced marital separation, which seemed to severely impact on their son's emotional well being, resulting in what has been dismissed as death by self inflicted gun shot, while in the sole care of his mother Barbara H. Buchanan. Following the death of the Buchanan's son, the party's daughter began to live with Mr. Buchanan, motivating Mr. Buchanan to file a petition for custody in the

Delaware Family Court in November of 2002. On or about January 15, 2003, Mr. Gay, Esquire filed a petition for divorce with the Delaware Family Court. On January 29, 2003, Ms. Buchanan filed an emergency motion with the Family Court, to obtain sole custody of the party's daughter, followed by the Delaware State Police entering Mr. Buchanan's Delaware home, and removing the child, to be transported to Bolling AFB, Washington D.C.. Following a period of 14 days, where the child had not been made available for visitation with her father pursuant to the emergency court order, followed by an inconclusive evidentiary hearing, where the party's agreed to subject themselves to psychiatric evaluations. On March 18, 2003, Mr. Buchanan entered Nanticoke Memorial Hospital, with life threatening complications due to Hodgkin's Lymphoma, where he placed an emergency call to his daughter at her Washington D.C. address. With the call intercepted by Mrs. Buchanan, who then placed call to Nanticoke Memorial Hospital, impatient billing department, verifying Mr. Buchanan's hospitalization, followed by notifying her attorney Thomas E. Gay, Esquire, who responded by filing emergency motions to stay contact between Mr. Buchanan, and his daughter, and an emergency motion to sell real estate, on or about the same day as Mr. Buchanan entered emergency care.

    Following nearly two years of isolation from his daughter, several arrests, incarcerations, ongoing harassment by opposing counsel, Mr. Buchanan, pro se, arranged service of subpoena on the court appointed psychiatrist Dr. Wilson, III, PhD, of Dover Delaware, to appear at a custody hearing on November 29, 2004. During the first day of the custody hearing, it had become apparent that Mr. Gay had contacted Dr. Wilson, to discuss testimony prior to appearing for the hearing. Following testimony by Delaware

State Police Officers pertaining to arresting Mr. Buchanan without a warrant, or signed complaint, and arguments involving the CASA attorney *ad litem,* pertaining to the use of the minor children's coffers for Mr. Gay's fees, at the conclusion of the first day of the hearing, Mr. Buchanan motioned the Court to allow him to take his daughter home for the night, in preparation for the second day of testimony, motivating the presiding Judge Henriksen to issue an opinion of **"I have heard enough today to keep you from seeing your daughter until she turns 18".** At the beginning of the second day of testimony, Mr. Buchanan terminated questioning of Ms. Buchanan, verified that Mr. Gay had contact with Dr. Wilson by phone after service of subpoena, and withdrew his petition for Custody. The resulting Order, stayed all contact between Mr. Buchanan and his daughter, unless she wished to have therapeutic visitation with her father at Dr. Wilson's Dover office, at a cost of $125 per hour.

Several months pasted before Dr. Wilson returned any phone calls from Mr. Buchanan, and several more months pasted before Mr. Buchanan was placed in contact with his daughter prior to her mother taking the child to Germany for the 2005 Holidays.

Following extensive litigation between the Buchanan's pertaining to property division, Mr. Buchanan filed for Bankruptcy on August 24, 2004, to protect his home from both foreclosure, and emergency sale by the Family Court.

During an evidentiary hearing on September 3, 2004, of which 30 minutes was allotted to hear matters pertaining to Mr. Buchanan's emergency petition to secure spousal support in the form of continued health care, Mr. Gay presented arguments defending his clients absence, and failure to produce financial records, both of which had been requested by subpoena, in addition to arguments requesting stay of any support

hearings, due to Mr. Buchanan's recent filing of Bankruptcy pursuant to Title 11, Section 362, where the presiding Judge Henriksen, then failed to enforce subpoena *duces tecum*, and wrongfully dismissed Mr. Buchanan's emergency petition for support due to Bankruptcy.

On March 15, 2006, the Family Court issued an order dismissing Mr. Buchanan's request for alimony/support with prejudice, and then conducted a two day hearing to determine property separation. On April 18, 2006, counsel for Ms. Buchanan, James B. Tyler, III, Esquire, filed with the Bankruptcy Court, a copy of the Family Court property division order for consideration, in the absence of any *"Claim"* filed with the bankruptcy Court. On August 21, 2006, Mr. Tyler, filed Family Court Order, pertaining to attorney fees with Bankruptcy Court, for consideration, in the absence of any *"Claim"* filed with the Bankruptcy Court. On October 24, 2006, in response to Mr. Buchanan's motions to the Bankruptcy Court, the Honorable Judge Fitzgerald, advised Mr. Tyler, that his client must submit a *"Claim"* to enjoy in any distribution of the estate, and that any *"Claim"* would be considered an unsecured, non-priority claim, due to being filed late.

This complaint comes in the wake of action in the Delaware Court of Chancery, Delaware Superior Court, Delaware Family Court, Federal Bankruptcy Court, and associated appeals in the Delaware Supreme Court, where opposing counsel, as well as counsel paid by the State of Delaware, violated the plaintiffs civil rights, violated court rules, and the intent of the Delaware Legislature in procuring an outcome favorable to justifying their legal fees, and the liquidation of Mr. Buchanan home and estate.