IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

DAVID J. BUCHANAN,                          )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )        Civ. A. No. 06-711-SLR
                                            )
THOMAS E. GAY; THAILA J. GAY;               )
THE HONORABLE M. JANE BRADY;                )
KRISTEN S. GIBBONS; DELAWARE                )
STATE POLICE; GEORGETOWN POLICE;            )
SEAFORD POLICE; JOHN BRADY;                 )
DELAWARE FAMILY COURT OF THE STATE          )
OF DELAWARE; THE STATE OF DELAWARE;         )
and THE LAW FIRM OF STUMPF VICKERS          )
& SANDY, P.A.,                              )
                                            )
                    Defendants.             )

**DEFENDANTS' THOMAS E. GAY's AND STUMPF VICKERS & SANDY, P.A.'s**
**MOTION FOR DISMISSAL PURSUANT TO FED. CIV. R. P. 12(b)(6)**

COMES NOW Defendants Thomas E. Gay, Esquire, and the law firm of Stumpf Vickers

& Sandy, P.A. (*collectively referred to hereinafter as* "SVS" *unless otherwise disambiguated*)

and pursuant to Fed. R. Civ. P. 12(b)(6) requests this Honorable Court for an Order dismissing

the *Petition to Award Damages for; Breach of Fiduciary Duty, Medical Malpractice by*

*Fiduciary, Violation of HIPAA, Defamation of Character, Derivative Tort, Infliction of Severe*

*Emotional Distress and Harm, Litigation Conducted in Malum in se, Failure to Observe Federal*

*Bankruptcy Laws, Violation of Civil Rights, False Arrest, False Imprisonment, Disadvantaging*

*an Opposing Party by Misleading a Presiding Judge, Abuse of Process, Errors and Omissions*

(D.I. # 2) (*hereinafter* "the *Complaint*"), of Plaintiff David J. Buchanan (*hereinafter*

"Buchanan"), and offers in support thereof the following, to wit:

1.    Federal Rule of Civil Procedure 12(b) provides that "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

2.    Plaintiff Buchanan's claims against Thomas E. Gay, Esquire, and his law firm Stumpf Vickers & Sandy, P.A., fail to state any claim upon which relief may be granted as they are barred by the doctrine of *res judicata*, having been the subject of a prior complaint filed by the same Plaintiff, with the identical caption, making identical allegations and averments of fact, in the Superior Court of the State of Delaware and captioned *Petition to Award Damages for Breach of Fiduciary Duty, Medical Malpractice, Defamation of Character, Derivative Tort, Infliction of Sever Emotional Distress and Harm, Litigation Conducted in Malum in se, Failure to Observe Federal Bankruptcy Laws, Violation of Civil Rights, Disadvantaging an Opposing Party by Misleading a Presiding Judge, Abuse of Process, Errors and Omissions*, Del. Super., Civ. A. No. 06C-01-002 MMJ, (Exhibit A hereto), (*hereinafter* "the Superior Court Complaint*"), which matter was heard on the merits and dismissed by Superior Court with prejudice as stated within the Superior Court's *Memorandum Opinion* dated September 21, 2006. (Exhibit B hereto).  Although Buchanan filed an appeal from Superior Court's dismissal with prejudice, as a matter of law, the Superior Court's *Memorandum Opinion* is a final order unless or until it is reversed and remanded, and *res judicata* applies to bar Buchanan's identical claims against SVS in this Court.

3.    Under established Third Circuit law:

The affirmative defense of *res judicata* . . . requires that the party asserting such a bar bear the burden of showing that it applies . . . .  Application of the claim

> preclusive aspect of the *res judicata* doctrine requires a showing by [defendant]
> that there has been (1) a final judgment on the merits in a prior suit involving (2)
> the same parties or their privities and (3) a subsequent suit based on the same
> causes of action.

*United States of America v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3rd Cir. 1984) (internal

citations omitted).

4.      In determining whether *res judicata* applies to bar a subsequent law suit, the

Court looks to "(1) whether the acts complained of and the demand for relief are the same (that

is, whether the wrong for which redress is sought is the same in both actions) . . . ; (2) whether

the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are

the same . . . ; and (4) whether the *material* facts alleged are the same." *Id*. at 984 (emphasis as

in original).

5.      Importantly, the Third Circuit "recognize[s] that merely because the [plaintiff]

relied on different statutes in each action does not, in and of itself, render its claims different

causes of action for *res judicata* purposes. . . .  Nor is it dispositive that [the plaintiff] asserts a

different theory of recovery or seeks different relief in the two actions. . . .  Thus, the focal points

of our analysis are whether the acts complained of were the same, whether the material facts

alleged in each suit were the same and whether the witnesses and documentation required to

prove such allegations were the same." *Id*. (internal citations omitted).  *Accord, Household Int'l,*

*Inc. v. Westchester Fire Ins. Co.*, 286 F.Supp.2d 369, 373-75 (D. Del. 2003) (applying *Athlone*

analysis and finding no *res judicata* bar under separate theories against parties not in privity).

6.      Plaintiff Buchanan's *Complaint* herein identifies "Cause[s] specific to Thomas E.

Gay, Esquire, Thaila J. Gay,[1] and the firm of Stumpf, Vickers and Sandy, P.A." at ¶¶38-74.  That

this *Complaint* asserts claims <u>identical</u> to the Superior Court *Complaint* is shown as follows:

---

[1] Thaila J. Gay is represented by separate Counsel who will be appearing and defending on her behalf.

| United States District Court *Complaint* (D.I. #2) | Delaware Superior Court *Complaint* (Exh. A hereto) |
|---|---|
| ¶38: "Thomas E. Gay, Esquire with malice caused defamation of Mr. Buchanan's character when he signed, and forwarded a letter typed on stationary displaying the title of the law firm Stumpf Vickers & Sandy, PA, to presiding Family Court Judge, the Honorable Judge John E. Henriksen, wrongfully accusing David J. Buchanan of felony theft of an automobile, which later appeared in an opinion published by the Honorable Judge John E. Henriksen, . . ." | ¶1: "Thomas E. Gay, Esquire with malice caused defamation of Mr. Buchanan's character when he signed, and forwarded a letter typed on stationary displaying the title of the law firm Stumpf Vickers & Sandy, PA, (Attachment A) to presiding Family Court Judge, the Honorable Judge John E. Henriksen, wrongfully accusing David J. Buchanan of felony theft of an automobile, which later appeared in an opinion published by the Honorable Judge John E. Henriksen." |
| ¶39:  "On or about March 18, 2003, Thomas E. Gay, Esquire caused severe emotional harm to both Heidi N. Buchanan and David J. Buchanan, after gaining knowledge of Mr. Buchanan's hospitalization for a life threatening disease (Cancer), by and through his client's access to TRICARE billing information, in violation of HIPAA Privacy Rule § 164.524(a), and with the contemptuous intent to use such information in a suit before the Delaware Family Court, filed with Malum In Se, and malice, an emergency motion to Stay all contact between Mr. Buchanan, and his daughter Heidi N. Buchanan, . . . ." | ¶2: "On or about March 18, 2003, Thomas E. Gay, Esquire caused severe emotional harm to both Heidi N. Buchanan and David J. Buchanan, after gaining knowledge of Mr. Buchanan's hospitalization for a life threatening disease (Cancer), filed with Malum In Se, and malice, an emergency motion to Stay all contact between Mr. Buchanan, and his daughter Heidi N. Buchanan."<br><br>¶25:  "In an attempt to further his case in Family Court, Mr. Bay, engaged in conduct involving dishonesty, fraud, deceit, libeling him with derivative tort, and further violated Mr. Buchanan's 5th amendment right to privacy, by accessing Mr. Buchanan's medical billing information at Nanticoke Memorial Hospital by and through his client Barbara H. Buchanan . . . ." |
| ¶40: "On or about March 18, 2003, Thomas E. Gay, Esquire, caused severe emotional harm to both Heidi N. Buchanan and David J. Buchanan after gaining knowledge of Mr. Buchanan's hospitalization for a life threatening disease (Cancer) by and through his client's [Barbara Buchanan] access to TRICARE billing information . . . filed with Malum In Se, and malice with the intent to unconstitutionally impair mortgage contracts, an Emergency Motion to List and Sell the Marital Home, without consideration of his | ¶3: "On or about March 18, 2003, Thomas E. Gay, Esquire caused severe emotional harm to both Heidi N. Buchanan and David J. Buchanan after gaining knowledge of Mr. Buchanan's hospitalization for a life threatening disease (Cancer), filed with Malum In Se, and malice with the intent to unconstitutionally impair mortgage contract, an Emergency Motion to List and Sell the Marital Home, without consideration of his clients ability to maintain the property pending property separation. (Attachment D)." |

| | |
|---|---|
| clients ability to maintain the property pending property separation, . . . ." | |
| ¶41:  "On or about September 3, 2004, Thomas E. Gay, Esquire failed to observe Federal Bankruptcy Laws when after gaining knowledge that Mr. Buchanan had filed for protection under Federal Bankruptcy Laws in Bankruptcy Court in and for the District of Delaware, mislead with malice, the presiding Judge during an evidentiary Hearing as to condition of Bankruptcy Rule 362 – Automatic Stay, pertaining to Alimony proceedings, and has effectively delayed any alimony proceedings to the date of March 9, 2006, causing further financial damage to Mr. Buchanan by impairing payment of mortgage contracts guaranteed by Barbara H. Buchanan . . . ." | ¶4:  "On or about September 3, 2004, Thomas E. Gay failed to observe Federal Bankruptcy Laws when after gaining knowledge that Mr. Buchanan had filed for protection under Federal Bankruptcy Laws in Bankruptcy Court in and for the District of Delaware, mislead with malice, the presiding Judge during an evidentiary Hearing as to conditions of Bankruptcy Rule 362 – Automatic Stay, pertaining to Alimony proceedings, and has effectively delayed any alimony proceeding to the date of March 9, 2006, causing further financial damage to Mr. Buchanan by impairing payment of mortgage contracts guaranteed by Barbara H. Buchanan. (Attachment E)." |
| ¶42:  "On or about September 3, 2004, Thomas E. Gay, Esquire Disadvantaged the Opposing party when after gaining knowledge that Mr. Buchanan had issued a Subpoena for Barbara H. Buchanan to provide herself, the minor child Heidi N. Buchanan, as well as financial documents to an Emergency evidentiary hearing pertaining to interim alimony and Health Care Benefits (TRICARE), with the intent to Quash a subpoena after Mr. Gay directed his client not to appear, entered a letter into evidence with the Court displaying the Honorable Judge John E. Henriksen's signature and opinion, published while the Judge was in private practice, preventing a motioned default Judgement for interim alimony to protect Federal TRICARE benefits . . . ." | ¶5:  "On or about September 3, 2004, Thomas E. Gay, Esquire Disadvantaged the Opposing party when after gaining knowledge that Mr. Buchanan had issued a Subpoena for Barbara H. Buchanan to provide herself, as well as financial documents to an Emergency evidentiary hearing pertaining to interim alimony and health Insurance, with the intent to Quash a subpoena after he directed his client not to appear, entered a letter into evidence with the Court displaying the Honorable Judge John E. Henriksen's signature and opinion, published while the Judge was in private Practice, preventing a motioned default Judgment for interim alimony (Attachment F)." |
| ¶43:  "The Firm of STUMPF VICKERS & SANDY, P.A. caused to direct the Georgetown Police by placing a phone call to harass Mr. Buchanan without provocation (requested assistance), and detain in heat of the Sun immediately following Family Court Proceedings while Mr. Buchanan was noticeably ill from Chemo Therapy . . . ." | ¶6:  The Firm of STUMPF VICKERS & SANDY, P.A., caused to direct the Georgetown Police to harass Mr. Buchanan without provocation, and detain in heat and sun immediately following Family Court Proceedings while Mr. Buchanan was noticeably ill from chemo therapy." |

| ¶44: "On or about November 14, of 2004, Thomas E. Gay, Esquire, Disadvantaged the Opposing party when after gaining knowledge that Mr. Buchanan had issued a Subpoena to Dr. Wilson III to testify in custody proceeding, contacted, discussed, coached, conspired and further compromised the testimony of the expert expected to testify in a custody proceeding . . . while using the offices of the law firm of Stumpf, Vickers & Sandy, P.A." | ¶7: "On or about November 14, 2004, Thomas E. Gay, Esquire, Disadvantaged the Opposing party when after gaining knowledge that Mr. Buchanan had issued a Subpoena to Dr. Wilson III to testify in custody proceeding, contacted, discussed, coached, conspired, and further compromised the testimony of the expert expected to testify in a custody proceeding, while suing the offices of the law firm Stumpf, Vickers, & Sandy, P.A. (Court record available on request)." |
|---|---|
| ¶45: "Thomas E. Gay, Esquire, violated the Plaintiff's Civil Rights guaranteed by the 5th, 8th, and 14th amendments of the U.S. Constitution when he petitioned, motioned, conspired, and further exploited the best interests of his client, Heidi N. Buchanan, by violating her civil right to contact her father, further prejudicing the relationship between father and daughter by motioning the Court to prevent any contact between father and daughter for a period of time (6 months) that exceeds Delaware Law, . . . ." | ¶8: "Thomas E. Gay, Esquire, violated the Plaintiff's Civil Rights guaranteed by the 5th, 8th, and 14th amendments of the U.S. Constitution when he petitioned, motioned, conspired, and further exploited the best interests of his client, Heidi N. Buchanan, by violating her civil right to contact her father, further prejudicing the relationship between father and daughter by motioning the Court to prevent any contact between father and daughter for a period of time that exceeds Delaware Law." |

7.    Without trying the Court's patience, this analysis in which the text of the Superior Court *Complaint* appears to have been cut and pasted into this instant *Complaint* with only minor revisions, holds true throughout the comparison of the thirty-six paragraphs comprising the *Complaint's* claims against SVS in ¶¶38-74, and the 37 paragraphs contained in the Superior Court *Complaint*.

8.    Mere cursory comparison of this *Complaint* and the Superior Court *Complaint* establishes all four of the *Athlone* considerations that the acts complained of, theories of recovery, witnesses and documents, as well as material facts are identical.

9.    And although Buchanan appealed the Superior Court judgment to the Delaware Supreme Court, "The federal rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as *res judicata* or collateral estoppel, unless the appeal

removes the entire case to the appellate court and constitutes a proceeding *de novo*.'" *Scripps Clinic and Research Foundation v. Baxter Travenol Laboratories, Inc.*, D. Del., Civ. A. No. 87-140-CMW, 1989 U.S. Dist. LEXIS 12126, Wright, S.J., *Opinion*, at *3-*4 (Oct. 2, 1989) (Attachment 1 hereto) (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941)).  The Delaware Supreme Court does not conduct *de novo* proceedings.

10.    Buchanan's factual averments against SVS are identical in every respect and the Delaware Superior Court considered those allegations and dismissed them on the merits as failing to state any claim upon which relief might be granted.  (Exhibit B).

11.    "The doctrine of *res judicata* reflects the law's refusal to tolerate needless litigation and is based on the notion that the administration of justice is best served by limiting parties to one fair trial of an issue or cause." *Scripps Clinic* at *3.

12.    Buchanan presented his claims to the Delaware Superior Court which held a full and fair hearing and found them insufficient to state any claim.  Thomas E. Gay, Esquire, and Stumpf Vickers & Sandy having successfully defended Buchanan's allegations once, should not required to submit to Plaintiff's forum shopping in an attempt to obtain a different result.

13.    Buchanan's dissatisfaction with Family Court's disposition of his divorce action led to the Superior Court *Complaint* attached as Exhibit A hereto, as well as a Chancery Court action captioned *Buchanan v. Buchanan*, Del. Ch. No. 2190, which was dismissed by Letter Order dated May 31, 2006, (Exhibit C hereto), an Buchanan then transferred the claim to the Delaware Superior Court, *Buchanan v. Buchanan*, Del. Super., Civ. A. No. 06C-06-041 ESB, which considered and dismissed his allegations challenging Family Court's "division of marital property" including claims of impairment of mortgages and averments of misuse of funds. (Exhibit D hereto).  After granting Buchanan's petition to proceed *in forma pauperis*, Superior

Court dismissed that complaint as failing to state any claim as well. (Exhibit D). In addition, Buchanan's determination to re-litigate his divorce has resulted in at least three Supreme Court appeals, namely Del. Supr. Case No. 558, 2004, referenced in the *Complaint* at ¶63 (D.I. #2); *Buchanan v. Buchanan*, Del. Supr., No. 511, 2006, (Exhibit E hereto); and the afore-mentioned appeal from Superior Court's dismissal of his prior action against SVS.

14.     A clearer instance for application of *res judicata* principles to bar subsequent litigation on the identical facts and claims would be difficult to conceive.

15.     There must be finality to this endless cycle of litigation in which Plaintiff has embarked and into which he has embroiled Thomas E. Gay, Esquire, and his Law Firm.

16.     The prompt and fair administration of justice demands nothing less.

WHEREFORE Thomas E. Gay, Esquire, and the law firm of Stumpf Vickers & Sandy, P.A., request this Honorable Court for an ORDER dismissing Plaintiff's *Complaint* as to all counts and claims against Thomas E. Gay, Esquire, and the law firm of Stumpf Vickers & Sandy, P.A., with prejudice, along with an award of their attorneys' fees and costs incurred in defending this action, and such other relief as the Court finds appropriate, mete and just.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

  /s/Joseph Scott Shannon
Joseph Scott Shannon, Esquire (I.D. No. 3434)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899 – 8888
tel.: 302.552.4329
fax.: 302.651.7905
e-mail: jsshannon@mdwcg.com

*Counsel for Thomas E. Gay, Esquire, and*
*the Law Firm of Stumpf Vickers & Sandy, P.A.*

Dated: January 30, 2007

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID J. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-711-SLR |
| | ) | |
| THOMAS E. GAY; THAILA J. GAY; | ) | |
| THE HONORABLE M. JANE BRADY; | ) | |
| KRISTEN S. GIBBONS; DELAWARE | ) | |
| STATE POLICE; GEORGETOWN POLICE; | ) | |
| SEAFORD POLICE; JOHN BRADY; | ) | |
| DELAWARE FAMILY COURT OF THE STATE | ) | |
| OF DELAWARE; THE STATE OF DELAWARE; | ) | |
| and THE LAW FIRM OF STUMPF VICKERS | ) | |
| & SANDY, P.A., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON THE *MOTION* OF
### DEFENDANTS THOMAS E. GAY AND STUMPF VICKERS & SANDY, P.A.
### FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(6)

AND NOW the Court, having heard and considered the *Motion* of Defendants Thomas E.

Gay, Esquire, and the law firm of Stumpf Vickers & Sandy, P.A., for dismissal, with prejudice,

under Federal Rule of Civil Procedure 12(b)(6), does hereby FIND and ORDER:

The *Motion* of Thomas E. Gay, Esquire and the law firm of Stumpf Vickers & Sandy,

P.A., is hereby GRANTED.  Plaintiff's claims against Thomas E. Gay, Esquire, and Stumpf

Vickers & Sandy, P.A., are hereby DISMISSED, with prejudice.


_____
The Honorable Sue L. Robinson

cc:    Clerk of the Court
       David J. Buchanan, *pro se*
       Joseph Scott Shannon, Esquire
       Parties

## CERTIFICATE OF SERVICE

Joseph Scott Shannon, Esquire, hereby certifies that on January 30, 2006, he caused true

and correct copies of the attached *Defendants Thomas E. Gay's and Stumpf Vickers & Sandy,*

*P.A.'s Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)* to be served upon the following

persons in the manner indicated:

David J. Buchanan  
34806 Hudson Road  
Laurel, DE 19947  
*Via 1st Class U.S. Mail*  
      *Postage Prepaid*

Linda Carmichael, Esquire  
State of Delaware Department of Justice  
Carvel State Office Building, 6th Floor  
820 North French Street  
Wilmington, DE 19801  
*Via 1st Class U.S. Mail*  
      *Postage Prepaid*

John Elzufon, Esquire  
Elzufon Austin Reardon Tarlov & Mondell  
300 Delaware Avenue, Suite 1700  
P.O. Box 1630  
Wilmington, DE 19899 – 1630  
*1st Class U.S. Mail, Postage Prepaid*

 

MARSHALL DENNEHEY WARNER  
COLEMAN & GOGGIN

   */s/Joseph Scott Shannon*  
Joseph Scott Shannon, Esquire (I.D. No. 3434)  
1220 North Market Street, 5th Floor  
P.O. Box 8888  
Wilmington, DE 19899 – 8888  
tel.: 302.552.4329  
fax.: 302.651.7905  
e-mail: jsshannon@mdwcg.com

*Counsel for Thomas E. Gay, Esquire, and*  
     *the Law Firm of Stumpf Vickers & Sandy, P.A.*

Dated: January 30, 2007

\15_A\LIAB\JSSHANNON\LLPG\405297\BAJOHNSON\03127\00840

# Exhibit "A"

# Exhibit "A"

JAN 0 4 2005

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| DAVID J. BUCHANAN, AND IN THE INTEREST OF HEIDI N. BUCHANAN | : | Case No. |
| | : | |
| Petitioner, Pro Se, Plaintiffs | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS E. GAY, ESQUIRE, WIFE THAILA JOAN GAY, AND THE FIRM OF: STUMPF, VICKERS, & SANDY, P.A. | : | |
| Respondents, Defendants | : | **COMPLAINT ALLEGATIONS TO BE ANSWERED BY AFFIDAVIT PURSUANT TO 10 DEL.C. §3901 PROVIDING PROOF OF PARTNERSHIP PURSUANT TO 10 DEL.C. §3914** |
| | : | |
| | : | |
| | : | |
| | : | |

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF SUSSEX COUNTY:**
**YOU ARE COMMANDED:**

      To summon the above named Defendants so that, within 20 days after service hereof upon Defendants, exclusive of the day of service, Defendants shall serve upon David J. Buchanan, plaintiff, whose address is 34806 Hudson Road, Laurel Delaware, 19956 an answer to the complaint in the form of a petition to award damages, and, if an affidavit of demand has been filed, an affidavit of defense.
      To serve upon Defendants a copy hereof, of the complaint and of the affidavit of demand, if any has been filed by plaintiff.


Dated:

                                  JOYCE M. COLLINS
                                    Prothonotary

                                    _____
                                    Per Deputy

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR SUSSEX COUNTY

DAVID J. BUCHANAN, AND IN THE     :     Case No.
INTERESTS OF HEIDI N. BUCHANAN     :

     Petitioner, Pro Se, Plaintiffs     :

     :

     v.     :

THOMAS E. GAY, ESQUIRE, WIFE     :
THAILA JOAN GAY, AND THE FIRM OF:
STUMPF, VICKERS, & SANDY, P.A.     :
     Respondents, Defendants     :     <u>COMPLAINT ALLEGATIONS TO</u>
     :     <u>BE ANSWERED BY AFFIDAVIT</u>
     :     <u>PURSUANT TO 10 DEL.C. §3901</u>
     :     <u>PROVIDING PROOF OF</u>
     :     <u>PARTNERSHIP PURSUANT TO</u>
     :     <u>10 DEL.C. §3914</u>

## <u>PRAECIPE</u>

**PLEASE ISSUE SUMMONS AND COMPLAINT** to the Sheriff of Sussex

County for service upon the Defendant, Thomas E. Gay, Esquire, at 8 West Market

Street, Georgetown Delaware, 19956 Thaila J. Gay, at 424 Savannah Road, Lewis

Delaware, 19958, and head officer of the firm of STUMPF, VICKERS, & SANDY, P.A.,

at 8 West Market Street, Georgetown Delaware, 19956, by serving the Delaware

Secretary of State Pursuant to 10 <u>Del.C.</u> §3104.  A check in the amount of $2.00 (per

Person) payable to the Delaware Secretary of State is enclosed.  Additional service of

Summons, Statement of Claim noted as: **PETITION TO AWARD DAMAGES FOR**

**BREACH OF FIDUCIARY DUTY, MEDICAL MALPRACTICE, DEFAMATION OF CHARACTER, DERIVATIVE TORT, INFLICTION OF SEVERE EMOTIONAL DISTRESS AND HARM, LITIGATION CONDUCTED IN MALUM IN SE, FAILURE TO OBSERVE FEDERAL BANKRUPTCY LAWS, VIOLATION OF CIVIL RIGHTS, DISADVANTAGING AN OPPOSING PARTY BY MISLEADING A PRESIDING JUDGE, ABUSE OF PROCESS, ERRORS, AND OMISSIONS,** has been sent to Defendants by regular mail:

TO:    Thomas E. Gay, Esquire          Thaila J. Gay
       8 West Market Street            424 Savannah Road
       Georgetown, DE 19947            Lewis Delaware, 19958

       STUMPF, VICKERS, &
       SANDY, P.A.
       8 West Market Street
       Georgetown, DE 19947

Date: 3 Jan 06

David J. Buchanan,
34806 Hudson Road
Laurel, DE 19956
(302) 875-1362
Petitioner, Plaintiff

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR SUSSEX COUNTY

DAVID J. BUCHANAN, AND IN THE
INTEREST OF HEIDI N. BUCHANAN

    Petitioner, Pro Se, Plaintiffs

    v.

THOMAS E. GAY, ESQUIRE, WIFE
THAILA JOAN GAY, AND THE FIRM OF:
STUMPF, VICKERS, & SANDY, P.A.
    Respondents, Defendants

Case No.

FILED
PROTHONOTARY
SUSSEX COUNTY
2006 JAN -3 PM 2: 49

## PETITION TO AWARD DAMAGES FOR BREACH OF FIDUCIARY DUTY, MEDICAL MALPRACTICE, DEFAMATION OF CHARACTER, DERIVATIVE TORT, INFLICTION OF SEVERE EMOTIONAL DISTRESS AND HARM, LITIGATION CONDUCTED IN MALUM IN SE, FAILURE TO OBSERVE FEDERAL BANKRUPTCY LAWS, VIOLATION OF CIVIL RIGHTS, DISADVANTAGING AN OPPOSING PARTY BY MISLEADING A PRESIDING JUDGE,  ABUSE OF PROCESS, ERRORS, AND OMISSIONS

**NOW COME** the above captioned Petitioner, David J. Buchanan, Pro Se, and in

the interest of his daughter Heidi N. Buchanan a minor child, hereby petitions the

Superior Court of the State of Delaware in and for Sussex County to award compensatory

Damages to the Plaintiffs, and order the Respondents pay for; breach of fiduciary duty,

medical malpractice, defamation of character, derivative tort, infliction of severe

emotional distress and harm, litigation conducted in malum in se, failure to observe

Federal Bankruptcy Laws, disadvantaging an opposing party by misleading a presiding

Judge, violation civil rights guaranteed by the 5th, 8th, and 14th amendments of the United

States Constitution, abuse of process, errors and omissions, and in support of, state,

allege, aver, identify and claims the following:

## JURISDICTION

1. The respondents are residential property owners, as well as employed in Sussex

County, Delaware.

2. The respondents are licensed and insured professionals practicing in Sussex

County, Delaware.

3. The respondents are subject to criminal charges for matters identified within in

the State of Delaware, for which civil damages can be awarded by the Court.

4. The petitioner is a resident of Sussex County, Delaware.

5. The Superior Court of the State of Delaware has jurisdiction over all matters

where damages may exceed $60,000.

6. The law firm of STUMPF, VICKERS & SANDY, PA, is licensed in the State of

Delaware, and maintains an address at 8 West Market Street, Georgetown Delaware.

7. The Plaintiffs have the right to bring suit to enjoin enforcement of the statute,

contending that their rights under the Constitution of the United States are, have been,

and will continue to be violated unless conduct by Mr. and Mrs. Gay, described

within be declared unconstitutional as violative of the 5th, 8th, and 14th amendments.

## CAUSE

1. On or about ___March___, 2004, Thomas E. Gay, Esquire with malice caused

defamation of Mr. Buchanan's character when he signed, and forwarded a letter typed

on stationary displaying the title of the law firm Stumpf, Vickers, & Sandy, PA,

2

(Attachment A) to presiding Family Court Judge, the Honorable Judge John E. Henriksen, wrongfully accusing David J. Buchanan of felony theft of an automobile, which later appeared in an opinion published by the Honorable Judge John E. Henriksen (Attachment B).

2.   On or about March 18, 2003, , Thomas E. Gay, Esquire caused severe emotional harm to both Heidi N. Buchanan and David J. Buchanan, after gaining knowledge of Mr. Buchanan's hospitalization for a life threatening disease (Cancer), filed with Malum In Se, and malice, an emergency motion to Stay all contact between Mr. Buchanan, and his daughter Heidi N. Buchanan. (Attachment C).

3.   On or about March 18, 2003, , Thomas E. Gay, Esquire caused severe emotional harm to both Heidi N. Buchanan and David J. Buchanan after gaining knowledge of Mr. Buchanan's hospitalization for a life threatening disease (Cancer), filed with Malum In Se, and malice with the intent to unconstitutionally impair mortgage contracts, an Emergency Motion to List and Sell the Marital Home, without consideration of his clients ability to maintain the property pending property separation. (Attachment D).

4.   On or about September 3, 2004, Thomas E. Gay, Esquire failed to observe Federal Bankruptcy Laws when after gaining knowledge that Mr. Buchanan had filed for protection under Federal Bankruptcy Laws in Bankruptcy Court in and for the District of Delaware, mislead with malice, the presiding Judge during an evidentiary Hearing as to conditions of Bankruptcy Rule 362 -Automatic Stay, pertaining to Alimony proceedings, and has effectively delayed any alimony proceeding to the date of March 9, 2006, causing further financial damage to Mr. Buchanan by impairing

3

payment of mortgage contracts guaranteed by Barbara H. Buchanan. (Attachment E)

5.   On or about September 3, 2004, Thomas E. Gay, Esquire Disadvantaged the

Opposing party when after gaining knowledge that Mr. Buchanan had issued a

Subpoena for Barbara H. Buchanan to provide herself, as well as financial documents

to an Emergency evidentiary hearing pertaining to interim alimony and health

Insurance, with the intent to Quash a subpoena after he directed his client not to

appear, entered a letter into evidence with the Court displaying the Honorable Judge

John E. Henriksen's signature and opinion, published while the Judge was in private

Practice, preventing a motioned default Judgment for interim alimony (Attachment

F).

6.   The Firm of STUMPF, VICKERS, & SANDY, P.A. caused to direct the

Georgetown Police to harass Mr. Buchanan with out provocation, and detain in heat

and sun immediately following Family Court Proceedings while Mr. Buchanan was

noticeably ill from chemo therapy.

7.   On or about November 14, of 2004, Thomas E. Gay, Esquire, Disadvantaged the

Opposing party when after gaining knowledge that Mr. Buchanan had issued a

Subpoena to Dr. Wilson III to testify in custody proceeding, contacted, discussed,

coached, conspired, and further compromised the testimony of the expert expected to

testify in a custody proceeding, while using the offices of the law firm Stumpf,

Vickers, & Sandy, PA. (Court record available on request).

8.   Thomas E. Gay, Esquire, violated the Plaintiff's Civil Rights guaranteed by the

5th, 8th, and 14th amendments of the U.S. Constitution when he petitioned, motioned,

conspired, and further exploited the best interests of his client, Heidi N. Buchanan, by

4

violating her civil right to contact her father, further prejudicing the relationship between father and daughter by motioning the Court to prevent any contact between father daughter for a period of time that exceeds Delaware Law.

9.    While employed as a nurse for Beebe Hospital, Thaila J. Gay of 424 Savannah Road, Lewis Delaware, breached her fiduciary duty to Mr. Buchanan resulting in medical malpractice, by failing to notify her employer, the Family Court, and most importantly Mr. Buchanan (a patient of Beebe Hospital) of her omission of conflict in providing medical services, to Mr. Buchanan either directly or indirectly by and through her place of employ, where her marital relation to Thomas E. Gay, Esquire, the attorney of record in opposition to Mr. Buchanan in domestic issues, where the Gays' stood to profit by the financial dissolve of Mr. Buchanan's assets during his treatment of cancer at Beebe Hospital.  Mrs. Gay's omission of conflict further imputes liability on herself for the actions of her Husband Thomas E. Gay, Esquire, by engaging in Malum In Se conduct involving dishonesty, fraud, deceit, and/or misrepresentation, omission of conflict, where his wife maintained employment at the health care facility to which Mr. Buchanan depended on for treatment of Cancer, and which enabled Mr. Gay to access Mr. Buchanan's medical records by and through his Wife's employ, imputing liability on himself for actions of his wife.

10.  Mrs. Thaila Joan Gay has been entrusted as an employee of Beebe Hospital, with the confidences and circumstances of all patients of the Hospital, in which a client/patient would be entitled to repose, confidence and trust, where Mrs. Gay has ample opportunity to invade the privacy of Mr. Buchanan to assist her husband Thomas E. Gay, Esquire, for personal gain.

11. While employed as a nurse at Beebe Hospital, Thaila J. Gay, violated the guidelines of patient care by causing severe emotional harm to Mr. Buchanan, by failing to notify Mr. Buchanan of her access to medical records, insurance records, treatment schedules, and any other information that pertains to Mr. Buchanan's treatment, and treatment at Beebe Hospital, to which her husband has made such records an issue of in Family Court proceedings.

12. While employed as a nurse at Beebe Hospital, Thaila J. Gay, violated the guidelines of patient care causing severe emotional harm as a result of loss of right of family and privacy to Mr. Buchanan, when Thomas E. Gay, Esquire, imputed his professional responsibility on his wife.

13. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father, and to conceal child abuse occurring in the care of his client Barbara H. Buchanan, Mr. Gay breached his fiduciary duty to the minor in support of claims by another client to the Family Court, with affidavit taken directly from the minor child, giving the minor and the Court the impression that he was counsel for the child, when providing his signature on the motions filed in accordance with Family Court Rule 11 (a), where Mr. Gay would be considered the attorney of record, and where Mr. Gay has been entrusted with the child's confidences and circumstances, in which a client would be entitled to repose, confidence, and trust including protection from abuse.

14. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to identify to the Supreme Court "good cause" to be given leave of Court in these proceedings on appeal pertaining to custody.

6

15. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to provide notice to Barbara H. Buchanan, Heidi N. Buchanan, David J. Buchanan, or the Family Court of possible conflict in any matter.

16. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by not disclosing attorney conflict, as defined by Rule 1.7.

17. Stumf, Vickers, & Sandy, P.A., here and throughout to be referred to as the "Firm", caused loss of rights and financial support from Barbara H. Buchanan by failing to make reasonable efforts to ensure effective measures were in place to ensure that Thomas E. Gay, Esquire, a member of the Firm, complied with the Rules of Professional Conduct in violation of Rule 5.1 (c) (2).

18. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father violating rights guaranteed by the 5th, 8th, and 14th Amendments to the U.S. Constitution and to cause financial harm to Mr. Buchanan, Mr. Thomas E. Gay, Esquire, with Malum In Se, engaged in conduct involving dishonesty, fraud, deceit, and/or misrepresentation in violation of Rule 8.4(c) of the code, by filing knowingly misleading and grossly incorrect financial disclosure of his clients, on the Form 16 (c), with the Family Court.

19. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father violating rights guaranteed by the 5th, 8th, and 14th Amendments to the U.S. Constitution and to cause financial harm to Mr. Buchanan, Mr. Gay engaged in Malum In Se conduct involving dishonesty, fraud, deceit, and/or misrepresentation in violation of Rule 8.4(c) of the code, by filing knowingly misleading and grossly incorrect emergency motions requesting the liquidation of

Real Estate utilized by Mr. Buchanan for home and employ, during a period of time that Mr. Buchanan was incapacitated with emergency medical care.  (Attachment H)

20. In an attempt to further his case in Family Court with the intent to isolate the minor child from her father violating rights guaranteed by the 5th, 8th, and 14th Amendments to the U.S. Constitution and to cause emotional harm to Mr. Buchanan, Mr. Gay with Malum In Se, engaged in conduct involving dishonesty, fraud, deceit, and/or misrepresentation in violation of Rule 8.4(c) of the code, by filing knowingly misleading and grossly incorrect emergency motion requesting a stay of contact between Mr. Buchanan and his daughter Heidi, during a period of time that Mr. Buchanan was incapacitated with emergency medical care.

21. In an attempt to further his case in Family Court, Mr. Gay had knowledge of, and seemingly directed the action of State Police to antagonize Mr. Buchanan with false arrest, detention, harassment, and treatment that prevented Mr. Buchanan access to medical facilities while seeking treatment for cancer, further violating rights guaranteed the Buchanan's by the 5th, 8th, and 14th, amendments of the U.S. Constitution.

22. In an attempt to further his case in Family Court, Mr. Gay with the assistance of his wife, had knowledge of, and seemingly directed the action of law enforcement agencies to interrupt medical treatment with wrongful arrest, causing an increased risk of harm to Mr. Buchanan, which may have resulted in death.

23. In an attempt to further his case in Family Court, Mr. Gay, engaged in conduct involving dishonesty, fraud, deceit, and/or misrepresentation in violation of Rule 8.4(c) of the code, and violating Title 11 § 1269 of Delaware Code, by tampering with

8

physical evidence, where it is a record of the Family Court that on September 3, 2004,

Mr. Gay entered testimony and documents to the Court in an attempt to dismiss his

client from appearing, as well as from providing financial documents that were

requested by subpoena duces tecum.

24. In an attempt to further his case in Family Court, Mr. Gay, engaged in conduct

involving dishonesty, fraud, deceit, and/or misrepresentation in violation of Rule

8.4(c) of the code, by directly addressing the presiding Judge Henriksen by letter

captioned with heading of Stumpf, Vickers, & Sandy, P.A., causing defamation of

Mr. Buchanan's character by accusation of felony auto theft, where Judge Henriksen

later published an induced evil opinion of Mr. Buchanan pertaining to Mr. Gay's

unfounded accusation of theft.

25. In an attempt to further his case in Family Court, Mr. Gay, engaged in conduct

involving dishonesty, fraud, deceit, libeling him with derivative **tort**, and further

violated Mr. Buchanan's 5th amendment right to privacy, by accessing Mr.

Buchanan's medical billing information at Nanticoke Memorial Hospital by and

through his client Barbara H. Buchanan, where TORT "IS COMMITTED WHEN

THE ACTOR EMPLOYS LEGAL PROCESS IN A MANNER

TECHNICALLYCORRECT, BUT FOR A WRONGFUL AND MALICIOUS

PURPOSE TO ATTAIN ANUNJUSTIFIABLE END. *See WHEELDIN V.*

*WHEELER, 373 U.S. 647.*

26. In an attempt to further his case in Family Court, and to avoid litigation on Appeal

of matters in Supreme Court, Mr. Gay engaged in conduct prejudice to the

administration of justice, in violation of Rule 8.4 (d), by withdrawing from briefs of

appeal without good cause, and has further abused the legal process of court by

procuring "the issuance of valid, authorized legal process, albeit with a wrongful

intention and for an unjustifiable end." *See WHEELDIN V. WHEELER, 373 U.S.*

*647.*

27. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to

identify and safeguard funds belonging to a client in violation of Rule 1.15(a), after

claim of such funds were maid in Family Court proceedings.

28. Mr. Gay breached his fiduciary duty to the minor Heidi N. Buchanan by failing to

return or deliver funds belonging to a client in violation of Rule 1.15(b), after claim

of such funds were maid in Family Court proceedings, and where Mr. Gay possessed

accounting that reflects the amount of such funds belong to the minor. *See Pepper v.*

*Litton, 308 U.S. 295.*

29. Mr. Gay violated the rights of the minor child to have contact with her father, and

the right of the father to have contact with his child during the treatment of a life

threatening disease, by engaging in conduct involving dishonesty, fraud, deceit, when

moving the Family Court to stay contact between father and child, while Mr.

Buchanan was undergoing emergency medical attention preventing a lucid pro se

response, where Mr. Gay had gained knowledge of such treatment by and through his

client Barbara H. Buchanan, and acted with MALA IN SE, where according to

Blackstone, are offenses against "(THOSE) RIGHTS THEN WHICH GOD AND

NATURE HAVE ESTABLISHED, AND ARE THEREFORE CALLED NATURAL

RIGHTS, SUCH AS ARE LIFE AND LIBERTY, THEE WORSHIP OF GOD, THE

MAINTENANCE OF CHILDREN, AND THE LIKE." THEY ARE "CRIMES AND

MISDEMEANORS, THAT ARE FORBIDDEN BY THE SUPERIOR LAWS, AND THEREFORE STYLED MALA IN SE". *See JORDAN V. DE GEORGE, 341 U.S. 223.*

30. Mr. Gay violated the rights of the minor child by withholding repose expected of an attorney, when continuing to litigate domestic proceeding during Mr. Buchanan's treatment of a life threatening disease, acing in Malum in se where the issuance of a certificate of divorce cancelled any and all health care benefits previously enjoyed by Mr. Buchanan, and made any life insurance as a result of unsuccessful treatment of Mr. Buchanan's disease null and void, where damages would exceed $500,000. *See JORDAN V. DE GEORGE, 341 U.S. 223.*

31. At the expense of all involved including the best interest of Barbara H. Buchanan, Mr. Gay has abused his fiduciary responsibility to both his clients and the Family Court, by litigating a divorce that severely libels all parties with irreparable financial harm, loss of established financial securities enjoyed through insurance, and has interfered with the right of the Buchanan's to plan their own affairs, and shape their own life as they think best. *See Pepper v. Litton, 308 U.S. 295, Eisenstadt v. Baird, 405 U.S. 438.*

32. In violation of the expected conduct of lawyers, as well as rules of civil procedure, Thomas E. Gay, Esquire, has failed to update discovery requested in matters pertaining to Family Court, and the Bankruptcy Court for the District of Delaware, as to the location of persons having knowledge of discoverable matters, and for responses of discovery requests that he has knowledge of being incorrect or no longer true. *See HICKMAN V. TAYLOR, 329 U.S. 495.*

33. In violation of the expected conduct of lawyers and fiduciaries, as well as rules of civil procedure, Thomas E. Gay, Esquire, has caused unreasonable delay in settlement of ancillary matters, causing irreversible financial damage to all parties of this litigation, by frivolous litigation and failure to state a claim as the foundation of a "planned and fraudulent scheme", in an attempt to exhaust funds from all parties of this litigation. *See Pepper v. Litton, 308 U.S. 295.*

*34.* In violation of the expected conduct of lawyers, as well as rules of civil procedure, Thomas E. Gay, Esquire, has caused unreasonable circumstance of loss of Parental contact with his remaining minor child, loss of spousal support, and the loss of medical benefits providing health care by omission of pertinent facts, to the Family Court, as well as facts requested through examination by the Bankruptcy Court for the District of Delaware, and by causing unnecessary delay in spousal support hearings by misleading the presiding Judge Henriksen during a evidentiary hearing on September 3, 2004, where the Gay's seemingly intended to abuse their access to inside information and it's clandestine use for personal profit. *See WOLF V. WEINSTEIN 372 U.S 633.*

*35.* In violation of the expected conduct of lawyers, as well as rules of civil procedure, Thomas E. Gay, Esquire, has caused unreasonable circumstance of loss of money belonging to the minor child's coffer by omission of pertinent facts, to the Family Court, as well as omission of facts requested through examination by the Bankruptcy Court for the District of Delaware, for personal gain. *See CF. MICHOUD V.GIROD, 4 HOW. 503, 556-560; WEIL V. NEARY, 278 U.S. 160; MAGRUDER V. DRURY, 235 U.S. 106, 119-120; WOLF V. WEINSTEIN 372 U.S 633.*

12

36. In violation of the expected conduct of lawyers, as well as conduct expected from a medical care provider, Mr. and Mrs. Gay have violated norms of human conduct, and in contempt for canons of decency attacked Mr. Buchanan's natural rights to; life, liberty, home, physical health, emotional health, privacy, financial freedom, family, property, access to court, and have been most instrumental in preventing Mr. Buchanan from directing his child's education and development of religion. *See MINERSVILLE DISTRICT V. GOBITIS, 310 U.S. 586; CANTWELL V. CONNECTICUT, 310 U.S. 296, OLMSTEAD V. UNITED STATES, 277 U.S. 438, 478.*

37. In violation of the expected conduct of lawyers, as well as conduct expected from a medical care provider, Mr. and Mrs. Gay have violated norms of human conduct, and in contempt for canons of decency attacked Mr. Buchanan's natural rights to; life, liberty, home, physical health, emotional health, privacy, financial freedom, family, property, access to court, and were successful in moving the Family Court in and for Sussex County Delaware, to impose conditions on the Plaintiffs that are penal in nature and which are described as "CRUEL AND UNUSUAL" punishment in a civilized community, in violation of the 8th amendment of the U.S. Constitution. *See TROP V. DULLES, 356 U.S. 86.*

**WHEREFORE,** The above captioned Petitioner, David J. Buchanan, Pro Se, and in the interest of his daughter Heidi N. Buchanan a minor child, hereby respectfully requests that the Court, consider all the claims within, and order respondents to pay an award of compensatory damages in the amount of one million dollars  ($1,000,000) per occurrence for every averment numbered within totaling $37,000,000.00, to compensate

13

Heidi N. Buchanan and her father David J. Buchanan for severe emotional harm, distress, and loss of quality of life by the infringement of civil rights guaranteed by the U. S. Constitution, by and through the actions of Mr. and Mrs. Thomas E. Gay, Esquire, intrinsic libel of the firm of Stumf, Vickers, & Sandy, P.A., and medical malpractice associated with Thaila J. Gay's profession as a nurse, and refer Mr. and Mrs. Gay to the appropriate governmental Agency for disciplinary action.

Dated: _3 Jan 06_

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956
Pro Se, Petitioner

14

## STUMPF, VICKERS, & SANDY, P.A.

ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

KIM DeBONTE

JAN 0 4 2005

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

October 27, 2003



The Honorable John E. Henriksen
Family Court
22 The Circle
Georgetown, Delaware 19947

RE:    Barbara H. Buchanan v. David J. Buchanan
       File No. CS94-3107
       CPI No. 02-34657

Your Honor:

At this juncture, the parties have completed their respective portions of the Rule 16(c) Financial Report. It is my impression that both parties feel compelling reasons to promptly address the Court with interim issues that have been brought to the Court's attention by way of multiple Motions and other documents purported to be pleadings filed in conformity with the Family Court Rules of Civil Procedure. Due to the fact that Mr. Buchanan is unrepresented, I would respectfully request that the Court schedule and "old style" Pre-trial hearing at the Court's earliest possible convenience to go over the parties' respective 16(c) Financial Reports and to determine what issues may be resolved via a temporary agreement and what issues need to proceed forward to a full ancillary haring. I have additional financial issues of an emergency concern, yet I am reluctant to file yet another Motion or an amended Motion further increasing the Court's already voluminous file. In the event that we are unable to schedule a pre-trial hearing on an expedited basis, I anticipate filling a Motion for an Expedited hearing on my "Motion to List and Sell Real Property" as the former marital home now faces imminent foreclosure.

Once again, in lieu of yet another amended pleading, I am respectfully requesting that the enclosed letter from "Washington Mutual Home Loans" be attached to my most recent "Amended Motion to List and Sell Real Property" filed with the Court on or about September 26, 2003.

Respectfully,

THOMAS E. GAY

TEG/slw
Enclosure
cc:    Barbara Buchanan (with enclosure)
       David J. Buchanan (with enclosure)



**HOME LOANS**

October 20, 2003

DAVID J BUCHANAN
BARBARA H BUCHANAN
RR 2 BOX 361F
LAUREL DE    19956-9378

Re:  Loan Number:      13786267
     Property Address:  RR 2 BOX 361F
                        LAUREL, DE  19956

Dear Customer:

You have indicated a desire to participate in one of our workout
programs.  Per your request, you were sent a Financial Application on
20-SEP-03 to complete and return in order to be considered for
this program.  We have yet to receive your completed application.  A
follow-up letter was sent on 05-OCT-03.  Since that time, we
have not received a response from you.  Washington Mutual is
still willing to consider any option that may be available to prevent
foreclosure on your home.  However, time is of the essence, you must
act now.  If you are still interested in assistance, please complete
the application and return immediately.

If the completed Financial Application is not received in this office
within 15 days of the date of this letter, we will consider this a
cancellation of your request and will close out your file. Also during
this time, normal collection and forclosure activity will continue
uninterrupted. If during this time the foreclosure process is completed,
without receipt of your information, your request for assistance will
be denied.

If you have returned the application within the last 5 days, please
disregard this notice.

If you have any questions regarding the information required or did
not receive the package we sent you, please call 1-888-743-7747.

Thank you,

Homeowner's Assistance Department
ZLM  - LM1V
               P.O. Box 44016  Jacksonville  FL  32231-9912
                        1-888-743-7747
               Visit our website at  www.wamuhome.com

**STUMPF, VICKERS, & SANDY, P.A**
ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

KIM DeBONTE

October 28, 2003

The Honorable John E. Henriksen
Family Court
22 The Circle
Georgetown, Delaware 19947

RE:    Barbara H. Buchanan v. David J. Buchanan
       File No. CS94-3107
       CPI No. 02-34657

Your Honor:

I received a letter to your office from Mr. Buchanan dated October 5, 2003 requesting procedural and substantive relief.    Pursuant to Your Honor's recent Orders, I am respectfully requesting that the letter be striken as being an improper pleading filed with the Court requesting procedural or substantive relief.  In the event that Mr. Buchanan objects to my 16(c) Financial Report (which is not a pleading), his concerns may be raised at the time of the pretrial hearing.

The remainder of Mr. Buchanan's letter is intelligible and/or otherwise denied/opposed.

Respectfully,

Thomas E. Gay

TEG/jh

cc:    Barbara Buchanan (with enclosures)
       David J. Buchanan

**STUMPF, VICKERS, & SANDY, P.A.**
ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

KIM DeBONTE

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

September 8, 2003

The Honorable John E. Henriksen
Family Court
22 The Circle
Georgetown, Delaware  19947

   RE: Barbara H. Buchanan v. David J. Buchanan
     File No.: CS94-3107
     CPI No.: 03-00932

Your Honor:

   Please be advised that the Petitioner has completed her portion of the Rule 16(c) Financial Report.   By copy of this letter with enclosures I am forwarding a copy of the original financial report to David J. Buchanan so that he  can complete his portion.   I am respectfully requesting that the Court schedule this matter for a pretrial upon completion of the Respondent's portion of the Rule 16(c).

   If you have any questions or concerns regarding this matter, please do not hesitate to contact me.  Thank you for your time and attention.

       Very Respectfully,

       *John Sandy fu*

       Thomas E. Gay

TEG/slw
Enclosure
cc: Barbara H. Buchanan (with enclosure)
   David J. Buchanan  (with enclosure)

2003 SEP -8 P 3 51
SUSSEX COUNTY
FAMILY COURT
RECEIVED

STUMPF, VICKERS, & SANDY
ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

November 21, 2005

The Honorable Judge John E. Henriksen
Family Court
22 The Circle
Georgetown, DE 19947

RE:   David J. Buchanan v. Barbara H. Buchanan
      File No. CS94-3107
      Mr. Buchanan's letter of November 17, 2005

Your Honor:

    I received the first of two letters directed to your attention from Mr. Buchanan dated November 17, 2005.  The first letter requests that I submit an affidavit as to my client's actual physical address.  Due to previous acts of domestic violence, I will not disseminate my client's physical address to Mr. Buchanan without her consent (except by Court Order).  I may be served with all pleadings and supplemental requests for discovery on behalf of Ms. Buchanan.

    If you have any questions or concerns regarding this matter, please do not hesitate to contact me.  Thank you for your time and attention.

Respectfully,

Thomas E. Gay

TEG/lap

cc:   David Buchanan
      Barbara Buchanan (w/enclosure)

**STUMPF, VICKERS, & SANDY, P.A.**
ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

March 4, 2005

Lisa A. Semans
Senior Court Clerk
Supreme Court Building
55 The Green
Dover, DE 19901

RE:   Family Court File No.: CS94-03107
      David J. Buchanan v. Barbara H. Buchanan, No. 558, 2004
      Supreme Court of Delaware

Dear Ms. Semans:

    You directed a letter to Ms. Lorrie Sylvester of the Sussex County Family Court dated February 4, 2005, (letter #13).  Pursuant to your letter you indicated that the Family Court record must be filed with the Supreme Court no later than February 28, 2005.  The last sentence of the first paragraph within your letter is set forth as follows: "The transcript deadline"  Would you kindly advise me as to whether or not the last sentence of the first paragraph is incomplete or if I am mistaken or have misread your letter.

    Thank you for your time and attention.

                                    Respectfully,

                                    Thomas E. Gay

TEG/lap
Enclosures

cc:   Kristin S. Gibbons, Esquire
      David H. Buchanan
      John F. Brady, Esquire
      Barbara  Buchanan (w/enclosures)

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| BARBARA H. BUCHANAN | ) | |
| | ) | |
| Petitioner | ) | File No.: CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | |
| | ) | CPI No.:03-00932 |
| v. | ) | |
| | ) | |
| DAVID J. BUCHANAN | ) | |
| | ) | |
| Respondent | ) | |
| *Attorney:  Pro Se* | ) | |

## NOTICE OF MOTION

TO:   The Honorable Judge Henriksen          David J. Buchanan
      Family Court                           34806 Hudson Road
      22 The Circle                          Laurel, DE 19956
      Georgetown, DE 19947

   **PLEASE TAKE NOTICE**  that the attached Motion to List and Sell Real Property  is

herewith presented to the Court, by Petitioner, for consideration.  If you are opposed to this Motion

you must file a written response with the Court within ten (10) days of the service of this Motion.

If no response is timely filed, the Motion may be decided without further opportunity for you to be

heard on the matter, pursuant to  Family Court Rule 7(b)(2).

                              **STUMPF, VICKERS & SANDY, P.A.**


                              _____
                              Thomas E. Gay, Esquire
                              8 West Market Street
                              Georgetown, DE  19947
                              (302) 856-3561
                              I.D. # 3240
Dated: _____             Attorney for Petitioner

1

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| BARBARA H. BUCHANAN | ) | |
| | ) | |
| Petitioner | ) | File No.: CS94-3107 |
| Attorney: Thomas E. Gay, Esquire | ) | |
| | ) | CPI No.:02-34657 |
| v. | ) | |
| | ) | |
| DAVID J. BUCHANAN | ) | |
| | ) | |
| Respondent | ) | |
| Attorney: *Pro Se* | ) | |

## MOTION TO LIST AND SELL REAL PROPERTY

NOW COMES the above-captioned Petitioner, Barbara Buchanan, individually, and by and through her undersigned counsel, and respectfully requests that the Court issue an Order directing the Respondent, David J. Buchanan and/or the Clerk of the Court of the Family Court of the State of Delaware in and for Sussex County to sign any and all documents necessary or convenient to list, sell and settle on the two parcels of marital real property owned by the above captioned parties and in support thereof, the Petitioner, Barbara H. Buchanan, avers and alleges as follows:

1.    The above captioned parties, Petitioner, Barbara H. Buchanan, (hereinafter referred to as "Wife"), and the Respondent, David J. Buchanan, (hereinafter referred to as "Husband"), have been separated since on or about May 15, 1998. Both prior to as well as after the parties' separation, two parcels of marital real property have continued to be increasingly encumbered by unpaid judgments, as well as non-payment of the primary mortgages associated with said properties. The first of the two properties in question consists of 89.20 acres located at the east side of Road 449A, 2420 feet south of Road 447, Tax parcel #2-32-19.00-46.03 (hereinafter referred to as "the farm").

2

The second parcel of marital real estate in question consists of the marital home and 26.28 acres located at RR2, Box 361F, Laurel, Delaware 19956. Tax parcel #3-32-9.00-15.06 (hereinafter referred to as the "marital home").

2.    The aforementioned real property known as the "farm" has been encumbered by unpaid taxes, open and deficient mortgages and judgments.

3.    The real property referred to above as the "marital home" also has taxes due, a deficient mortgage balance, open judgments and liens. Foreclosure proceedings have been initiated in the Superior Court of the State of Delaware, in and for Sussex County.

4.    The "farm" is currently encumbered by a primary mortgage with an original balance of $150,000.00. As of May 13, 2003, this loan had unpaid principal of $25,873.24, unpaid interest in the amount of $3,729.91 and unpaid late charges of $2,406.09. (See statement attached hereto as Exhibit "A").   The unpaid principal, interest and/or unpaid late charges have remained primarily unpaid and/or delinquent since May 13, 2003.

5.    On or about May 12, 2003, the mortgage associated with the "marital home" had a default balance of $2,137.30. Mortgage Electronic Registrations Systems, Inc. by and through their attorney, Robert T. Aulger, Jr., filed a foreclosure action on the secured mortgage associated with the "marital home", as a result of significant default of mortgage payments.

6.    Previously, the parties had attempted to mutually arrange and agree upon a realtor to list and sell the two aforementioned properties. Initially, Husband seemed agreeable to the listing and sale of the two aforementioned properties by virtue of a listing contract, with a Century 21 office located in Georgetown, Delaware (Wilgus Realty - 855-0500). An agent at Wilgus Realty indicated to undersigned counsel that they did not have a listing agreement as it was in the possession of

3

Husband. Based upon Wife's knowledge information and belief, husband made no further efforts to facilitate the listing and sale of the properties in question as referred to above.

7.    In the event that either of these properties are submitted to private auction or a "Sheriff Sale", it is unlikely that the parties will be able to receive significant net proceeds resulting from the sale of these properties. It is more likely that many of the debts will not likely be paid causing the parties significant financial harm if these properties go to auction. Husband has set forth no basis or ability to pay for the outstanding obligations associated with these properties and has been completely uncooperative in the listing and sale of these assets. Wife is requesting that the Court issue an Order authorizing Wife to promptly procure a listing agreement with Cooper Realty for the sale of these two parcels of marital real estate at the listing prices set forth herein, and if Husband does not execute a listing agreement within ten days of notification of said agreement, then Wife will request that the Clerk of the Court be authorized to execute any and all documents necessary and convenient to list, sell and settle the aforementioned real properties in question.

8.    On June 2, 2003, Wife filed a Motion to List and Sell Marital Property (as amended September 26, 2003). As a result of a hearing held on December 11, 2003, the Court denied Wife's Motion in part based upon the fact that the Court was not "convinced that the farm is in threat of foreclosure and given Husband's most recent payment to bring the home current on its mortgage". The Court also noted the "time wasted before the Court in this hearing caused by the manner in which Husband approached this problem".

9.    On March 9, 2004, the Court issued an Interim Ancillary Order regarding alimony and also regarding the listing and sale of marital real estate. In part, the Court noted that "after thirty (30) days following the date of the mailing of this Order, the Court will also allow to be filed by

4

either party a Motion requiring the farm real estate or an identified part of it to be listed for sale with a licensed Delaware real estate agent". The Court indicated that it "anticipated it will likely grant a request for listing and sale of the real estate, with proceeds of the sale being held in escrow, unless the objecting party can provide sufficient factual evidence in the form of bank and account statements and supporting affidavits that the objecting party will have the ability to buy out the other party at the time of the final property division".

10.    Shortly after the issuance of the Court's March 9, 2004, Order, as set forth in Paragraph 9 above, undersigned counsel advised Wife to contact "Cooper Realty Associates" to produce estimated listing prices of the subject parcels of marital real estate being Tax Parcel No. 2-32-19.00-43.06 (the farm) and Tax Parcel No. 3-32-9.00-15.06 (the marital home). Unfortunately, it took some time for Cooper Realty Associates to inspect the properties at issue and produce the recommended listing prices of $270,000.00 for the former marital home and $250,000.00 for the farm. It was necessary for undersigned counsel to receive estimated listing prices prior to filing the most recent Motion for an appropriate form of order.

11.    On or about June 13, 2004, Husband sent Wife an e-mail, (notwithstanding a PFA Order in Washington, D.C. that wife has previously obtained) advising Wife that he was not "moving or selling any property". Nevertheless, Husband offered Wife a "buy out" without providing any verification of his ability to do so as required by the Court's aforementioned Order of March 9, 2004. Husband threatened Wife that he would give her "ten days to give me some sort of answer, then I will file bankruptcy and have you forced to pay the mortgages until I can". As per previous numerous e-mails sent to Wife by Husband in the past, the remainder of Husband's e-mail represented continued financial threats with Husband advising Wife that he "can't do anything until

5

I refinance and get you off the deed". Clearly if Husband has the ability to refinance the underlying debts encumbering the real estate in question, then Husband has had the ability to pay these mortgages thus preventing the properties from going to foreclosure. With regard to Husband's threat to file bankruptcy he indicated "I file and stay, you pay. You pay, I stay". Husband also smugly advised wife, that "I covered myself years ago for this, and everything would be just fine if we stayed together but now you are finding out the way things work."

12.    As set forth above, Husband delivered an e-mail to Wife dated June 13, 2004, setting forth abrasive and threatening comments as set forth in paragraph 11 above. In addition, Husband advised Wife as follows:

> "Give me a call to work this out. Tom Gay is costing you a
> fortune, and digging you a hole, and if we sold the house for
> what Cooper Realty says after taxes and repairs we could
> split about $3,000.00."

In essence, instead of selling the subject properties and paying off all of the parties debts, Husband filed bankruptcy in order to cause further financial injury to Wife, and allow him to continue to reside in the former marital home without paying any of the costs or obligations associated thereto.

13.    Husband has threatened Cooper Realty Associates, as well as undersigned counsel, that any intrusion on the real property in question to review same for sale purposes or otherwise would result in criminal prosecution.

14.    Mr. Buchanan subsequently filed for bankruptcy, just prior to the Court's Pre-Trial Conference, scheduled on September 3, 2004. At the Court's Pre-Trial Conference scheduled for September 3, 2004, the Court was to review the listing and sale of the two parcels of marital real property at issue in this case, and as described within this Motions. As a result of the bankruptcy

6

filing by Mr. Buchanan, the property division proceedings were automatically stayed. The bankruptcy stay has now been lifted as to the financial ancillary matters pending in Family Court, including property division, as well as alimony. The parties' financial ancillary matters have been scheduled for March 21 and 22, 2006.

15.    The two parcels of marital real property, set forth herein (see paragraphs 1, 4, 5, and 10), continue to have significant deficiencies on the mortgage encumbering said properties, with both penalties and interest due. To the best of Wife's knowledge, information, and belief, both properties are at imminent risk of foreclosure. As a result of the significant mortgage deficiencies on both properties, that have existed over the past several years, Wife's credit has been severely damaged.

16.    The first parcel of marital real estate, known as Tax Parcel Number 2-32-19.00-46.03 (the farm) had a mortgage balance of approximately $119,927.21, as of August 10, 2005. As of August 10, 2005, there existed unpaid interest on the note in the amount of $7,212.00, in addition to late fees in the amount of $4,155.00. The second parcel of marital real property, specifically, Tax Parcel Number 2-32-9.00-15.06 (marital home), had a mortgage balance of $84,098.18 as of August 10, 2005. This property had an outstanding amount owed for unpaid principle, interest and penalties, in the amount of $11,434.24, as of August 11, 2005. This property has been in foreclosure status for a significant period of time, and will be going to foreclosure sale, in the near future.

17.    Husband has provided no written verification to the Court of his ability to refinance the current debts (including arrears, interest and penalties) in order to remove Ms. Buchanan's obligation associated thereto. In the event that Mr. Buchanan wished to retain the two parcels of real estate, there is a significant farming debt owed to Southern States, in the approximate amount of $50,000.00, that was incurred as a result of the parties' ownership and farming operations of the land

7

in question.  Mr. Buchanan has failed to set forth any written verification that he will be able to assume this obligation owed to Southern States in conjunction with his retention of the two parcels of real property set forth herein.  Wife estimates the combined value of these two properties is in the approximate amount of $500,000.00, if listed through a realtor with the mortgages, penalties and interest owed, there remains unsecured equity in these properties of approximately $250,000.00, depending upon realtors commissions, taxes, foreclosure costs, etc.  In the event that these two properties were sold at private sale, with net proceeds of approximately $250,000.00, the Southern States bill could have easily been paid with approximately $200,000.00 left over for the parties' to pay any other marital debt, and divide the remaining proceeds equitably.

18.   Mr. Buchanan has threatened that any individual coming onto his land for the purpose of selling "his property" will leave in a "body bag".

19.   Husband has shown no willingness or ability to refinance the debt associated with the two parcels of marital real estate, assume all of the secured and unsecured debt associated with the real estate (and the farming operation), and pay Ms. Buchanan a reasonable amount representing her equitable interest in the two parcels in question.  Prior to the Pre-Trial Hearing scheduled September 3, 2004, it seemed clear that the two parcels of marital real property would be listed for sale by Court Order.  Mr. Buchanan strategically filed a Petition for Bankruptcy, realizing that the parcels likely would be sold by Court Order after the Pre-Trial Hearing.  Mr. Buchanan has provided no evidence that he is able to retain the properties and remove Ms. Buchanan's name and obligation associated with the debts (both secured and unsecured), associated with these two parcels of real property.  Mr. Buchanan has interfered with the listing and sale of these properties with threats, coercion, duress, and tactical legal maneuvering.  Mr. Buchanan has provided absolutely no logical or legal basis, why

8

these properties should not be immediately listed for sale in order to alleviate the financial distress

to the parties, and allow the parties to begin repairing their credit history. Both parties have indicated

a desperate need for financial resources, which could be met in the event of the sale of these two

properties.

**WHEREFORE,** pursuant to this Court's Order of March 9, 2004, Petitioner Barbara

Buchanan, by and through her undersigned counsel, Thomas E. Gay, Esquire, respectfully requests

that the Court issue an Order directing the Respondent, David J. Buchanan, to sign any and all

documents necessary and convenient to list, sell and settle two parcels of marital real estate known

as Tax Parcel #2-32-19.00-46.03 (farm) and Tax Parcel #3-32-9.00-15.06 (marital home) within ten

days of being presented any sales related documents and in the event that Husband fails to execute

said documents within ten days of being mailed same, the Clerk of the Family Court of the State of

Delaware in and for Sussex County shall be authorized to execute said documents in lieu of the

Respondent, David J. Buchanan.

Sworn and subscribed before me
this _14_ day of _November_, 2005.

_Barbara H. Buchanan_    14 Nov 05
Barbara H. Buchanan        Date
Petitioner

_[signature]_  10/14/2010
Notary Public

STUMPF, VICKERS, & SANDY, P.A.

_[signature]_    11/18/05
Thomas E. Gay, Esquire        Date
8 West Market Street
Georgetown, DE 19947
I.D. # 3240
(302) 856-3561

9

Janell Hall

| | |
|---|---|
| **From:** | Irwin, M. Wayne [MIrwin@WilmingtonTrust.com] |
| **Sent:** | Tuesday, July 05, 2005 2:50 PM |
| **To:** | Buchanan Barbara SMSgt AF/REE; Jenell (E-mail) |
| **Cc:** | McCanney, David M. |
| **Subject:** | RE: Status of Buchanan Loan |

Barbara:(some background)
The account is past due. David had a meeting with me prior to him filing bankruptcy. I agreed to confirm my mortgage and he would pay normal monthly principal and interest payments. His bankruptcy should reflect this option. The primary reason is that are collateral position is good vs. loan balance. Secondly, I did not want to spend a lot of money trying to liquidate collateral in light of David's serious health conditions. He has always tried hard to pay this loan over the past few years. I thought he deserved one more chance to pay the loan.

Since you are still on the loan and want the status of the account.

Request: Status of the loan.
Loan is on hold due to David's bankruptcy.

 Current information
DAVID J BUCHANAN

BARBARA H BUCHANAN


NON-REVOLVING                              NOTE DATE:      01/14/94

ORG/COMM AMT:        150,000.00       MATURITY DATE:  01/01/09

LOAN BALANCE:        119,927.91
       INT BAL:        6,282.85   (interest is due from Jan. 2005)
       INT PER DIEM:      25.81
       LC UNPAID:      4,118.81
PAYMENT INFORMATION:
INTEREST ONLY : monthly
PRIN PAYMENT: Annual $10,000 PRINCIPAL PAYMENT due Jan 2006



CUSTOMER 1056255 LOAN 5001


Cc: Dave McCanney, Stevens & Lee (bank law firm)

-----Original Message-----
From: Buchanan Barbara SMSgt AF/REE [mailto:Barbara.Buchanan@pentagon.af.mil]
Sent: Tuesday, July 05, 2005 11:26 AM
To: Irwin, M. Wayne; Jenell (E-mail)
Subject: Status of Buchanan Loan


Dear Mr. Irwin,

Thank you for speaking with me this morning.

Please send an update of our loan status (# 10562555001) to myself and my lawyer.
Addresses as listed below:

barbara.buchanan@pentagon.af.mil

jhall@svslaw.com

The information needed should include:  Whether the account is up to date in payments, due date of next scheduled payment, amount due, interest due, pay off amount.

My intention is to sell the property in order (for which I need to get a court order) to satisfy the loan. David and I have not yet been able to agree on a settlement arrangement.
Thank you for your time and attention.
Barbara Buchanan

Investment products are not insured by the FDIC or any other governmental agency, are not deposits of or other obligations of or guaranteed by Wilmington Trust or any other bank or entity, and are subject to risks, including a possible loss of the principal amount invested. This e-mail and any files transmitted with it may contain confidential and/or proprietary information.  It is intended solely for the use of the individual or entity who is the intended recipient.  Unauthorized use of this information is prohibited.  If you have received this in error, please contact the sender by replying to this message and delete this material from any system it may be on.

## Janell Hall

| | |
|---|---|
| From: | Buchanan Barbara SMSgt AF/REE [Barbara.Buchanan@pentagon.af.mil] |
| Sent: | Tuesday, July 05, 2005 11:26 AM |
| To: | mirwin@wilmingtontrust.com; Jenell (E-mail) |
| Subject: | Status of Buchanan Loan |

Dear Mr. Irwin,

Thank you for speaking with me this morning.

Please send an update of our loan status (# 10562555001) to myself and my lawyer.
Addresses as listed below:

barbara.buchanan@pentagon.af.mil

jhall@svslaw.com

The information needed should include:  Whether the account is up to date in payments,
due date of next scheduled payment, amount due, interest due, pay off amount.

My intention is to sell the property in order (for which I need to get a court order) to
satisfy the loan. David and I have not yet been able to agree on a settlement arrangement.

Thank you for your time and attention.
Barbara Buchanan

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| BARBARA H. BUCHANAN | ) | |
| | ) | |
| Petitioner | ) | File No.: CS94-3107 |
| Attorney: Thomas E. Gay, Esquire | ) | |
| | ) | CPI No.:02-34657 |
| v. | ) | |
| | ) | |
| DAVID J. BUCHANAN | ) | |
| | ) | |
| Respondent | ) | |
| Attorney: *Pro Se* | ) | |

### <u>AFFIDAVIT</u>

STATE OF DELAWARE  :
                        : SS.
COUNTY OF SUSSEX  :

**BE IT REMEMBERED** that on this _____ day of _____, 2005,

personally appeared before me, Barbara H. Buchanan, Petitioner in the foregoing action, who, being

duly sworn by me, did depose and say that she is the Petitioner in the foregoing Motion to List and

Sell and that the facts set forth in this Motion are true and correct.

*Barbara H Buchanan*    14 Nov 05
Barbara H. Buchanan

**SWORN TO AND SUBSCRIBED** before me the day, month, and year aforesaid.

*Sheree Griggs*    10/14/2010
Notary Public

10

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| BARBARA H. BUCHANAN | ) | |
| | ) | |
| Petitioner | ) | File No.: CS94-3107 |
| Attorney: Thomas E. Gay, Esquire | ) | |
| | ) | CPI No.:02-34657 |
| v. | ) | |
| | ) | |
| DAVID J. BUCHANAN | ) | |
| | ) | |
| Respondent | ) | |
| Attorney: *Pro Se* | ) | |

## ORDER

**HAVING HEARD AND CONSIDERED** the foregoing Motion to List and Sell Marital

Real Property;

**IT IS SO ORDERED**, this _____ day of _____, 2005, that Respondent, David J.

Buchanan, is hereby directed to sign any and all documents necessary and convenient to list, sell and

settle two parcels of marital real estate known as Tax Parcel #2-32-19.00-46.03 (farm) and Tax

Parcel #3-32-9.00-15.06 (marital home) within ten (10) days of being presented any sales related

documents.

**IT IS FURTHER ORDERED** that in the event that Husband fails to execute said

documents within ten days of being mailed same, the Clerk of the Family Court of the State of

Delaware in and for Sussex County shall be authorized to execute said documents in lieu of the

Respondent, David J. Buchanan.

_____
THE HONORABLE JOHN E. HENRIKSEN

11

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

BARBARA H. BUCHANAN     )
     )
    Petitioner     )  File No.: CS94-3107
Attorney: Thomas E. Gay, Esquire     )
     )  CPI No.:02-34657
    v.     )
     )
DAVID J. BUCHANAN     )
     )
    Respondent     )
Attorney: *Pro Se*     )

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY**, that I caused to be mailed on the _18_ day of November, 2005, a true and correct copy of the foregoing Motion to List and Sell Real Property, via United States Mail, postage pre-paid to the following person(s):

David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

_____
Thomas E. Gay, Esquire

12

**STUMPF, VICKERS, & SANDY, P.A.**

ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

December 5, 2005

The Honorable John E. Henriksen
Family Court
22 The Circle
Georgetown, Delaware 19947



RE:     David J. Buchanan v. Barbara h. Buchanan
        File No. CS94-3107
        CPI No. 02-34657/03-00932

Your Honor:

        I received the Court's Letter/Order of November 28, 2005, discussing the wording of
Judge Fitzgerald's Order for Relief from Automatic Stay dated May 19, 2005, whereby the
Bankruptcy Court through Judge Fitzgerald states "upon receipt of a property division advisory
opinion of the Family Court, Barbara H. Buchanan must return to this Court if Debtor's
proceedings are still pending, and move for an order of the distribution of any property ordered
distributed by the Family Court." By copy of this letter to my client's bankruptcy attorney, James
Tyler, Esquire, I will request that Mr. Tyler file the appropriate Motion with the Bankruptcy
Court, to allow the Court to proceed to issue any and all orders necessary to resolve the parties'
pending financial ancillary matters including property division and/or the sale of marital
property.

        Thank you for your time and attention.

                                        Respectfully,

                                        Thomas E. Gay

TEG/lap

cc:     James Tyler, Esquire (w/enclosure)
        David Buchanan (w/enclosure)
        Barbara Buchanan (w/enclosure)

# The Family Court of the State of Delaware    DEC 0 1 2005



JOHN E. HENRIKSEN
ASSOCIATE JUDGE

22 THE CIRCLE
GEORGETOWN, DELAWARE 19947

November 28, 2005

Thomas E. Gay, Esquire
8 W. Market Street
Georgetown, DE  19947

<u>LETTER ORDER</u>

David J. Buchanan
34806 Hudson Road
Laurel, DE  19956

Re:    Buchanan v. Buchanan
       File CS94-3107; CPI 02-34657/03-00932
       Motion to Sell Real Property

Dear Mr. Gay and Mr. Buchanan:

I have reviewed Mr. Gay's Motion to List and Sell Real Property dated November 18, 2005, as well as Mr. Buchanan's Answer filed November 21, 2005.  I have also reviewed Bankruptcy Court Judge Fitzgerald's Order for Relief from Automatic Stay dated May 19, 2005.   Frankly, I am troubled by Judge Fitzgerald's Order wherein she states, *"Upon receipt of a property division <u>advisory</u> opinion of the Family Court, Barbara H. Buchanan must return to this Court if Debtor's proceedings is still pending, and move for an order of the <u>distribution</u> of any property ordered <u>distributed</u> by the Family Court."* (Emphasis added).  I am somewhat reluctant to issue an Order to commence the listing and sale of the real estate without an Order from the Bankruptcy Court specifically giving permission to the Family Court to order such a sale which also includes the authorization of immediate payout upon settlement of the expenses necessary to conclude settlement, and allows any remaining proceeds to be held in escrow for an eventual order of distribution by the Family Court which is thereafter approved by the Bankruptcy Court.

Accordingly, until such time as I receive clarification in the form of an Order from the Bankruptcy Court specifically outlining the ability of this Court to do what you are asking, and also including specific authority allowing

distributions at settlement out of sale proceeds for payment of settlement-related expenses, and to thereafter hold the proceeds in an escrow account, I will hold the Motion for later ruling after I have received clarification of those areas.

IT IS SO ORDERED this 28th day of November, 2005.

John E. Henriksen

JEH:dad

cc:    File No. CS94-3107
       File

Date Mailed:    December 01, 2005

## STUMPF, VICKERS, & SANDY, P.A.

ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

December 8, 2005

Mr. David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

RE:     David J. Buchanan v. Barbara H. Buchanan
        File No. CS94-3107
        CPI No.: CS94-03107 (Custody/Visitation)

Dear Mr. Buchanan:

I have received your letter of December 4, 2005, requesting that I "outline any and all contact" that I or Barbara had with Dr. Wilson or Jeffrey Premo after either of these two professionals had be served with subpoena by you.

You also requested that I explain why neither the CASA nor the Court appointed attorney were present when Heidi signed an affidavit in conjunction with previously pending custody/visitation proceedings.

I have no obligation to divulge any communications between myself and, either Dr. Wilson and/or Mr. Premo, except to respond and that I had no improper communications with either of these professionals. Second, custody/visitation matters have been resolved by virtue of the Supreme Court dismissing your appeal. Neither Ms. Buchanan, nor myself, committed any impropriety by virtue of the affidavit in question.

Sincerely,

Thomas E. Gay

TEG/jh
cc: Barbara H. Buchanan (w/enc.)

DICTATED AND READ

## STUMPF, VICKERS, & SANDY, P.A.
ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

————

KIM DeBONTE

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

October 27, 2003

The Honorable John E. Henriksen
Family Court
22 The Circle
Georgetown, Delaware 19947

RE:    Barbara H. Buchanan v. David J. Buchanan
       File No. CS94-3107
       CPI No. 02-34657

Your Honor:

On or about October 10, 2003, Mr. Buchanan filed an "Answer" attaching/referencing a letter that I sent to Mr. Buchanan dated September 9, 2003, a copy of the final decree of divorce, dated August 6, 2003, a Rite Aid Dispensing System Error Display Message, as well as a letter Mr. Buchanan directed to my attention which I refused to answer as a result of the inflammatory, libelous, and disrespectful statements and comments set forth therein. Notwithstanding my belief that this pleading should be stricken from the Court by virtue of previous court orders, I felt compelled to inform the court, that the "Tri-Care System" did kick Mr. Buchanan out inadvertently for a brief period of time, yet Mr. Buchanan was sent an e-mail from the military after this problem was uncovered, allowing him to promptly again receive the health insurance benefits that have been procured by virtue of my client's efforts, as per my letter dated September 9, 2003, attached to Mr. Buchanan's pleading.

I am respectfully requesting that the court admonish Mr. Buchanan in the strongest terms, that his efforts to sidestep this court's previous Orders will not be tolerated as my client cannot afford to respond to weekly pleadings filed by Mr. Buchanan in conscious disregard for the rules of procedure and Your Honor's previous orders. My client cannot continue to afford representation if Mr. Buchanan's conduct continues. I have confirmed with my client that Mr. Buchanan does have Tri-Care Benefits for a period of one year as per my aforementioned letter.

Respectfully,

Thomas E. Gay

TEG/jh

cc:    Clerk of Court
       Barbara Buchanan (with enclosures)
       David J. Buchanan

THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

In Re the Matter of:                        :        File No.      CS94-3107

David J. Buchanan                           :        Petition No.   02-34657

        *Pro Se,*                           :        PRE-TRIAL ORDER -
                                            :        CUSTODY
        v.                                  :

Barbara H. Buchanan,                        :

        Thomas E. Gay,                      :
        Esquire.                            :

In the Interest Of:                         :

Heidi N. Buchanan                           :
DOB:  03.10.88                              :

> Date Submitted:  September 3, 2004
> Date Decided:  September 3, 2004

On September 3, 2004, pursuant to a Letter Order dated August 20, 2004, the Court had scheduled a pre-trial involving Mr. Gay, Ms. Gibbons on behalf of the CASA, and Mr. Buchanan solely for the limited purpose of establishing what matters are outstanding in this case, scheduling those matters for trial, and also determining what motions still need to be decided.[1]  Although there are numerous motions pending, the major matters require a hearing on custody and also property division, alimony, and attorney's fees, with the attorney's fees request following a decision on the property.

By Emergency Order dated August 25, 2004, the Court also consolidated with this pre-trial hearing an emergency hearing on husband's recent Motion

seeking extended health insurance coverage through his ex-wife's military insurance coverage.

At the pre-trial, the Court learned that Mr. Buchanan recently filed bankruptcy. This therefore clearly stays all matters concerning property division. Included in that stay are the Court's consideration of whether the marital real estate should be sold for arrearages on the mortgage, which was one of the matters which also was going to be specifically considered and ruled on at the pre-trial on September 3, 2004. The Court has no doubt that the consideration of the sale of the real estate cannot be proceeded upon until the Bankruptcy Court finalizes its proceeding, or issues a specific Order authorizing the Family Court to proceed on the Motion for Sale of Real Estate and other property-related matters.

The Court is less clear as to whether the bankruptcy proceeding prevents the Court to consider husband's emergency application for obtaining medical health insurance through his wife, as well as Mr. Gay's Motion to Reconsider Interim Alimony. The Court has directed husband to contact the Bankruptcy Court immediately to seek an Order from it giving permission for this Court to entertain his Emergency Motion seeking COBRA coverage, noting that his application for COBRA coverage is related to the pending applications and Orders for alimony and child support. Likewise, Mr. Gay had already indicated to the Court that his client was seeking to obtain permission from the Bankruptcy Court on matters of property division and alimony, including the sale of real estate.

The Court also pointed out to Mr. Buchanan that simply having completed his psychological evaluation was not enough for the Court to consider reinstating contact between father and his daughter.   The Court explained that father needed to file a Motion Seeking Reinstatement of Contact, attaching a copy of Dr. Wilson's report to his pleading, to which Mr. Gay would then have an opportunity to respond.  The Court explained it is likely the Court will schedule a brief hearing where Dr. Wilson could provide testimony, and so that both parties would have the opportunity to question Dr. Wilson about his report and recommendations.  Given that the custody hearing on this matter is scheduled for November 29, 2004, and the full schedule of the Court, it may not be possible for the Court to hold a hearing to consider some temporary contact between Heidi and her father prior to the November 29th hearing, although the Court still encouraged father to make this application with the possibility that a trial date would open up earlier wherein this limited issue could be considered.

The Court also wants to address and resolve some confusion that arose during the pre-trial hearing concerning subpoena *duces tecums* which were issued by Mr. Buchanan attempting to compel Barbara Buchanan to attend the pre-trial proceeding and bring the parties' daughter, Heidi.  As already noted, Mr. Buchanan indicated that he thought the hearing on September 3rd was a full custody hearing despite the very specific limitations on the hearing established in the Court's Letter Order dated August 20, 2004.  Mr. Buchanan was upset that Barbara Buchanan and Heidi were not present for the hearing.  The Court's Letter Order of August 20, 2004 made very clear that only the attorneys and Mr.

3

Buchanan were required to attend the September 3rd hearing. It was on this basis alone that the Court declined to take any action on Mr. Buchanan's request to enforce the subpoenas. Frankly, the Court has questions as to how Mr. Buchanan would obtain appropriate service of process of these subpoenas on Ms. Buchanan and her daughter, both who presently reside in Washington, D.C. The confusing part on this issue, however, and the part the Court wishes to clear up, is that mother's attorney argued that Mr. Buchanan had no right to issue a subpoena *duces tecum* requiring Ms. Buchanan to bring Heidi to Court. Mr. Gay's argument was bolstered by his presentation to the Court of a document entitled "Respondent's Written Objection to Petitioner's Subpoena" which was prepared by this Judge on behalf of a former client while this Judge was still a practicing attorney. If the Court recalls the former situation correctly, the facts in the case where this Judge was a private practitioner representing a client against one of Mr. Gay's clients are entirely different than the matter at hand. In the former case, Mr. Gay had attempted to issue a subpoena *duces tecum* requiring this Judge's former client to produce phone records at Mr. Gay's office by a certain date. As argued by this Judge while an attorney, such a request should have been made pursuant to a Request for Production served on the client's attorney rather than through a direct subpoena of the client to appear at Mr. Gay's office. This is entirely different from the circumstances where 1 party, wanting to be sure the other party attends a hearing, or brings certain documents with them to the hearing, issues a subpoena for attendance of the party at the hearing, or a subpoena *duces tecum* for that party to bring other documents or a

child to the hearing itself.  The Court also notes that the document presented by Mr. Gay was the pleading of an attorney on behalf of the client as opposed to the Order of the Court.  The Court wants to make clear to both Mr. Buchanan and to Mr. Gay that Mr. Buchanan, if he feels the need, is certainly able to issue subpoenas to require the attendance at any future hearing before the Court of another party in the action, and also a subpoena *duces tecum* to compel that party to bring records or the child to the hearing.  Of course, the subpoena must be properly served upon the party to require compliance.

The one matter that could be resolved on this date was the scheduling of the **hearing for custody**.  The hearing will begin at **9:00 a.m. on Monday, November 29, 2004** at the Family Court Building before the Honorable John E. Henriksen.  The hearing is scheduled for the entire day.

IT IS SO ORDERED this 3rd day of September, 2004.

JOHN E. HENRIKSEN, JUDGE

JEH:dad

PC:    David J. Buchanan
Thomas E. Gay, Esquire
Kristin S. Gibbons, Esquire
File CS94-3107
File

Date Mailed:  September 13, 2004

---

[1] As correctly noted by Mr. Buchanan, the Court as part of its usual procedure sent out general notices telling the parties a "custody hearing" was scheduled for this hearing.  A very specific Letter Order from the Court, however, advised the parties of the time and limited purpose of the hearing on September 3, 2004.

**STUMPF, VICKERS, & SANDY, P.A.**
ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

July 20, 2004

The Honorable John E. Henriksen
Sussex County Family Court
22 The Circle
Georgetown, DE 19947



RE:    Barbara H. Buchanan v. David J. Buchanan
       File No. CS94-3107
       CPI No. 02-34657

Your Honor:

   I have received a letter directed to Your Honor's attention from Mr. Buchanan dated July 18, 2004, which seems to advise the court and myself that Mr. Buchanan plans to file a Petition for Bankruptcy. Due to the fact that Mr. Buchanan has not provided any verification of any actual bankruptcy filing, the parties pending financial ancillary matters may proceed forward. The remainder of Mr. Buchanan's letter seems to be a request for an extension fo time for Mr. Buchanan to file his response to my "Motion to List and Sell Real Property" filed with the court on July 14, 2004. Mr. Buchanan has not submitted his request as per the applicable rule of procedure. Mr. Buchanan has set forth no reason why he is not prepared to file a timely response which would seem necessary as Mr. Buchanan has had ample warning and knowledge of such a filing as per (1) the court's most recent applicable Order; (2) my first Motion to List and Sell Real Property; and lastly (3) as per my "bombardment of letters" on this point.

   I have tried everything possible to work with Mr. Buchanan on this issue without having to resort to yet another pleading filed with the court and Your Honor. Unfortunately, Mr. Buchanan's litigious conduct and selective intransigence continues.

   I oppose Mr. Buchanan having any extension of time in which to file a response to my aforementioned Motion for reasons as set forth herein, and as time is of the essence due to the fact that one of the properties is facing imminent foreclosure.

Respectfully,

Thomas E. Gay

TEG:jh

cc:    David Buchanan
       Barbara Buchanan (w/enc.)

**STUMPF, VICKERS, & SANDY, P.A.**

ATTORNEYS AT LAW
8 WEST MARKET STREET
GEORGETOWN, DELAWARE 19947

THOMAS J. STUMPF
VINCENT H. VICKERS, II
JOHN M. SANDY
THOMAS E. GAY
BRIAN F. DOLAN

302-856-3561
(Fax) 302-856-0956
(Fax) 302-856-3985

KIM DeBONTE

February 4, 2003

The Honorable John E. Henriksen
Family Court
22 The Circle
Georgetown, Delaware   19947



RE:    Barbara H. Buchanan v. David J. Buchanan
       File No. CS94-3107
       CPI No. 02-34657

Your Honor:

  I have received the Court's Order of January 29, 2003 regarding my Motion requesting that the Court accept a document filed with my client's divorce petition which purported to be representative of a certified copy of the parties' original marriage certificate. In the interim, I have also received a "Motion for Dismissal of Motion to Accept Photostatic Copy of Marriage Certificate" filed by the Respondent, David J. Buchanan. From the Court's aforementioned Order, I believe that the Court treated Mr. Buchanan's Motion for Dismissal as an Answer to my initial Motion. Thus, I am not filing an "Answer" unless the Court so advises. The amount of pleadings in this case have already been cumbersome not only to the parties but also to the Court (I must imagine).

  It was my initial understanding from my client that the document attached to the original Petition for Divorce was in fact a "certified" copy of a marriage certificate yet upon further inspection and review, we have initiated the procurement of a "true certified copy" as explained by Suffolk County, England which I expect to receive within the time frame set forth within your Order, specifically Page 2, Section 1.   If I require additional time to receive this document from England, I will so advise the Court and Mr. Buchanan.

  If you have any questions or concerns, please do not hesitate to contact me. Thank you for your time and attention.

Respectfully,

Thomas E. Gay

TEG:slw

cc:   Barbara H. Buchanan (with enclosures, Motion for Dismissal)
      David J. Buchanan

Stumpf, Vickers & Sandy, P.A.
8 W. Market Street
Georgetown, DE  19947

# EXHIBIT "B"

Invoice submitted to:
Barbara Buchanan
3434-B Lackland Way
Bolling AFB
Washington DC 20032

*Sep of 2, 3, 4, 8, 14 ect.*

August 26, 2003

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/10/2002 | TEG | Draft Petition For Divorce, Review Intake, Conference Secretary | 0.70 300.00/hr | 210.00 |
| 12/11/2002 | TEG | Telephone Client, Review File | 0.20 300.00/hr | 60.00 |
| 12/16/2002 | TEG | Telephone Client | 0.30 300.00/hr | 90.00 |
| 12/17/2002 | TEG | Review Petition, Review File, Conference Secretary | 0.40 300.00/hr | 120.00 |
| 12/23/2002 | TEG | Review Pleadings | 0.10 300.00/hr | 30.00 |
| 12/27/2002 | TEG | Review & Correct Petition for Divorce, Review Custody Petition, Draft Answer & Counter Claim, Conference Secretary, Review Document | 1.60 300.00/hr | 480.00 |
| 12/31/2002 | TEG | Review & Correct Petition, Review & Correct Answer & Motion | 0.60 300.00/hr | 180.00 |
| | TEG | Review & Correct Entry Of Appearance, Conference Secretary | 0.10 300.00/hr | 30.00 |
| 01/02/2003 | TEG | Review & Correct Petition, Review & Correct Entry Of Appear, Review & Correct Motion | 0.60 300.00/hr | 180.00 |
| 01/06/2003 | TEG | Review Documents, Review & Correct Motion | 0.30 300.00/hr | 90.00 |
| | TEG | Conference Secretary, Review File, Review Documents | 0.20 300.00/hr | 60.00 |
| 01/07/2003 | TEG | Review Notice, Draft Letter | 0.20 300.00/hr | 60.00 |
| 01/09/2003 | TEG | Review E-Mail | 0.10 300.00/hr | 30.00 |
| 01/13/2003 | TEG | Conference Client, Appear, Draft Answer Twice, Draft Counter Claim, Conference Secretary | 2.10 300.00/hr | 630.00 |

Barbara Buchanan                                                              Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 01/14/2003 | TEG | Review Order, Draft Letter | 0.20 300.00/hr | 60.00 |
| | TEG | Review & Correct Answer For Support | 0.10 300.00/hr | 30.00 |
| | TEG | Telephone Draft, Review Fax | 0.20 300.00/hr | 60.00 |
| 01/17/2003 | TEG | Draft Motion, Review Documents, Draft Letter, Conference Secretary | 0.40 300.00/hr | 120.00 |
| 01/20/2003 | TEG | Review Answer, Draft Letter, Review & Correct Motion | 0.30 300.00/hr | 90.00 |
| 01/21/2003 | TEG | Review & Correct Motion | 0.10 300.00/hr | 30.00 |
| 01/28/2003 | KD | Conference Secretary, Review File, Letter, Draft Pleading, Review E-Mails, Review File, Review & Correct, Conference Secretary | 1.30 200.00/hr | 260.00 |
| 01/29/2003 | KD | Conference Secretary, Review Order, Conference Client | 0.20 300.00/hr | 60.00 |
| 02/03/2003 | TEG | Review Pleadings, Review Emergency Motion, Review Order Twice, Review Letter/ Exhibits, Review Order, Review E-Mails Five Times, Conference Secretary, Review Order, Draft Letter Twice, Review Motion To Dismiss, Draft Letter, Review Motion For Relief, Draft Answer, Study & Research, Review Motion To Strike, Conference Secretary, Review E-Mail | 1.80 300.00/hr | 540.00 |
| 02/04/2003 | TEG | Review Answer, Review Fax, Telephone Client, Review & Correct Letter Three Times | 0.50 300.00/hr | 150.00 |
| 02/06/2003 | TEG | Review File, Review & Correct Motion, Review & Correct Answer | 0.20 300.00/hr | 60.00 |
| | TEG | Telephone Client, Review Fax, Review Letter, Draft Letter | 0.40 300.00/hr | 120.00 |
| 02/10/2003 | TEG | Telephone Attorney, Draft Letter Twice, Review EOA | 0.60 300.00/hr | 180.00 |
| | TEG | Review Fax, Conference Secretary, Review Fax, Draft Letter, Review Letter/Fax, Review Order, Draft Letter | 0.40 300.00/hr | 120.00 |
| 02/11/2003 | TEG | Telephone Attorney, Review Letter Twice, Draft Motion, Review Order | 0.90 300.00/hr | 270.00 |
| | TEG | Review File, Review E-Mails, Conference Cout | 1.20 300.00/hr | 360.00 |
| 02/12/2003 | TEG | Review 21 E-Mails, Telephone Attorney | 1.20 300.00/hr | 360.00 |
| 02/13/2003 | TEG | Conference Attorney, Telephone Court, Draft Stipulation | 0.60 300.00/hr | 180.00 |
| | TEG | Review E-Mails, Trial Preparation, Review Pleadings, Telephone Attorney Three Times | 3.50 300.00/hr | 1,050.00 |
| 02/14/2003 | TEG | Telephone Attorney Twice, Conference Client, Conference Heidi | 2.10 300.00/hr | 630.00 |
| 02/19/2003 | TEG | Telephone Kristin Gibbons, Review & Correct Letter, Review Entry Of Appearance | 0.20 300.00/hr | 60.00 |
| | TEG | Review Motion, Review Letter, Draft Letter | 0.10 300.00/hr | 30.00 |

Barbara Buchanan                                                                            Page      3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 02/24/2003 | TEG | Telephone Client, Review E-Mail Twice, Draft Letter | 0.40<br>300.00/hr | 120.00 |
| 02/25/2003 | TEG | Telephone Client, Review E-Mails Six Times, Review Letter Twice, Draft Letter | 0.60<br>300.00/hr | 180.00 |
|  | TEG | Conference Secretary, Review File | 0.20<br>300.00/hr | 60.00 |
| 02/26/2003 | TEG | Draft Letter, Review E-Mail Twice, Telephone Client, Review File, Conference Secretary, Order Title Search | 1.10<br>300.00/hr | 330.00 |
|  | TEG | Review E-Mail, Review Credit Reports | 0.20<br>300.00/hr | 60.00 |
| 02/27/2003 | TEG | Review E-Mail Twice, Draft Letter, Review Notice | 0.30<br>300.00/hr | 90.00 |
| 03/04/2003 | TEG | Telephone Client, Telephone Title Searcher | 0.30<br>300.00/hr | 90.00 |
|  | TEG | Review Letter, Draft Letter | 0.10<br>300.00/hr | 30.00 |
| 03/05/2003 | TEG | Review Title Searches, Conference Title Searcher, Telephone Client, Review Title Search, Review File | 0.70<br>300.00/hr | 210.00 |
| 03/06/2003 | TEG | Draft Letter, Conference Client | 0.90<br>300.00/hr | 270.00 |
| 03/10/2003 | TEG | Telephone Client, Draft Letter, Review Order, Draft Letter, Conference Chsa | 0.70<br>300.00/hr | 210.00 |
| 03/12/2003 | TEG | Review Letter, Draft Letter | 0.10<br>300.00/hr | 30.00 |
| 03/14/2003 | TEG | Review E-Mail | 0.10<br>300.00/hr | 30.00 |
| 03/17/2003 | TEG | Telephone  Client, Review E-Mail Four Times, Review Fax | 0.30<br>300.00/hr | 90.00 |
|  | TEG | Review File, Review E-Mails, Telephone Court, Draft Motion | 0.90<br>300.00/hr | 270.00 |
|  | TEG | Review & Correct Motion | 0.30<br>300.00/hr | 90.00 |
| 03/18/2003 | TEG | Conference Secretary, Review & Correct Motion, Review File, Telephone Client | 0.50<br>300.00/hr | 150.00 |
|  | TEG | Telephone Client, Telephone Court, Review Notice, Review Order | 0.40<br>300.00/hr | 120.00 |
| 03/19/2003 | TEG | Conference Secretary, Telephone Attorney, Telephone Client Twice, Telephone Joan, Review File, Telephone Attorney | 1.00<br>300.00/hr | 300.00 |
| 03/20/2003 | TEG | Telephone Attorney, Review Letter, Draft Letter, Review Notice, Draft Letter, Telephone Attorney, Telephone Centry 21, Conference Secretary | 0.60<br>300.00/hr | 180.00 |
| 03/26/2003 | TEG | Prepare For Mediation, Telephone Attorney | 0.40<br>300.00/hr | 120.00 |
|  | TEG | Appear, Telephone Client, Review Notice, Telephone Court, Draft Letter | 0.50<br>300.00/hr | 150.00 |
| 03/28/2003 | TEG | Appear, Conference Attorney, Review Order, Draft Letter | 0.40<br>300.00/hr | 120.00 |
| 04/03/2003 | TEG | Conference Secretary | 0.10<br>300.00/hr | 30.00 |

Barbara Buchanan                                                                        Page    4

|  |  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| ★ | 04/11/2003 | TEG | Review Motion, Draft Letter | 0.30 300.00/hr | 90.00 |
| ★ | 04/21/2003 | TEG | Telephone Client, Draft Letter, Review File, Review And Correct Answer | 0.20 300.00/hr | 60.00 |
|  | 04/28/2003 | TEG | Review E-Mail, Telephone Client, Draft Letter | 0.30 300.00/hr | 90.00 |
|  |  | TEG | Telephone Client, Conference Secretary, Appear | 1.00 300.00/hr | 300.00 |
|  | 04/29/2003 | TEG | Review E-Mail, Review Order, Draft Letter | 0.20 300.00/hr | 60.00 |
|  | 05/06/2003 | TEG | Review File, Telephone Client | 0.40 300.00/hr | 120.00 |
| ★ | 05/09/2003 | TEG | Review Motion, Review File, Draft Answer | 0.40 300.00/hr | 120.00 |
| ★ | 05/12/2003 | TEG | Review & Correct Motion, Conference Secretary | 0.20 300.00/hr | 60.00 |
|  |  | TEG | Review Letter, Draft Letter | 0.10 300.00/hr | 30.00 |
|  |  | TEG | Telephone Attorney, Review Fax, Telephone Bank, Review Answer | 0.30 300.00/hr | 90.00 |
| ★ |  | TEG | Review Motion, Draft Letter | 0.10 300.00/hr | 30.00 |
|  | 05/14/2003 | TEG | Review Letter, Draft Letter. Review File | 0.30 300.00/hr | 90.00 |
|  |  | TEG | Review Notice, Review Answer, Review Fax, Review Order, Draft Letter | 0.40 300.00/hr | 120.00 |
|  |  | TEG | Review E-Mails, Draft Letter | 0.20 300.00/hr | 60.00 |
|  |  | TEG | Review Letter, Draft Letter | 0.10 300.00/hr | 30.00 |
|  | 05/15/2003 | TEG | Review & Correct Letter | 0.10 300.00/hr | 30.00 |
| ★ | 05/16/2003 | TEG | Review & Correct Motion, Review Letter, Draft Letter | 0.30 300.00/hr | 90.00 |
| ★ | 05/19/2003 | TEG | Review & Correct Motion | 0.10 300.00/hr | 30.00 |
| ★ |  | TEG | Review & Correct Answer | 0.10 300.00/hr | 30.00 |
|  | 05/20/2003 | TEG | Draft Motion, Review Title Search, Review File, Conference Secretary | 1.00 300.00/hr | 300.00 |
|  |  | TEG | Review & Correct Letter | 0.10 300.00/hr | 30.00 |
| ★ | 05/23/2003 | TEG | Review Motion, Draft Answer, Review File | 0.70 300.00/hr | 210.00 |
|  |  | TEG | Review Letter, Draft Letter | 0.20 300.00/hr | 60.00 |
|  | 05/28/2003 | TEG | Review & Correct Motion, Review Exhibits, Conference Secretary, Review Fax, Telephone Client | 0.50 300.00/hr | 150.00 |

Barbara Buchanan                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| * 05/29/2003 | TEG | Review & Correct Answer, Review & Correct Letter | 0.30 300.00/hr | 90.00 |
| 05/30/2003 | TEG | Review Fax & Letters | 0.10 300.00/hr | 30.00 |
| 06/02/2003 | TEG | Review Letter, Review Document, Review & Correct Letter | 0.30 300.00/hr | 90.00 |
|  | TEG | Telephone Client, Review & Correct Letter | 0.20 300.00/hr | 60.00 |
| 06/03/2003 | TEG | Telephone Client, Review File, Review Letter | 0.30 300.00/hr | 90.00 |
| 06/04/2003 | TEG | Review Motion, Draft Answer, Review File | 0.80 300.00/hr | 240.00 |
| 06/05/2003 | TEG | Review Order, Draft Letter, Review E-Nail, Conference Secretary, Review & Correct Answer | 0.50 300.00/hr | 150.00 |
| 06/06/2003 | TEG | Review E-Mail, Review Letter, Conference Secretary | 0.20 300.00/hr | 60.00 |
| 06/09/2003 | TEG | Review & Correct Letter | 0.10 300.00/hr | 30.00 |
| 06/12/2003 | TEG | Conference Secretary, Review Motion, Draft Letter, Review Document | 0.90 300.00/hr | 270.00 |
|  | TEG | Review Answer, Draft Letter, Review Letter, Draft Letter, Review Motion, Draft Answer, Review & Correct Answer | 0.60 300.00/hr | 180.00 |
| 06/13/2003 | TEG | Telephone Client, Review Order, Review Letter, Draft Letter, Review & Correct Answer | 0.40 300.00/hr | 120.00 |
|  | TEG | Review & Correct Letter, Review Motion | 0.20 300.00/hr | 60.00 |
| 06/17/2003 | TEG | Review & Correct Motion, Review Motion, Draft Letter | 0.40 300.00/hr | 120.00 |
| 06/19/2003 | TEG | Review Answer Twice, Draft Letter | 0.10 300.00/hr | 30.00 |
| 06/20/2003 | TEG | Review Letters, Draft Letter, Review PFA Order, Conference Secretary, Review Criminal History, Draft Letter | 0.40 300.00/hr | 120.00 |
| 06/26/2003 | TEG | Review Motion, Review Answer, Draft Answer Twice, Review Notice, Draft Letter | 0.60 300.00/hr | 180.00 |
| 07/01/2003 | TEG | Review File, Conference Secretary, Review PFA Order, Review Motion, Draft Answer To Motion | 0.50 300.00/hr | 150.00 |
| 07/02/2003 | TEG | Review Answer, Draft Motion, Review File, Conference Secretary, Review Fax | 0.40 300.00/hr | 120.00 |
|  | TEG | Review & Correct Answer & Counter Claim | 0.10 300.00/hr | 30.00 |
| 07/03/2003 | TEG | Review Motion, Draft Answer, Study & Research, Review File | 0.40 300.00/hr | 120.00 |
| 07/08/2003 | TEG | Review Fax, Conference Secretary, Review File | 0.30 300.00/hr | 90.00 |
|  | TEG | Telephone Attorney, Conference Secretary | 0.20 300.00/hr | 60.00 |
| 07/09/2003 | TEG | Review & Correct Answer, Conference Secretary | 0.20 300.00/hr | 60.00 |

Barbara Buchanan

|            |     |                                                                                              | Hrs/Rate          | Amount |
|------------|-----|----------------------------------------------------------------------------------------------|-------------------|--------|
| 07/10/2003 | TEG | Conference Secretary, Draft Petitions, Review & Correct Answer                                | 1.10<br>300.00/hr | 330.00 |
| 07/14/2003 | TEG | Review Answer, Draft Letter, Review & Correct Motion                                          | 0.40<br>300.00/hr | 120.00 |
| 07/15/2003 | TEG | Telephone Client Three Times, Appear, Review File, Review & Correct Letter                    | 1.30<br>300.00/hr | 390.00 |
| 07/17/2003 | TEG | Review & Correct Letter, Conference Mary Lee                                                  | 0.10<br>300.00/hr | 30.00  |
| 07/21/2003 | TEG | Review Motion, Draft Letter, Draft Motion                                                     | 0.20<br>300.00/hr | 60.00  |
| 07/22/2003 | TEG | Review Motion, Draft Answer, Review Notice, Draft Letter                                      | 0.50<br>300.00/hr | 150.00 |
|            | TEG | Telephone Client, Conference Secretary, Draft Letter, Review File                             | 0.30<br>300.00/hr | 90.00  |
|            | TEG | Review Answer And Counter Motion, Draft Letter                                                | 0.30<br>300.00/hr | 90.00  |
| 07/23/2003 | TEG | Review & Correct Answer Twice                                                                 | 0.20<br>300.00/hr | 60.00  |
| 07/24/2003 | TEG | Review & Correct Letter, Review Motion, Draft Answer                                          | 0.40<br>300.00/hr | 120.00 |
| 07/25/2003 | TEG | Review File, Review & Correct Answer, Review Letter, Draft Letter                             | 0.30<br>300.00/hr | 90.00  |
| 07/28/2003 | TEG | Review & Correct Answer, Conference Secretary                                                 | 0.20<br>300.00/hr | 60.00  |
|            | TEG | Conference KG, Review Answer, Draft Motion                                                    | 0.40<br>300.00/hr | 120.00 |
| 07/29/2003 | TEG | Review Order                                                                                  | 0.10<br>300.00/hr | 30.00  |
| 07/31/2003 | TEG | Review & Correct Motion                                                                       | 0.20<br>300.00/hr | 60.00  |
|            | TEG | Review Order, Draft Letter                                                                    | 0.20<br>300.00/hr | 60.00  |
| 08/04/2003 | TEG | Review Order, Conference Secretary, Draft Letter                                              | 0.30<br>300.00/hr | 90.00  |
|            | TEG | Review Motion, Conference Secretary                                                           | 0.20<br>300.00/hr | 60.00  |
| 08/05/2003 | TEG | Review Motion, Draft Letters, Review Order                                                    | 0.30<br>300.00/hr | 90.00  |
|            | TEG | Review Letters, Draft Letters, Review Orders, Draft Answer, Study & Research                  | 0.40<br>300.00/hr | 120.00 |
|            | TEG | Conference KG, Review Letters, Draft Letters, Review Letters, Draft Letter                    | 0.30<br>300.00/hr | 90.00  |
| 08/06/2003 | TEG | Appear, Conference Client, Conference David B., Trial Preparation, Review File, Conference Secretary, Draft Letter | 1.50<br>300.00/hr | 450.00 |
|            | TEG | Review Motion, Draft Answer, Review File                                                      | 0.30<br>300.00/hr | 90.00  |
| 08/07/2003 | TEG | Telephone Client, Review & Correct Letter                                                     | 0.20<br>300.00/hr | 60.00  |

Barbara Buchanan                                                                                    Page     7

|  |  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| ✶ | 08/08/2003 | TEG | Review & Correct Motion, Review & Correct Answer Twice | 0.20<br>300.00/hr | 60.00 |
| ✶ | 08/11/2003 | TEG | Review Notice, Draft Answer, Review & Correct Answer | 0.30<br>300.00/hr | 90.00 |
| ✶ |  | TEG | Review & Correct Answer, Review E-Mail | 0.20<br>300.00/hr | 60.00 |
| ✶ | 08/14/2003 | TEG | Review Letters, Draft Letters, Review Motion, Telephone Client, Draft Answer | 0.60<br>300.00/hr | 180.00 |
| ✶ |  | TEG | Review & Correct Motion, Review Answer | 0.30<br>300.00/hr | 90.00 |
| ✶ | 08/15/2003 | TEG | Review & Correct Answer, Conference Secretary | 0.10<br>300.00/hr | 30.00 |
| ✶ | 08/18/2003 | TEG | Draft Answer, Review Order Twice, Review Letter, Draft Letter Twice | 0.50<br>300.00/hr | 150.00 |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | For professional services rendered |  | 63.10 | $18,800.00 |

Additional Charges :

|  |  |  |  | Qtv/Price | |
|---|---|---|---|---|---|
| 01/15/2003 | TEG | Family Court |  | 1<br>140.00 | 140.00 |
| 02/10/2003 | TEG | Family Court |  | 1<br>18.00 | 18.00 |
|  | TEG | Kelly Jansen |  | 1<br>80.00 | 80.00 |
| 03/05/2003 | TEG | Marriage License from England |  | 1<br>44.67 | 44.67 |
| 03/17/2003 | TEG | Deed Research |  | 1<br>100.00 | 100.00 |
| 07/09/2003 | TEG | Kelly Jansen |  | 1<br>50.00 | 50.00 |

|  |  |  |
|---|---|---|
| Total costs |  | $432.67 |

Form 325
(Rev. 2/03)

# The Family Court of the State of Delaware

For ☐ New Castle  ☐ Kent  ☒ Sussex County

## SUBPOENA

*Attachment F*

| PETITIONER | | RESPONDENT | | PETITION NUMBER |
|---|---|---|---|---|
| David J. Buchanan | VS | Barbara H. Buchanan | | 02-34657 |

TO:
Barbara H. Buchanan (cust)
Heidi N. Buchanan
3434B Lackland Way
Bolling AFB, DC 20631

MATTER(S)
Custody of minor child
Heidi N. Buchanan

**TO ADDRESSEE:**    You are hereby commanded to appear personally at the address checked below on:

DATE: _9/3/04_    TIME: _10 AM_    BEFORE: _Judge Henriksen_

☒ To testify  ☒ To give deposition in the above entitled proceeding  ☒ To produce the documentary evidence specified below. You are not released from this Subpoena until excused by the Court. If you fail to appear, a capias may be issued for your arrest. _Produce minor child Heidi N. Buchanan, all records of child's health, dental, school records including grades, and produce all of Barbara's 2002, 2003 Tax returns, leave and earnings statements, and any financial records showing rent, phone and utilities, food expense. Records shall also include an itemized utilization of all custodial accounts in Barbara's control. Barbara will also produce a record of all psychological evaluations+ treatments military, public or private._

**NAME, ADDRESS, AND TELEPHONE NO. OF REQUESTING PARTY OR ATTORNEY**

David J. Buchanan
34806 Hudson Road
Laurel DE 19956
302-875-1362

_child & documentary evidence will be reviewed 14hrs prior to hearing_

**WITNESS THE JUDGES of the Family Court of the State of Delaware,**

BY: _____    _8/24/04_
                                 DATE ISSUED

CLERK OF COURT

## BRING THIS SUBPOENA WITH YOU

REPORT TO

☐ 500 N. KING STREET
WILMINGTON, DE 19801
(302) 255-0055

☐ 400 COURT STREET
DOVER, DE 19901
(302) 739-6500

☒ 22 THE CIRCLE
GEORGETOWN, DE 19947
(302) 855-7400

## AFFIDAVIT OF PROCESS SERVER

_Eric Johnson_ _275 Vermont St Bolling_ , the affiant declares: that affiant is over

_AFB; 20032_

the age of eighteen years, and is not a party to this action. ~~PAGE 2 A 10-59~~

Service: I served _Barbara N. Buchanan_ .( _None_ ) with this
(Relationship, if not respondent)

summons at: ☒ respondent primary address   ☐ alternate address   ☐ Other (Specify): _____

on: _25 Aug_   at: _0925_   ☐ a.m. ☐ p.m.   | _8434B Cackland Wa_ |
(Date)                (Time)                        Street Address

_Bolling AFB DC 2003_
City          State   Zip

### Manner of Service:

☒ By delivering copies of the summons and petition personally to the person named in this summons.

☐ By leaving copies at the usual place of abode of the respondent with some person of suitable age and discretion, namely,

_____ who has verified that respondent does live therein.

☐ By delivering copies of an agent authorized by appointment or by law to receive service of process.

### Description of person served:

Age: _44_   Sex: _F_   Race: _C_   Hgt: _5 8_   Wgt: _175_   Hair: _Bcu_   Glasses: _No_

**Service Attempts:**   Service was attempted on: _____ , _____ ,
(Date)              (Time)           (Date)              (Time)

_____ , _____ , _____ , _____
(Date)       (Time)       (Date)       (Time)       (Date)       (Time)       (Date)       (Time)

**Non Service:** After due search, careful inquiry, and diligent attempts at the address(es) listed on this document, I have been unable to effect process upon the person to be served because of the following reason(s):

☐ Moved, left no forwarding address     ☐ Address does not exist     ☐ Unknown at address

☐ Evading _____ (Explain)

☐ Other: _____ (Explain)

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on

_____
(Date)

_____
(Signature of Process Server)

Sworn to and subscribed before me this date_____ .

_____
(Notary Public)

Process Server: Please return this affid____ ) the Court address checked on the fron____ is form.

# Exhibit "B"

Exhibit "B"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| DAVID J. BUCHANAN, and in the interest of HEIDI N. BUCHANAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 06C-01-002 MMJ |
| THOMAS E. GAY, ESQUIRE; THALIA JOAN GAY; and the firm of STUMPF, VICKERS & SANDY, P.A., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Submitted: June 26, 2006
Decided: September 21, 2006

David J. Buchanan, *Pro Se*

Joseph Scott Shannon, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, Attorneys for Thomas E. Gay, Esquire and Stumpf Vickers & Sandy, P.A.

John A. Elzufon, Esquire, Elzufon, Austin, Reardon, Tarlov & Mondell, P.A., Wilmington, Delaware, Attorneys for Thalia Joan Gay

JOHNSTON, J.

### PROCEDURAL CONTEXT

On January 3, 2006, *pro se* plaintiff Davis J. Buchanan ("Buchanan") filed a Complaint, seeking "damages for Breach of Fiduciary Duty, Medical Malpractice, Defamation of Character, Derivative Tort, Infliction of Severe Emotional Distress and Harm, Litigation Conducted in Malum In Se, Failure to Observe Federal Bankruptcy Laws, Violation of Civil Rights, Disadvantaging an Oposing Party by Misleading a Presiding Judge, Abuse of Process, Errors and Omissions."   The parties filed several motions.  The Court held a hearing on the motions on June 26, 2006.  Following is the Court's resolution of the motions.

### *Motion to Dismiss by Defendant Thaila Joan Gay*

**and**

### *Motion to Strike Motion to Dismiss by Defendant Thaila Joan Gay for non Compliance of Court Rules*

**and**

### *Plaintiff's Motion for Default Judgment Against Thaila Joan Gay*

**and**

### *Motion to Strike Answer and Opposition of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy, P.A. to Plaintiffs' Motion for Default Judgment as to Thaila Gay*

1

Thaila Joan Gay is the former spouse of plaintiff David J. Buchanan. Thaila Gay presently is married to defendant Thomas E. Gay. As set forth in the Complaint, Buchanan alleges that while employed as a nurse for Beebe Hospital, Thaila Gay "breached her fiduciary duty to Mr. Buchanan resulting in medical malpractice."

Section 6853(a)(1) of title 18 of the Delaware Code provides that all medical negligence complaints must be accompanied by an affidavit of merit, signed by an expert witness, accompanied by a current *curriculum vitae* of the witness, stating that there are reasonable grounds to believe that healthcare medical negligence has been committed. Buchanan has conceded that he has not filed an affidavit of merit. The claim against Thaila Gay clearly is designated as "medical malpractice." The Court finds that plaintiff has failed to comply with the affidavit of merit prerequisite set forth in sections 6853(a)(1) and (c) of title 18 of the Delaware Code.

**THEREFORE, the Motion to Dismiss by Defendant Thaila Joan Gay is hereby GRANTED, with prejudice. The Court having dismissed Defendant Thaila Joan Gay, the Motion to Strike Motion to Dismiss by Defendant Thaila Joan Gay for non Compliance of Court Rules; Plaintiff's Motion for Default Judgment Against Thaila Joan Gay; and the Motion to Strike Answer and**

2

Opposition of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy, P.A.
to Plaintiffs' Motion for Default Judgment as to Thaila Gay are hereby
DENIED AS MOOT.

*     *     *     *     *

*Plaintiff's Motion for Protective Order and Order to Strike
Supplement of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy P.A.
to their Motion for Dismissal in Lieu of an Answer to the Complaint*

During the June 26, 2006 hearing, the Court dismissed, with prejudice,

plaintiff Heidi N. Buchanan as a party to the case. David Buchanan, Heidi's

father, had filed the Complaint purportedly "in the interest of Heidi N. Buchanan."

David Buchanan failed to follow the required procedure for appointment as the

legal representative of a minor. Additionally, at the time of the June hearing,

Heidi had reached majority. By Affidavit of Heidi N. Buchanan attached to the

Supplement of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy, P.A. to

their Motion for Dismissal in Lieu of an Answer to the Complaint, Heidi

Buchanan requested that she be dismissed as a party. The Court found that the

Supplement was properly filed in accordance with the Superior Court Civil Rules,

and that the substance of the Supplement was meritorious.

**THEREFORE, Plaintiff's Motion for Protective Order and Order to**

**Strike Supplement of Defendants Thomas E. Gay and Stumpf, Vickers &**

3

**Sandy P.A. to their Motion for Dismissal in Lieu of an Answer to the Complaint is hereby DENIED. Plaintiff Heidi N. Buchanan is hereby dismissed as a party to this case, with prejudice.**

Further, in the Motion for Protective Order, Plaintiff alleged that a member of the Delaware Bar engaged in repeated violent conduct. Specifically, Plaintiff accused the Delaware attorney of endangering a child as follows:

> On or about the filing of the *Affidavit of Heidi N. Buchanan*, the child sustained injuries characteristic to physical coercion, and are repetitive in nature to a broken rib injury sustained by the child on or about the time [the attorney] obtained an Affidavit from the child pertaining to Family Court issues.

There is absolutely no factual basis whatsoever supporting Plaintiff's wholly specious and libelous allegations. Plaintiff's motion is in violation of Superior Court Civil Rule 11(b).

**THEREFORE, the Court *sua sponte* deems as striken in its entirety Plaintiff's Motion for Protective Order and Order to Strike Supplement of Defendants Thomas E. Gay and Stumpf, Vickers & Sandy P.A. to their Motion for Dismissal in Lieu of an Answer to the Complaint , as lacking factual support, and clearly having been filed without any reasonable inquiry.**

4

\*    \*    \*    \*    \*

### *Plaintiff's Motion for Default Judgment Against Thomas E. Gay, Esquire, and the Firm of Stumpf, Vickers & Sandy, P.A.*

Plaintiff has requested "an order of payment for the amount of $37,000,000 (thirty seven million dollars) in response to, and as a result of Respondents inexcusable neglect of legal process, laxity in defending any and all allegation of *Complaint*, where respondents are joint Tortfeasors joint and severally liable for the damages claimed, where separation of respondent parties has delayed this litigation, allowed the individual Tortfeasors ample time to retain Counsel, research and discovery a defense, and *Answer* the allegations of the *Complaint*, where the Respondents have failed to Provide a timely Answer giving cause for *Motion for Default Judgment,* pursuant to Superior Court Rule 55. [sic]"

Superior Court Civil Rule 55(b) provides that judgment by default may be entered "when a party against whom a judgment for affirmative relief is sought has failed to appear, plead or otherwise defend." Defendants Thomas Gay and Stumpf, Vickers & Sandy, P.A. were served on January 11, 2006. Counsel for both defendants entered an appearance on January 26, 2006. Also on January 26, 2006, both defendants filed a Motion for Enlargement of Time to File an Answer. The Court granted the motion and set March 3, 2006 as the time within which

these defendants must file a responsive pleading.  On February 9, 2006, these

defendants timely filed a Motion for Dismissal in Lieu of Answer to the

Complaint.  A motion to dismiss under Rule 12(b)(6) is a responsive pleading for

purposes of Rule 55.

**THEREFORE, Plaintiff's Motion for Default Judgment Against**

**Thomas E. Gay, Esquire, and the Firm of Stumpf, Vickers & Sandy, P.A. is**

**hereby DENIED.**

\*     \*     \*     \*     \*

*Motion of Thomas E. Gay, Esquire and Stumpf, Vickers & Sancy, P.A.*
*for Dismissal in lieu of an Answer to the Complaint*

The claims asserted in the Complaint fall into three categories.  The

following is the Court's analysis of each category.

**Pleadings Filed and Statements Made by Thomas E. Gay,  Esquire**

_____The Complaint asserts that Gay made numerous statements that defamed

Plaintiff.  Plaintiff also claims that various pleadings, motions and documents,

filed in connection with Family Court proceedings, in bankruptcy proceedings,

and with the Delaware Supreme Court, were malicious and caused Plaintiff severe

emotional harm.  Plaintiff also claims that Gay's actions in connection with court

proceedings harmed Plaintiff and resulted in unreasonable delay, financial

6

damage, police harassment, and imposition by Family Court of "conditions on the Plaintiff[] that are penal in nature and which are described as 'CRUEL AND UNUSUAL' punishment in a civilized community, in violation of the 8th amendment." Plaintiff alleges that Gay acted in concert with his law firm, Stumpf, Vickers & Sandy, P.A.

In certain instances, Plaintiff asserts that Gay breached his fiduciary duties to Heidi Buchanan and David J. Buchanan. There is no basis for a finding that Gay had any fiduciary duty to David Buchanan. Because Heidi Buchanan is no longer a party, the Court need not address whether there was any breach of duty to Heidi.

Although currently married to Thaila Joan Gay, former wife of David J. Buchanan, Thomas Gay was acting as an attorney (representing Thaila Gay) in all of the Family Court, Bankruptcy Court, and Supreme Court proceedings.

In Delaware, the absolute privilege attaches to all statements made in the course of judicial proceedings. The privilege affords absolute protection upon a showing that the statements were issued as part of a judicial proceeding. The privilege is not confined to events inside a courtroom. Rather, the privilege

7

extends to all communications relating to the litigation, including communications with witnesses and the drafting and filing of pleadings.[1]

The absolute privilege protects attorneys and participants in litigation from actions for defamation.

> The purpose served by the absolute privilege is to facilitate the flow of communication between persons involved in juridical proceedings and, thus, to aid in the complete and full disclosure of facts necessary to a fair adjudication. To accomplish this goal, the privilege protects judges, parties, attorneys, witnesses and other persons connected with litigation from the apprehension of defamation suits, thus permitting them to speak and write freely, without undue restraint. Moreover, the protection afforded by the privilege is absolute; so long as the statement is pertinent to, and made in the course of, a judicial proceeding, *even a showing of malice* will not divest the statement of its immune status (emphasis in original).... As the *Nix* court pointed out, "the interest in encouraging a litigant's unqualified candor as it facilitates the search for truth is deemed so compelling that the privilege attaches even where the statements are offered maliciously or with knowledge of their falsity."[2]

The absolute privilege bars all of Plaintiff's claims based on pleadings filed, statements made, and actions taken by Thomas E. Gay, Esquire, individually and as a member of the law firm of Stumpf, Vickers & Sandy P.A., in connection with litigation in which Gay represented Thaila Joan Gay.

---

[1]*Nix v. Sawyer*, 466 A.2d 407, 410-11 (Del. Super. 1983).

[2]*Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992) (quoting *Nix v. Sawyer*, 466 A.2D 407 (Del. Super. 1983).

**Plaintiff's Civil Rights Claims**

_____Plaintiff alleges that Gay violated Plaintiff's civil rights as guaranteed by
the Fifth, Eighth and Fourteenth amendments to the United States Constitution.
Thomas E. Gay, Esquire and the law firm of Stumpf, Vickers & Sandy, P.A. are
private parties engaged in the private practice of law.  In order to maintain a cause
of action on the basis of violation of Constitutional rights, a plaintiff must
demonstrate: (1) that the deprivation was caused by "the exercise of some right or
privilege created by the State or by a rule of conduct imposed by the State or by a
person for whom the State is responsible;" and (2) that the private party "acted
together with or...obtained significant aid from State officials" or engaged in
conduct "otherwise chargeable to the State."[3]  Plaintiff has not alleged any facts
upon which the Court could find that Gay or Stumpf, Vickers & Sandy P.A. acted
under color of state law.

---

[3]_Wyatt v. Cole,_ 504 U.S. 158, 160-62 (1992).

9

Additionally, such claims must be made pursuant to the Civil Rights Act of

1971, as codified at 42 U.S.C. §1983.[4]  Plaintiff has failed to do so.

### Delaware Lawyers' Rules of Professional Conduct

_____The Complaint sets forth several instances in which Gay and his law firm

allegedly breached ethical duties established by the Delaware Lawyers' Rules of

Professional Conduct ("DLRPC").  The DLRPC regulate the actions of individual

attorneys and do not apply to law firms.  Further, assuming the facts in the light

most favorable to Plaintiff, even if there were violations of the DLRPC, Plaintiff

does not have standing to recover damages.  *The Preamble: A lawyer's*

*responsibilities*, provides in pertinent part:

> (20)  Violation of a Rule should not itself give rise to a cause of
> action against a lawyer nor should it create any presumption in
> such a case that a legal duty has been breached.  In addition,
> violation of a Rule does not necessarily warrant any other
> nondisciplinary remedy, such as disqualification of a lawyer in
> pending litigation.  The rules are designed to provide guidance
> to lawyers and to provide a structure for regulating conduct

---

[4]42 U.S.C. §1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.").

through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.

There is no basis for enforcement of a lawyer's ethical duties outside the framework of disciplinary proceedings. It is a fundamental constitutional principle that the Delaware Supreme Court has sole and exclusive jurisdiction over all matters affecting governance of members of the Delaware Bar.[5]

---

**THEREFORE, the Motion of Thomas E. Gay, Esquire and Stumpf, Vickers & Sandy, P.A. for Dismissal in lieu of an Answer to the Complaint is hereby GRANTED. The Complaint is hereby DISMISSED WITH PREJUDICE. All subsequent filings and any further application to this Court relating to this case shall be subject to the requirements of 10 *Del. C.* §8803(e).[6]**

---

[5]*In re Infotechnology, Inc., Shareholder Litigation,* 582 A.2d 215, 219-220 (Del. 1990).

[6](e) When a Court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the Court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:

(continued...)

11

\* \* \* \* \*

**IT IS SO ORDERED.**

_____

The Honorable Mary M. Johnston

_____

[6](...continued)

(1)     The claims sought to be litigated have never been raised or disposed of before in any court;

(2)     The facts alleged are true and correct;

(3)     The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4)     The affiant has no reason to believe the claims are foreclosed by controlled law; and

(5)     The affiant understands that the affidavit is made under penalty of perjury.

12

# Exhibit "C"

# Exhibit "C"

WILLIAM B. CHANDLER III
CHANCELLOR

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Submitted: May 30, 2006
Decided: May 31, 2006

David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

James B. Tyler
211 East Market Street
Georgetown, DE 19947

    Re:    *Buchanan v. Buchanan*
           C.A. No. 2190-S

Dear Mr. Buchanan:

    I have reviewed your complaint in the above matter.  Your complaint

alleges that your ex-wife has failed to make payments on the home mortgage

for the farm that you own together and that she has prevented you from

using the farm to grow crops.  You assert three counts against your ex-wife.

Count 1 is for "impairing the obligation of contract."  Count 2 is for fraud.

Count 3 is for "interference with land use."  You seek money damages to

compensate for the fines, fees, costs and lost income caused by her actions.

You also seek punitive damages.

The Delaware Court of Chancery has jurisdiction over claims of an equitable nature or which require equitable relief. After reviewing your complaint, it is clear that what you seek are money damages. This Court does not have jurisdiction over legal claims seeking money damages. The appropriate Court to file your complaint in is the Delaware Superior Court. Accordingly, I will dismiss your claims *sua sponte* so that you can transfer your claims to that Court.

Under 10 *Del. C.* § 1902, you have sixty days to transfer your claims to the Superior Court. If, at the end of sixty days, you have not transferred your claims, they will be dismissed with prejudice.

IT IS SO ORDERED.

Very truly yours,

William B. Chandler III

WBCIII:wbg

2

# EXHIBIT D

# EXHIBIT D

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

DAVID J. BUCHANAN,                    :   C.A. No. 06C-06-041 ESB

            Plaintiff,                :

    v.                                :

BARBARA H. BUCHANAN,                  :

            Defendant.                :

DECISIONS ON MOTION TO PROCEED IN FORMA PAUPERIS

AND UPON REVIEW OF COMPLAINT

1) Pending before the Court is a motion to proceed *in forma pauperis* which plaintiff David J. Buchanan ("plaintiff") has filed in connection with the above-captioned complaint.

2) Plaintiff's filings in support of his motion to proceed *in forma pauperis* establish he is indigent. Consequently, the Court grants his motion to proceed *in forma pauperis*. The Court now is required to review the complaint and allow the litigation to proceed only if it finds the action is not legally frivolous. 10 Del. C. § 8803(b).

3) Plaintiff originally filed a complaint in the Court of Chancery which apparently made the same allegations as are contained in the pending matter. Buchanan v. Buchanan, Del. Ch., C.A. No. 2190, Chandler, C. (May 31, 2006). That Court ruled that Superior Court and not this

1

Court has jurisdiction over the matter.

4) On June 27, 2006, plaintiff filed the pending complaint. In that complaint, he asserts

the following.

He and Barbara H. Buchanan ("defendant") were divorced on August 6, 2003. On or

about March 18, 2003, defendant filed a petition with the Family Court to list and sell the parties'

real estate.

On July 28, 2004, the mortgage holder on the marital home filed foreclosure due to

nonpayment of the mortgage. The Court takes judicial notice of this foreclosure action filed with

this Court, Mortgage Electronic Registration Systems, Inc. v. Buchanan, Del. Super., C.A. No.

04L-06-001.[1]

On August 24, 2004, plaintiff filed a petition in bankruptcy under Chapter 13.

On March 21 and 22, 2006, the Family Court conducted a hearing regarding the division

of marital property. At some point, the date of which is unclear, the Family Court ordered the

sale of the properties to determine the value thereof.

On April 18, 2006, the Bankruptcy Court:

> held a hearing pertinent to matters of property, and issued an order allowing Mr.
> Buchanan to refinance said properties, where in the process of the refinance Ms.
> Buchanan would be given consideration of her equitable share, and further
> directed Ms. Buchanan to sign the USDA forms required of Mr. Buchanan's
> farming operation, as well as advised Ms. Buchanan that she is responsible to
> ensure that her mortgages are paid, where failing to do so subjects the properties
> to loss due to foreclosure.

Complaint at paragraph 19.

---

[1]The proceedings have been stayed due to plaintiff's filing of a bankruptcy petition. The
mortgage company never has obtained personal jurisdiction over Barbara Buchanan;
consequently, she has yet to file an answer in the case.

2

On or about May 7, 2006, another lender contacted plaintiff and informed him that due to late payments, it may be forced to foreclose on the parties' farm.

In paragraph 21 of the complaint, defendant alleges:

As of May 16, 2006, Barbara H. Buchanan, well represented by Counsel in all Court proceedings has failed to file a proof of claim with the Bankruptcy Court, (Deadline to file claim 1/3/05), has not answered any foreclosure action, nor made any attempt to service her contractual mortgage obligations following divorce, and an order of property separation, and has further impaired the obligation of mortgage contracts by interfering with income paid to Mr. Buchanan to support mortgages through governmental subsidy, by refusing to sign USDA forms.

Under the caption "Impairing the Obligation of Contract", he asserts the following.

Defendant has failed to honor her obligations on the contracts secured by the mortgages, thereby resulting in litigation and causing "equitable loss to Plaintiff in the way of imposed fines, fees, legal costs." By not timely signing the USDA forms, she has caused a loss of income used to pay the mortgages.

Under the caption "Tort", plaintiff asserts defendant has defrauded him in the following ways. "She never intended to pay or otherwise honor her contractual mortgage guarantees, even in the event where her husband became ill." She withdrew monies that could have been used to support the mortgages and used those monies to pay for attorneys and purchase other things. She fraudulently removed assets from the marital estate and hid it in other properties owned by her mother. She has refused to comply with the Federal Bankruptcy Judge's instructions to pay monies due on the real property and to sign the USDA form. Finally:

She has filed a fraudulent financial statement with the Family Court, failed to provide financial information requested by Subpoena, failed to account for money paid to others, failed to account for the source of funds for which she paid attorneys, and has sought an emergency list and sale of property in Family Court after causing default of mortgages.

3

He maintains he has suffered damages as a result of her fraud, misrepresentations, contractual defaults, failures to appear in Court, and bad faith. He asks for general and punitive damages.

Count Three is captioned "Interference with land use". He alleges that defendant should have filed a proof of claim with the Bankruptcy Court so that the land could be valued and he could start to refinance. He further alleges she has interfered with plaintiff's right to farm and subjected the real property to loss due to interruption of income and she maliciously has interfered with his right to use the property.

He asks for money damages (general and punitive) and a partition of the property which would result, not in a partitioning of the property, but in placing the property solely in plaintiff's name. He also asks for costs and attorneys' fees incurred in the foreclosure and bankruptcy matters.

5) This Court does not have jurisdiction over this complaint. Plaintiff's forum for filing these complaints and seeking remedies is within the Family Court.[2]

Plaintiff's complaint clarifies that Family Court is exercising jurisdiction over the marital property. The allegations which plaintiff makes concern him, his ex-wife, her alleged wrongful actions in connection with those proceedings, and mortgages and procedures related to their marital property. The Family Court has exclusive jurisdiction over the complaints plaintiff makes here. 10 Del. C. § 921(14); 13 Del. C. § 507. Plaintiff must seek his remedies within that Court. For example, if there is no order instructing defendant to pay the mortgage and/or to sign

---

[2]The exception to this conclusion would be if an order of the Bankruptcy Court does exist instructing defendant to pay the mortgage or take any other steps with regard to the marital property. In such a case, plaintiff may file a Rule to Show Cause with the Bankruptcy Court requiring defendant to explain why she should not be held in contempt of Court for failing to comply with that Court's orders.

4

appropriate documentation so that plaintiff can farm the land, then plaintiff must go to Family Court to request that relief. If there is a Family Court order instructing defendant to pay the mortgage, then plaintiff can file a Rule to Show Cause with Family Court regarding her failure to pay that mortgage. See Imperial v. Imperial, 1999 Del. Fam. Ct. LEXIS 3 (Del. Fam. Ct.) (Petitioner's petition seeking a rule to show cause because his wife refused to pay the mortgage was dismissed because there was no order in effect requiring she do so). Plaintiff also has the option of seeking an order from the Family Court requiring defendant to reimburse him for expenses and fees he has incurred as a result of mortgage foreclosure proceedings if defendant is violating a Family Court order. Scholl v. Scholl, 621 A.2d 808, 813 (Del. Fam. Ct. 1992). Plaintiff can request that Family Court consider the failure to pay the mortgage in its decision regarding the distribution of the assets. Bryant v. Bryant, 1999 Del. Fam. Ct. LEXIS 22 (Del. Fam. Ct.).

Plaintiff's request for a "partition" of the property transferring title into his name alone is not an option available to him. First, a "partition" is a dividing of the property between the various owners; it is not a taking of the property from one owner and giving it to the other owner. Furthermore, as noted above, Family Court has jurisdiction over the division of the marital property. Even if the Family Court had not yet exercised jurisdiction and plaintiff actually was seeking a partition of the property, he would have to file such an action with the Family Court. 10 Del. C. § 921(14); Nero v. Littleton, 1998 Del. Ch. LEXIS 57 (Del. Ch.).

Finally, I address plaintiff's contention regarding defendant's failure to file an answer in the case of Mortgage Electronic Registration Systems, Inc. v. Buchanan, C.A. No. 04L-06-001. Since defendant has not been served in that case, she has no duty to file an answer.

5

6) For the foregoing reasons, I dismiss the complaint in this matter for lack of jurisdiction.

IT IS SO ORDERED.


_____
JUDGE

cc: David Buchanan

6

# EXHIBIT E

# EXHIBIT E

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID J. BUCHANAN, | § | |
| | § | No. 511, 2006 |
| Respondent Below, | § | |
| Appellant, | § | Court Below--Family Court of |
| | § | the State of Delaware in and for |
| v. | § | Sussex County. |
| | § | |
| DCSE/BARBARA BUCHANAN, | § | |
| | § | File No. CS94-3107 |
| Petitioner Below, | § | Petition No. 02-34657 |
| Appellee. | § | |

Submitted:    September 19, 2006
Decided:       October 16, 2006

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices.

O R D E R

This 16th day of October 2006, it appears to the Court that:

(1)    On September 19, 2006, the appellant, David J. Buchanan, filed

a notice of appeal from a Family Court Commissioner's order dated August

28, 2006.  The Commissioner's order revoked the appellant's support

obligation and increased the monthly payment due on the balance remaining

in arrears.

(2)    This Court is without jurisdiction to consider an appeal directly

from a Commissioner's order.[1]  Thus, the Court concludes, pursuant to

---

[1] *See* Del. Code Ann. tit. 10, § 915(d)(1) (1999 & Supp. 2004) (providing that a party's appeal from a commissioner's final order is to a judge of the Family Court in the first

Supreme Court Rule 29(c), that the within appeal, on its face, manifestly

fails to invoke the jurisdiction of the Court and is subject to dismissal *sua

sponte.*[2]

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court

Rule 29(c), that the appeal is DISMISSED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

instance); Del. Fam. Ct. Civ. R. 53.1(b) (2006) (providing that an appeal to a judge must be filed within ten days of the commissioner's order); *Redden v. McGill*, 549 A.2d 695, 698 (Del. 1988) (holding that Supreme Court's appellate jurisdiction over Family Court proceedings is limited to decisions of judges).

[2] *See* Del. Supr. Ct. R. 29(c) (2006) (providing that the Court may order an appeal dismissed, *sua sponte*, when the appeal manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that giving notice of the jurisdictional defect would serve no meaningful purpose and that a response from the appellant would be of no avail).

# ATTACHMENT 1

# ATTACHMENT 1

FOCUS - 40 of 59 DOCUMENTS

**SCRIPPS CLINIC AND RESEARCH FOUNDATION, and RORER GROUP, INC., Plaintiffs, v. BAXTER TRAVENOL LABORATORIES, INC., and TRAVENOL LABORATORIES, INC., Defendants**

**Civil Action No. 87-140 - CMW**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*1989 U.S. Dist. LEXIS 12126*

**October 2, 1989, Decided**

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
[HN1] The doctrine of res judicata reflects the law's refusal to tolerate needless litigation and is based on the motion that the administration of justice is best served by limiting parties to one fair trial of an issue or cause.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Estoppel > Collateral Estoppel*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
[HN2] The federal rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel, unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo.

**COUNSEL: [*1]**

Gregory A. Inskip, Esquire of Potter, Anderson & Corroon Wilmington, Delaware, OF COUNSEL: William S. Feiler, Esquire of Morgan & Finnegan, New York, New York, Attorneys for Plaintiffs.

Allen M. Terrell, Jr., Esquire, and Robert W. Whetzel, Esquire of Richards, Layton & Finger,

Wilmington, Delaware, OF COUNSEL: Granger Cook, Jr., Esquire, and Dean A. Monco, Esquire of Cook, Wetzel & Egan, Ltd., Chicago, Illinois, and Paul C. Flattery, Esquire, and Robert E. Hartenberger, Esquire, of Baxter Travenol Laboratories, Inc., Deerfield, Illinois, Attorneys for Defendants.

**OPINION BY:**

WRIGHT

**OPINION:**

OPINION

CALEB M. WRIGHT SENIOR UNITED STATES DISTRICT JUDGE

This motion arises from a patent infringement suit filed in 1987 by the Scripps Clinic and Research Foundation (hereinafter referred to as "Scripps") and Rorer Group, Inc. against Baxter Travenol Laboratories, Inc. and Travenol Laboratories, Inc. The patent in question is United States Reissue Patent No. Re. *32,011*, entitled "Ultrapurification of Factor VIII Using Monoclonal Antibodies."

On August 3, 1989, defendants filed a Motion for Judgment of Invalidity and Unenforceability of the Patent-in-Suit and for Exceptionality in this suit based on the collateral [*2] estoppel effect of a decision rendered on February 24, 1989 by Judge Schwarzer in the U.S.

1989 U.S. Dist. LEXIS 12126, *2

District Court for the Northern District of California.

The California suits were brought by Scripps and Revlon, Inc. n1 against several parties, alleging infringement of the same patent at issue here. In his February decision, Judge Schwarzer granted summary judgment for defendants, thereby invalidating many of the patent's claims. *Scripps Clinic and Research Foundation v. Genentech, Inc., 707 F. Supp. 1547 (N.D. Cal. 1989)*. The opinion rested on four grounds. First, the court found clear and convincing evidence that claims 24, 26 and 27 had been anticipated. Second, the court held that claims 13, 14, 17, 18, 24-29 and 34 were invalid because they did not disclose the best mode, as required by *35 U.S.C. § 112*. Third, the court found clear and convincing evidence that the patent was obtained by inequitable conduct. Fourth, the court found clear and convincing evidence that the inventors had not complied with the requirements of *35 U.S.C. § 251*, which concerns the reissuance of patents. Cross-appeals from Judge Schwarzer's decision have been taken to the U.S. Court of Appeals for the Federal **[*3]** Circuit.

n1 Revlon, Inc. later sold its interest to Rorer Group, Inc., which was then added as a plaintiff in one of the actions.

The August 3 motion in the present case seeks to invalidate Patent No. Re. 32,011 based on the collateral estoppel effect of Judge Schwarzer's decision. n2 On August 9, 1989, plaintiffs in this case moved to stay briefing of defendants' August 3 motion. Plaintiffs argue that disposition of the California appeals will narrow the issues raised by the August 3 motion. Plaintiffs thus urge that judicial economy will be served by postponing briefing of that motion until after the California appeals are decided.

n2 The motion also seeks reasonable attorneys' fees and costs based on the collateral estoppel effect of a July order by Judge Schwarzer.

[HN1] The doctrine of res judicata reflects the law's refusal to tolerate needless litigation and is based on the motion that the administration of justice is best served by limiting parties to one fair trial of an issue or cause. *46 Am. Jur. 2d Judgments § 395* (1969). Many federal courts have considered the question of whether an appeal of a prior judgment should prevent its operation as res judicata. [HN2] "The federal **[*4]** rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel, unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo." 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice para. 0.416[3] (2d ed. 1988). The Supreme Court has so stated in dictum, *Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 189 (1941)*, and the majority of federal courts considering this question have agreed. E.g., *Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985); Hunt v. Liberty Lobby, Inc., 707 F.2d 1493, 1497 (D.C. Cir. 1983); Refior v. Lansing Drop Forge Co., 134 F.2d 894, 896 (6th Cir. 1943); NAACP v. Detroit Police Officers Ass'n, 525 F. Supp. 1215, 1223 (E.D. Mich. 1981); Cold Metal Process Co, v. E.W. Bliss Co., 21 F. Supp. 509, 510 (D. Del. 1937)*. Contra *Colby v. J.C. Penney Co., 811 F.2d 1119, 1124 (7th Cir. 1987)*.

This court sees no reason to depart from the well-established precedent on this issue. n3 Therefore, the court will deny plaintiffs' motion to stay briefing in this matter.

n3 In addition, this court finds persuasive the defendants' claim that the plaintiffs' chances of success on appeal of the California decision are not high. The California court found four grounds on which to invalidate various claims of the patent; the court found three of the four grounds by clear and convincing evidence.

[*5]

An Order will issue in accordance with this Opinion.