IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

DAVID J. BUCHANAN, :
: No.: 06-cv-00711 SLR
    Petitioner, Pro Se, :
:
vs. :
:
THOMAS E. GAY, ESQUIRE, WIFE : JURY TRIAL DEMANDED
THAILA JOAN GAY, THE HONORABLE :
JANE M. BRADY (ATTORNEY :
GENERAL/SUPEROR COURT JUDGE), :
KRISTEN S. GIBBONS, ESQUIRE, :
(COURT APPOINTED SPECIAL :
ADVOCATE ATTORNEY :
AD LITEM), DELAWARE STATE :
POLICE, GEORGETOWN POLICE, :
SEAFORD POLICE, JOHN BRADY, :
ESQUIRE, DELAWARE FAMILIY COURT: 
THE STATE OF DELAWARE :
THE FIRM OF STUMPF, VICKERS & :
SANDY, JOHN F. BRADY, :
ESQUIRE, et al. :
:
    Respondents. :

### BRIEF IN SUPPORT OF DEFENDANT THAILA JOAN GAY'S MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6) IN LIEU OF ANSWER TO THE COMPLAINT

ELZUFON, AUSTIN, REARDON
TARLOV & MONDELL, P.A.

_____
JOHN A. ELZUFON, ESQUIRE - I.D. #177

_____
JENNIFER L. STORY, ESQUIRE – I.D. 4918
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Defendant/Thaila Joan Gay

Dated: 02/05/07

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................ iii

NATURE AND STAGE OF THE PROCEEDING.................................................................1

SUMMARY OF ARGUMENT ...........................................................................................2

FACTS .........................................................................................................................3

ARGUMENT

    I.     Standard of Review.......................................................................................4

    II.    Plaintiff's claim is barred by res judicata .......................................................4

    III.   Even if the court finds that res judicata does not apply, Plaintiff's Constitutional Claims against Defendant, Thaila Gay, fail because Plaintiff cannot establish as a matter of law that Ms. Gay acted with the authority of a state actor as required by 42 U.S.C. §1983 or that she engaged in a conspiracy motivated by a racial or class based discriminatory intent as required by 42 U.S.C. §1985...........9

        a.  Even if the court finds that res judiciata does not apply, Plaintiff's 42 U.S.C. §1983 claim against Thaila J. Gay must fail as a matter of law as Plaintiff cannot establish that Ms. Gay was acting under the color of state law. .............................9

        b.  Even if the court finds that res judicata does not apply, Plaintiff's 42 U.S.C. 1985 claim against Thaila Gay must fail as a matter of law as Plaintiff cannot establish any conspiracy based on racial or class discrimination. ...................13

    IV.   Even if the court finds res judicata does not apply, Plaintiff has failed to file an Affidavit of Merit, a substantive law requirement not in conflict with any Federal Law .......................................................14

CONCLUSION.............................................................................................................16

# TABLE OF CITATIONS

*Bailey v. City of Wilmington*, 766 A.2d 477 (Del. 2001)..........................................4

*Camas v. Dickson-Witmer*, 2001 WL 34368388 (D. Del.).......................................4

*Chamberlain v. Giampapa, M.D.*, 210 F.3d 154 (3d Cir. 2000) ............... 14, 15

*Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600 (1979) ....... 9

*Conley v. Gibson,* 335 U.S. 41 (1957).............................................................. 4

*Crissman v. Dover Down Entertainment, Inc.*, 289 F.3d 231 (3d Cir. 2001).. 10

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) ...................................................... 14

*Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366 (1979).................................................................................................................. 9

*Gregory v. Chehi*, 843 F.2d 111 (3rd Cir. 1988) ......................................................7

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) ...................................................... 13

*Haines v. Kerner*, 404 U.S. 519 (1972) ................................................................4

*Henderson v. Fisher*, 631 F.2d 1115 (3d Cir. 1980)......................................... 12

*Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183 (1941)..........9

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974) .....................................12

*Jenkins v. White Castle Systems, Inc.*, 310 F. Supp. 981 (E.D. Ill. 1981) ..............11

*McMahon v. Lopez*, 199 Cal.App.3d 829 (Cal. Ct. App. 1988) ..............................12

*Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984) ....8

*Moose Lodge v. Irvis*, 407 U.S. 163 (1972)....................................................... 10

*Musso v. Suriano*, 586 F.2d 59 (7th Cir. 1978)......................................................12

*Nicastro v. Frankford Hospital*, 2004 WL 86658 (E.D.Pa) .......................... 10

*Shipley v. First Federal Savings & Loan Ass'n of Delaware*, 703 F. Supp. 1122 (D. Del. 1988) ................................................................................................ 10

*Sumpter v. Harper*, 683 F.2d 106 (4th Cir. 1982) ...................................................... 12

*Syed v. Hercules Incorporated*, 184 F. Supp.2d 395 (D. Del. 2002) ...................... 7

*Telepo v. Boylan Federal Home*, 2005 WL 783059 (E.D.Pa) ........................ 11

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478 (3d Cir. 1998) ................................................................................................................ 4

*U. S. v. Athlone Industries, Inc.*, 746 F.2d 977 (3rd Cir. 1984) .............................. 5

*US v. Lima*, 424 A.2d 113 (D.C. Cir. 1980) ............................................................ 11

*Wyatt v. Cole*, 504 U.S. 158 (1992) ................................................................... 10

Rule 7.1.3 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware requires unreported opinions to be attached to the document which cites it or shall otherwise be provided. The method we choose is to attach the cases in a separate appendix as Exhibit #2, arranged alphabetically

## NATURE AND STAGE OF THE PROCEEDING

On November 27, 2006, plaintiff filed the complaint in this matter. This case was assigned to the Honorable Sue L. Robinson on December 6, 2006. Ms. Gay was served by a process server on January 17, 2007.

This Federal case comes after the same plaintiff, David Buchanan, filed a similar complaint in the Superior Court of the State of Delaware in and for Sussex County on January 3, 2006. The Superior Court claims against Thaila Gay were dismissed with prejudice by Judge Johnston of the Superior Court on September 21, 2006. The Superior Court case has been appealed to the Supreme Court of Delaware.

This is defendant, Thaila J. Gay's Opening Brief in support of her Motion to Dismiss all claims against her in the District Court.

## SUMMARY OF ARGUMENT

1. Based on the doctrine of res judicata, Plaintiff is barred from bringing a second suit on the same cause of action that has already been decided and on issues that should have been raised in the first suit. Plaintiff's District Court complaint makes the same allegations against Thaila Gay as the Superior Court Complaint, and Plaintiff should have raised the 42 U.S.C. § 1983 and § 1985 issues at the time of the first complaint.

2. Even if the court finds res judicata does not apply, in order to recover under 42 U.S.C. § 1983, it is necessary for the plaintiff to show that the deprivation of a Constitutional right was caused by the conduct of a defendant acting under the color of state law. Plaintiff contends that Defendant, Thaila J. Gay has violated this section because she was a licensed nurse, however, as a matter of law, professional licensing by the state is not enough to convert someone into a state actor.

3. Even if the court finds res judicata does not apply, in order to recover under 42 U.S.C. § 1985(3) a plaintiff must prove that there was a conspiracy, motivated by a racial or class based discriminatory intent, an action in furtherance of the conspiracy and an injury cause by the alleged deprivation. As a matter of law, plaintiff will not be able to establish that Defendant, Thaila J. Gay acted with the intent to discriminate against plaintiff.

4. Even if the court finds res judicata does not apply, plaintiff has failed to comply with the Section 6853(a)(1) of Title 18 of the Delaware Code which requires that an affidavit of merit accompany a complaint alleging medical malpractice. This is state law that the District Court for the District of Delaware should adopt as substantive law.

## FACTS

In his complaint ("C." attached as Exhibit A), plaintiff alleges in paragraphs 46-49 and 73-74 that defendant Thaila Gay and her husband Thomas Gay violated his civil rights and the laws enforcing HIPPA (C. ¶ 46). Plaintiff's ex-wife engaged the services of Mr. Gay and his law firm Stumpf, Vickers, and Sandy, P.A. in 2003 to represent her in a family court matter against plaintiff, David Buchanan. (C. ¶ 38). Plaintiff states that Thomas Gay caused severe emotional harm to his daughter after he gained knowledge of Plaintiff's life threatening disease with the intent to use such information in a suit before the Delaware Family Court. (C. ¶39). Plaintiff alleges that Thaila Gay, in her position as a nurse at Beebe Hospital, provided the defendant, Thomas Gay, with this medical information and breached her fiduciary duty to him as a patient of the hospital. (C. ¶ 46). Plaintiff alleges that Thaila Gay failed to notify him, her employer or the court of her conflict with providing medical services at Beebe Medical Center. (C. ¶ 46). Plaintiff also alleges that Thaila Gay violated the norms of human conduct and the canons of decency as a medical care provider. (C. ¶73, 74).

**ARGUMENT**

**I.      Standard of Review**

Dismissal as a matter of law under Rule 12(b)(6) of the Federal Rules of Civil Procedure shall be granted when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). When evaluating the complaint, it is construed in favor the plaintiff. *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 488 (3d Cir. 1998). Where as in this case, the plaintiff is a pro se litigant, the court has an obligation to hold the complaint to less stringent standards than formal pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972).

**II.     Plaintiff's Claim is barred by Res Judicata.**

Plaintiff's District Court Complaint is an attempt to bring a second suit on claims already decided by another court. Res judicata prohibits a party from bringing a second suit based on the same cause of action after a judgment has been entered in a prior suit involving the same parties. *Camas v. Dickson-Witmer, 2001 WL 34368388 at 5 (D. Del.)*. In order for res judicata to apply, Delaware law requires the party claiming the doctrine to prove: (1) the court making the prior adjudication had jurisdiction; (2) the parties to the second action were the same or in privity with those to the first action; (3) the cause of action in the second is either the same or arises from the same transaction as the first transaction; (4) the first action was decided against the plaintiff; and (5) prior decree is final. *Bailey v. City of Wilmington*, 766 A.2d 477, 481 (Del. 2001). The Third circuit recognizes claims are not different for res judicata purposes merely because the plaintiff relies on different statues or asserts a different theory of recovery. The analysis

4

must focus on whether the complained of acts were the same, whether the material facts were the same and whether the witnesses and documentation required to prove the allegations were the same. *U.S. v. Athlone Industries, Inc.*, 746 F.2d 977, 984 (3rd Cir. 1984).

Plaintiff's District Court Complaint (Exhibit A) alleges claims against defendant, Thaila Gay in paragraphs 46-49. The claims asserted in this complaint and the Superior Court Complaint (attached as Exhibit B) are identical as follows:

[CONTINUE TO NEXT PAGE]

| United States District Court Complaint | Delaware Superior Court Complaint |
|---|---|
| Paragraph 46: "Thomas E. Gay, Esquire, and his wife, violated Plaintiff's Civil Rights guaranteed by the 5th, 8th, and 14th amendments of the U.S. Constitution, and all laws enforcing HIPAA, by accepting medical information from Beebe Hospital, by and through his wife/nurse Thaila J. Gay of 424 Savannah Road, Lewis Delaware, in the light that she breached her fiduciary duty to Mr. Buchanan as an employee of Mr. Buchanan's medical treatment provider by failing to notify her employer, the Family Court, and most importantly Mr. Buchanan (a patient of Beebe Hospital) of her omission of conflict in providing medical services, to Mr. Buchanan either directly or indirectly by and through her place of employ, where her marital relation to Thomas E. Gay, Esquire, the attorney of record in opposition to Mr. Buchanan in domestic issues, advantaged the Gays' profit by the financial dissolve of Mr. Buchanan's assets during his treatment of cancer at Beebe Hospital. Mrs. Gay's omission of conflict further imputes liability on herself for the actions of her Husband Thomas E. Gay, Esquire, by engaging in Malum In Se conduct involving dishonesty, fraud, deceit, and/or misrepresentation, omission of conflict, where his wife maintained employment at the health care facility to which Mr. Buchanan depended on for treatment of Cancer, and which enabled Mr. Gay to access Mr. Buchanan's medical records by and through his Wife's employ, imputing liability on himself for actions of his wife, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985." | Paragraph 9: "While employed as a nurse for Beebe Hospital, Thaila J. Gay of 424 Savannah Road, Lewis Delaware, breached her fiduciary duty to Mr. Buchanan resulting in medical malpractice by failing to notify her employer, the Family Court, and most importantly Mr. Buchanan (a patient of Beebe Hospital) of her omission of conflict in providing medical services, to Mr. Buchanan either directly or indirectly by and through her place of employ, where her marital relation to Thomas E. Gay, Esquire, the attorney of record in opposition to Mr. Buchanan in domestic issues, where the Gay's stood to profit by the financial dissolve of Mr. Buchanan's assets during his treatment of cancer to Beebe Hospital. Mrs. Gay's omission of conflict further imputes liability on herself for the actions of her Husband Thomas E. Gay, Esquire, by engaging in Malum In Se conduct involving dishonesty, fraud, deceit, and/or misrepresentation, omission of conflict, where his wife maintained employment at the health care facility to which Mr. Buchanan depended on for treatment of Cancer, and which enabled Mr. Gay to access Mr. Buchanan's medical records by and through his Wife's employ, imputing liability on himself for actions of his wife." |

| | |
|---|---|
| Paragraph 47: "Mrs. Thaila Joan Gay has been entrusted as an employee of Beebe Hospital, with the confidences and circumstances of all patients of the Hospital, in which a client/patient would be entitled to repose, confidence and trust, and where Mrs. Gay has ample opportunity to invade the privacy of Mr. Buchanan to assist her husband Thomas E. Gay, Esquire, for personal gain, shows a willful violation of a fiduciary, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985." | Paragraph 10: ""Mrs. Thaila Joan Gay has been entrusted as an employee of Beebe Hospital, with the confidences and circumstances of all patients of the Hospital, in which a client/patient would be entitled to repose, confidence and trust, where Mrs. Gay has ample opportunity to invade the privacy of Mr. Buchanan to assist her husband Thomas E. Gay, Esquire, for personal gain." |
| Paragraph 48: "While employed as a nurse at Beebe Hospital, Thaila Gay, violated the guidelines of patient care by causing severe emotional harm to Mr. Buchanan, by failing to notify Mr. Buchanan of her access to medical records, insurance records, treatment schedules, and any other information that pertains to Mr. Buchanan's treatment, and treatment at Beebe Hospital, to which her husband has made such records an issue of in Family Court proceedings, showing a willful violation of a fiduciary, with tortuous liability enforceable pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985." | Paragraph 11: "While employed as a nurse at Beebe Hospital, Thaila Gay, violated the guidelines of patient care by causing severe emotional harm to Mr. Buchanan, by failing to notify Mr. Buchanan of her access to medical records, insurance records, treatment schedules, and any other information that pertains to Mr. Buchanan's treatment, and treatment at Beebe Hospital, to which her husband has made such records an issue of in Family Court proceedings" |
| Paragraph 49: "While employed as a nurse at Beebe Hospital, Thaila J. Gay, violated the guidelines of patient care causing severe emotional harm as a result of loss of right of family and privacy to Mr. Buchanan, when Thomas E. Gay, Esquire, imputed his professional responsibility on his wife, where such tortuous liability is enforceable pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985." | Paragraph 12: "While employed as a nurse at Beebe Hospital, Thaila J. Gay, violated the guidelines of patient care causing severe emotional harm as a result of loss of right of family and privacy to Mr. Buchanan, when Thomas E. Gay, Esquire, imputed his professional responsibility on his wife." |

Res judicata also prevents claims that a party could have but did not assert in a prior action. *Syed v. Hercules Incorporated*, 184 F. Supp.2d 395, 399 (D. Del. 2002) (citing *Gregory v. Chehi*, 843 F.2d 111, 116 (3rd Cir. 1988). Plaintiff should have

asserted his constitutional law claims alleged in paragraphs 73-74 in state court. The Supreme Court has held that Section 1983 does not override state preclusion law and allow a petitioner a right to proceed to judgment in state court on the state claims and then to federal court for the federal claims. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 85 (1984). A supervisor at an Ohio elementary school brought suit against the Board of Education and its individual members alleging breach of contract and wrongful interference with an employment contract after the Board decided not to renew her contract. *Id*. at 78. After a decision for the plaintiff at the trial court level which was affirmed by the Court of Appeals and review denied by the Supreme Court, petitioner filed an action in Federal District Court under 42 U.S.C. § 1983 alleging a violation of her first, fifth, and fourteenth amendments. *Id* at 79. The court held that the section 1983 claim should have been raised in the state court proceeding or in the alternative, raised in the first complaint to obtain a federal forum *Id*. at 84-85.

    Plaintiff's current claim is based on the same cause of action as his previous suit. Judge Johnston in the Superior Court of the State of Delaware in and for Sussex County has already issued an opinion based on the cause of action. (See Memorandum Opinion attached as Exhibit C). Judge Johnston granted Thaila Gay's motion to dismiss, with prejudice, all claims against her on September 21, 2006. The Superior Court case was appealed to the Delaware Supreme Court on October 26, 2006. However, the federal rule is that "pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel, unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo."

*Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941). Plaintiff cannot bring a second suit on the same causes of action after there has been a full and fair hearing on the claims because there needs to be a finality to the allegations against the defendant, Thaila Gay.

> III. **Even if the court finds that res judicata does not apply, Plaintiff's Constitutional Claims against Defendant, Thaila Gay, fail because Plaintiff cannot establish as a matter of law that Ms. Gay acted with the authority of a state actor as required by 42 U.S.C. §1983 or that she engaged in a conspiracy motivated by a racial or class based discriminatory intent as required by 42 U.S.C. §1985.**

Even if the court finds that res judicata does not apply, Plaintiff's constitutional law claims fail as a matter of law. Plaintiff alleges in paragraphs 46-49 and 73-74 of the complaint that Thaila J. Gay violated his 5th Amendment guarantee of due process of law, the 8th Amendment protection against cruel and unusual punishment and the 14th Amendment guarantee of equal protection of the law which are made applicable to the states through 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Section 1983 does not provide any substantive right; it serves only to ensure that an individual has a cause of action for violations of the Constitution. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1979). Similarly, §1985 does not provide a substantive right itself; it is the remedy for a violation of the rights it designates. *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372 (1979).

> A. **Even if the court finds that res judiciata does not apply, Plaintiff's 42 U.S.C. §1983 claim against Thaila J. Gay must fail as a matter of law as Plaintiff cannot establish that Ms. Gay was acting under the color of state law**

Plaintiff cannot as a matter of law establish the requirement that Defendant,

Thaila Gay, acted at any time as a state actor. In order to maintain a cause of action based on Section 1983, a plaintiff must show: (1) the "deprivation was caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) the private party acted together with or … obtained significant aid from state officials." *Wyatt v. Cole*, 504 U.S. 158, 162 (1992). The purpose of § 1983 is to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.* at 161.

When determining whether an act is a state action, the court has to analyze whether it can be said that the State is responsible for the specific conduct of which plaintiff complains. *Crissman v. Dover Down Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2001). State licensing and state regulation are not enough to reach the level of a state actor. *Id.* at 243. For example, horse trainers who were excluded from Dover Downs, a Delaware race track, argued that Dover Downs acted under color of state law. *Id.* at 233. Plaintiffs suggested that horse owners, trainers, and horse track owners must be licensed by the state. They argued this requirement made the actions of Dover Downs attributable to the state. *Id.* at 235-6. The United States Court of Appeals for the Third Circuit affirmed the decision of the District Court for the District of Delaware granting summary judgment in favor of Dover Downs stating that there is no evidence of a close nexus between the exclusion of the Crissmans and the state of Delaware. *Id.* at 247. *see also Moose Lodge v. Irvis*, 407 U.S. 163 (1972); *Shipley v. First Federal Savings & Loan Ass'n of Delaware*, 703 F. Supp. 1122, 1128 (D. Del. 1988); *Nicastro v. Frankford Hospital*, 2004 WL 86658 (E.D.Pa)

In *Telepo v. Boylan Funeral Home*, the United States District Court for the Eastern District of Pennsylvania dismissed the claims against a private osteopath after plaintiff offered no facts to support a violation of 42 U.S.C. § 1983. 2005 WL 783059, 1 (E.D.Pa.). Plaintiff's sole argument for recovery was that Defendant was licensed by the state. The court held that being licensed by the State does not convert a doctor's every action into an act under color of state law. *Id*.

In fact, courts across the country have held that simply holding a state license or being regulated by the state is not enough to convert someone into a state actor. The District of Columbia Court of Appeals held that a licensed security guard watching over a retail store was not acting under color of state law. *US v. Lima*, 424 A.2d 113, 119 (D.C. Cir. 1980). The court equated this with architects, attorneys, money lenders, professional engineers and physicians, stating that the "state's regulation of these businesses through licensing does not convert their every action, absent more, into that of the State." *Id*. Likewise, the United States District Court for the District of Illinois found that a licensed security guard contracted to provide security to a White Castle restaurant was not acting under color of state law simply because Illinois required security guards to comply with a state licensing statute. *Jenkins v. White Castle Systems, Inc.*, 310 F. Supp. 981, 982 (E.D. Ill. 1981).

The United States Court of Appeals for the Third Circuit has held that the State licensing of a lawyer alone is not enough to make the determination that a lawyer acted under the color state law. A Plaintiff sued his attorney under 42 U.S.C. §1983 alleging inadequate representation at trial. *Henderson v. Fisher*, 631 F.2d 1115, 1119 (3d Cir. 1980). The Court held that liability under this section cannot be predicated solely on the

11

state's licensing of attorneys. Participation in a highly regulated profession does not convert every action into an act under color of state law. *Id.* (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 355 (1974)).

Plaintiffs in California brought suit against a hospital for refusal to remove a nasogastric tube from their sick mother. *McMahon v. Lopez*, 199 Cal.App.3d 829, 835 (Cal. Ct. App. 1988). The only evidence offered against the hospital was that they were extensively regulated by the state and county. *Id.* at 837. The Court stated that merely because a defendant holds a state license that permits it to conduct its business and that it is subject to state regulation is insufficient to constitute state action. *Id.* (see also *Musso v. Suriano*, 586 F.2d 59 (7th Cir. 1978)). Similarly, the Fourth Circuit has held that South Carolina's grant of a license to practice medicine does not establish a strong enough connection between the state and the physician to convert his behavior into that of the State's. *Sumpter v. Harper*, 683 F.2d 106, 108 (4th Cir. 1982).

Thaila Gay's employment as a nurse with Beebe Medical Center is the only evidence offered by the plaintiff in his claim that she violated 42 U.S.C. §1983. (C. ¶ 46-49 and ¶73-74.) Like the track owners, security guards, lawyer, hospitals and physicians above, the defendant, Thaila Gay holds a state license. However, holding this license and working in the nursing profession which is regulated by the state, is not by itself enough to conclude that Thaila Gay is a state actor.

> **B.    Even if the court finds that res judicata does not apply, Plaintiff's 42 U.S.C. 1985 claim against Thaila Gay must fail as a matter of law as Plaintiff cannot establish any conspiracy based on racial or class discrimination.**

Plaintiff cannot establish as a matter of law a violation of 42 U.S.C. §1985. By operation of law, section 1985 authorizes an action for recovery of damages against "two or more persons" who conspire to (1) prevent federal officers from performing their duties, 42 U.S.C. § 1985(1); (2) intimidate parties, witnesses or jurors in federal cases, 42 U.S.C. § 1985(2). Federal officers and intimidation are not at issue here, therefore as a matter of law if Plaintiff alleges any section 1985 claim, it would be under subsection (3). In order to state a claim under 42 U.S.C. § 1985(3) a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive a person of the equal protection of the law; (3) an action in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). The reach of §1985 is limited to private conspiracies predicated on "racial, or perhaps otherwise class based invidiously discriminatory animus." *Id.* at 91.

As a matter of law, the only action complained of is that Thaila Gay provided defendant, Thomas Gay with Mr. Buchanan's medical information while she was working as a nurse at Beebe Medical Center. This claim must fail as a matter of law as there is no racial or class based discrimination.

> IV. **Even if the court finds res judicata does not apply, Plaintiff has failed to file an Affidavit of Merit, a substantive law requirement not in conflict with any Federal Law.**

Plaintiff is alleging medical negligence on the part of Defendant, Thaila Gay, in that she breached her duty while acting as a nurse for Beebe medical center. Section 6853(a)(1) of Title 18 of the Delaware Code requires an Affidavit of Merit to accompany a healthcare negligence complaint. In Federal Court, the law to be applied is the state law unless the matter is governed by the Federal Constitution or by acts of Congress. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Delaware affidavit of merit requirement is exactly the type of state law that is "substantive" and not "procedural" and must be followed by this court.

The United States Court of Appeals for the Third Circuit found that the New Jersey affidavit of merit statute is substantive law that must be applied by federal courts. *Chamberlain v. Giampapa, M.D.*, 210 F.3d 154, 161 (3d Cir. 2000). The New Jersey affidavit of merit statue, like the Delaware affidavit of merit statute, requires that the plaintiff file an affidavit of merit of a licensed physician who states that a "reasonable probability" exists that the care that is the subject of the complaint falls outside the acceptable professional standards. *Id.* at 157. In *Chamberlain*, the plaintiff sued a plastic surgeon alleging negligence in the performance of surgery on her nose. *Id.* at 158. The plaintiff filed a complaint and the defendant answered, but the plaintiff failed to file an affidavit of merit within the required time after the answer was filed. The court affirmed the decision of the United States District Court of the District of New Jersey granting the surgeon's motion to dismiss for failure to file a timely affidavit of merit. *Id.* at 161. The

court held that there was "no overriding federal interest that would prevent application of the state law by the federal courts." *Id*.

        This Court should adopt the interpretation of the District Court of the District of New Jersey because it follows sound law and sound reasoning. The similarity of the statutes indicates that there is no overriding federal interest which would prevent the application of the Delaware affidavit of merit statute in the Federal Court. Plaintiff has failed to comply with the affidavit of merit prerequisite. (see Docket Sheet attached as Exhibit D). This is a requirement under Delaware law and does not conflict with any federal law. Therefore, the Court should dismiss the claims against Thaila Joan Gay.

## CONCLUSION

For the foregoing reasons, Thaila Joan Gay respectfully requests that all claims be dismissed with prejudice as to her.

ELZUFON, AUSTIN, REARDON
TARLOV & MONDELL, P.A.

_____
JOHN A. ELZUFON, ESQUIRE - I.D. #177

_____
JENNIFER L. STORY, ESQUIRE – I.D. 4918
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorneys for Defendant/Thaila Joan Gay

Dated: 02/05/07

G:\Docs\CLIENT\1097\16652\brief\00379488.DOC

16