IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID J. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-711 SLR |
| | ) | |
| THOMAS E. GAY, ESQUIRE, WIFE | ) | |
| THALIA J. GAY, THE HONORABLE | ) | |
| JANE M. BRADY (ATTORNEY | ) | |
| GENERAL/SUPERIOR COURT | ) | |
| JUDGE), KRISTEN S. GIBBONS, | ) | |
| EQUIRE, (COURT APPOINTED | ) | |
| SPECIAL ADVOCATE ATTORNEY | ) | |
| AD LITEM), DELAWARE STATE | ) | |
| POLICE, SEAFORD POLICE, | ) | |
| JOHN BRADY, ESQUIRE, DELAWARE | ) | |
| FAMILY COURT, THE STATE OF | ) | |
| DELAWARE, THE FIRM OF STUMPF, | ) | |
| VICKERS & SANDY, JOHN F. BRADY, | ) | |
| ESQUIRE, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

/s/ Linda M. Carmichael
Linda M. Carmichael, I.D. No. 3570
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for the Delaware Supreme Court,
the Family Court, M. Jane Brady, as
Superior Court Judge, M. Jane Brady as
Attorney General and the Delaware State
Police

DATED:  February 6, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

TABLE OF CITATIONS ............................................................................................... iii

NATURE AND STAGE OF PROCEEDINGS .............................................................1

SUMMARY OF THE ARGUMENT ............................................................................4

STATEMENT OF FACTS. ...........................................................................................5

ARGUMENT ..................................................................................................................6

        STANDARD OF REVIEW

          a.  Federal Rule of Civil Procedure 12(b)(1) ...........................................6

          b.  Federal Rule of Civil Procedure 12(b)(6) ...........................................6

I.     THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANTS, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE........................................................................8

          a.  The Rooker-Feldman Doctrine bars Plaintiff's claims. ........................8

          b.  The Younger Absention Doctrine bars Plaintiff's claims...................10

II.    STATE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY...11

          a.  There is no dispute that the Delaware Supreme Court and the Family Court have jurisdiction in the Plaintiff's State Court civil action and appeal ................................................................................................13

          b.  Judge Brady and all Judicial officers handling Plaintiff's cases, were at all times, acting in their judicial capacities..........................................14

III.   ABSOLUTE JUDICIAL PRIVILEGE BARS PLAINTIFF'S CLAIM AS TO TESTIFYING WITNESSES ..............................................................16

IV.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983 ......................................17

V.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, STATE JUDICIAL DEFENDANTS, THE ATTORNEY GENERAL, AGENCIES NAMED BY PLAINTIFF AND STATE POLICE OFFICERS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY...................................19

VI.    EVEN IF THE ATTORNEY GENERAL OR THE INDIVIDUAL STATE POLICE OFFICERS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY ....................................21

CONCLUSION.................................................................................................................23

# TABLE OF CITATIONS

*Albright v. Oliver*, 510 U.S. 266 (1994) ...........................................................................21

*Barker v. Huang,* 610 A.2d 1341 (Del. 1992) ...........................................................16, 17

*Behr v. Snider*, 900 F.Supp. 719 (E.D. Pa. 1995) .......................................................9

*Bradley v. Fisher*, 80 U.S. 335 (1871) ...............................................................11, 12, 13

*Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989) .......................................................9

*Charchenko v. City of Stillwater,* 47 F.3d 981 (8th Cir. 1995)...........................................10

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................7

*Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624 (W.D. Pa. 1996) ...............6

*D'Alessandro v. Robinson*, 210 F.Supp.2d 526 (D.Del. 2002) .....................................15, 16

*Davis v. Scherer*, 468 U.S. 183 (1984) .......................................................................7

*District of Columbia v. Feldman*, 460 U.S. 462 (1983)...........................................8, 9, 10

*Doe v. Cates*, 499 A.2d 1175 (Del. 1985)...............................................................21

*Edelman v. Jordan*, 415 U.S. 651 (1974) ...............................................................20

*FOCUS v. Allegheny County Ct. of Common Pleas,* 75 F.3d 834 (3d Cir. 1996) ...............9

*Forrester v. White,* 484 U.S. 219 (1988) .......................................................11, 13, 15

*Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993)...............6

*Gulla v. North Strabane Township*, 146 F.3d 168 (3d Cir. 1998) .....................................9

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ...............................................................11, 21

*Hiland Dairy, Inc. v. Kroger Co.*,
    402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969)...................................7

*Hoover v. Van Stone*, 540 F.Supp. 1118 (D.Del. 1982).......................................................16

*Hunter v. Bryant*, 502 U.S. 224 (1991)...............................................................11

*John v. Barron*, 897 F.2d 1387 (7th Cir. 1990), *cert. denied,* 498 U.S. 821 (!990) .....13, 15

*Keene Corp. v. Cass*, 908 f.2d 293 (8th Cir. 1986)................................................................9

*Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) ........................................................20

*Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1953) ............................................................16

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)..................................................6

*Lee v. Mihalich*, 847 F.2d 66 (3d Cir. 1988)...............................................................21, 22

*Miller v. City of Philadelphia*, 174 F.3d 368 (3d Cir. 1999) ......................................21, 22

*Mitchell v. Forsyth,* 472 U.S. 511 (1985) .........................................................................11

*Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884 (3d Cir. 1977) ............6

*Neeley v. Samis*, 183 F.Supp. 2d 672 (D.Del. 2002)...........................................................20

*Nix v. Sawyer*, 466 A.2d 407 (Del. Super. 1983)............................................................16 17

*Pagano v. Hadley*, 535 F.Supp. 92 (D.Del. 1982) .............................................................20

*Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960)....7

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)............................20

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)....................................................8, 9, 10

*Ryan v. Burlington County*, 889 F.2d 1286 (3d Cir. 1989)................................................21

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ............................................................................7

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) ................................................20

*Schall v. Joyce*, 885 F.2d 101 (3d Cir. 1989).....................................................................10

*Short v. News Journal*, 212 A.2d 718 (Del.Super. 1965) ..................................................16

*Signore v. City of McKeesport, Pa,*
    680 F.Supp. 200 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989) ..........................7

*Stump v. Sparkman*, 435 U.S. 349 (1978)......................................................11, 12, 13, 14

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir.
    1998). ..........................................................................................................................7

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)................................................18

*Winterberg v. CNA Ins. Co.*,
    868 F. Supp. 713 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995)............................6

*Younger v. Harris*, 401 U.S. 37 (1971).......................................................................10, 11

*Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002)....................................................................10

## Statutes and Other Authorities

Fifth Amendment of the United States Constitution.............................................................1

Eighth Amendment of the United States Constitution.........................................................1

Eleventh Amendment of the United States Constitution ......................................18, 19, 20

Fourteenth Amendment of the United States Constitution .............................................1, 20

Delaware Constitution of 1897, Article IV, §§ 1, 7A, 11 .................................................17

42 U.S.C. § 1983................................................................................................12, 17, 18, 20

10 Del.C. § 541 .................................................................................................................14

10 Del.C. § 921 .................................................................................................................13

10 Del.C. § 1051 ...............................................................................................................13

10 Del.C. § 4001 ...............................................................................................................21

11 Del.C. Ch. 83 ...............................................................................................................17

29 Del.C. Ch. 25 ...............................................................................................................17

F.R.C.P. 12(b)(1) ................................................................................................................6

F.R.C.P. 12(b)(6) ................................................................................................................6

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed suit against the following State Defendants:  The Supreme Court of the State of Delaware, the Family Court of the State of Delaware, M. Jane Brady, as the Attorney General and as a Judge of the Superior Court of the State of Delaware and the Delaware State Police.  Plaintiff has also sued Thomas E. Gay, Esquire and his wife, Thalia J. Gay, Kristen S. Gibbons, Esquire, Court Appointed Special Advocate, the Georgetown Police, the Seaford Police, John F. Brady, Esquire and the firm of Stumpf, Vickers & Sandy, P.A. which are not represented by the undersigned counsel.

In his complaint, Plaintiff alleges that the Family Court of the State of Delaware ("Family Court") violated the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, purportedly sounding in equal protection and/or due process.  The Plaintiff's allegations against the Supreme Court of the State of Delaware (the "Delaware Supreme Court") appear to arise out of proceedings on appeal.  The allegations alleged against the Delaware State Police appear to arise from a November 14, 2002 arrest and subsequent trial testimony in the Family Court regarding that arrest.  Lastly, the complaint against M. Jane Brady in her capacity as Attorney General (hereinafter "Attorney General") arise from the Attorney General's alleged failure to dismiss charges against the Plaintiff and the failure to prosecute an individual.  Additionally, the complaint contains allegations against M. Jane Brady in her capacity as a Superior Court Judge (hereinafter "Judge Brady") for failing to timely recuse herself from litigation involving the Plaintiff and Mr. Gay.  Plaintiff seeks relief from this Court in the amount of $600,000,000 for punitive monetary damages.

On the face of the complaint, Plaintiff's claims arise out of the following proceedings which involve, to one degree or another, certain of the State Defendants in the performance of their official functions:

(1)     Plaintiff seeks monetary punitive damages from the Family Court as a result of the decision(s) rendered regarding his divorce, property settlement and custody proceedings (Complaint ¶¶ 6-12);

(2)     Plaintiff seeks monetary punitive damages from the Delaware Supreme Court resulting from their denial of his appeal of his Family Court decision(s) (Complaint ¶¶ 13-15);

(3)     Plaintiff seeks monetary punitive damages from the Delaware State Police based on their: (a) arrest of the Plaintiff, (b) hearing testimony regarding the Plaintiff's arrest, and (c) appearance in Family Court (Complaint ¶¶ 25-28);

(4)     Plaintiff seeks monetary punitive damages from the Attorney General based on her failure to:  (a) dismiss charges resulting in Plaintiff's arrest, and  (b) to prosecute Thomas Gay for felony misconduct (Complaint ¶¶ 33-34);

(5)     Plaintiff seeks monetary punitive damages from Judge Brady based on the timing of her recusal (March 10, 2006) in litigation captioned *Buchanan v. Gay*, et al, 06C-01-002 in the Superior Court in and for Sussex County (Complaint ¶ 35).

The instant action follows actions filed in the Delaware Chancery Court[1], Delaware Superior Court[2], Delaware Family Court[3], Bankruptcy Court for the District of Delaware[4] and the Delaware Supreme Court[5].  Plaintiff has sought various relief in

---

[1] C.A. No. 2190-S.
[2] 06C-01-002 MMJ and 06C-06-041 ESB.
[3] Petition No. 02-34657.
[4] D.Del.Bankr. No. 04-12419 JKF, on appeal 07-00034 SLR

almost all State Courts.  Having been unsuccessful in these venues, Plaintiff now attempts to disguise his previous complaint as a complaint alleging violations of his civil rights.  Plaintiff currently has an open appeal in the Delaware Supreme Court which has not yet been decided as of the filing of this motion.[6]

Plaintiff filed the instant complaint on or about November 27, 2006.  The complaint reiterates Plaintiff's grievances about his divorce, property settlement and custody proceedings and his proceedings in State Court and Bankruptcy Court.  (D.I. No. 4.)  This is the State Defendants' Opening Brief in Support of Their Motion to Dismiss Complaint, which is filed simultaneously herewith.

---

[5] Nos. 511, 2006 and 562, 2006.
[6] No. 562, 2006.

## SUMMARY OF THE ARGUMENT

I.     THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANTS, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE

II.    STATE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY

III.   ABSOLUTE JUDICIAL PRIVILEGE BARS PLAINTIFF'S CLAIM AS TO TESTIFYING WITNESSES

IV.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983

V.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, STATE JUDICIAL DEFENDANTS, THE ATTORNEY GENERAL, AGENCIES NAMED BY PLAINTIFF AND STATE POLICE OFFICERS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY

VI.    EVEN IF THE ATTORNEY GENERAL OR THE INDIVIDUAL STATE POLICE OFFICERS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY

4

## STATEMENT OF FACTS

For purposes of this Motion to Dismiss, which is based solely on legal defenses, it is not necessary to recite the factual history of Plaintiff's claims and dealings with Defendants at length. Even assuming all facts alleged in Plaintiff's complaint (D.I. No. 2) and Opening Brief (D.I. No. 4) as true, he fails to state a claim upon which this Court has jurisdiction or a claim upon which relief can be granted. The pertinent procedural facts have been set forth in detail at "Nature and Stage of Proceedings."

## ARGUMENT

**STANDARD OF REVIEW**

**a.     Federal Rule of Civil Procedure 12(b)(1)**

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996)(*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (i.e., demonstrate a federal question) on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). The Plaintiff bears the burden of persuasion under Rule 12(b)(1). *Coxson*, 935 F.Supp. at 626.

**b.     Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the

complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A pro se complaint may be dismissed for failure to state a claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. *Signore v. City of McKeesport, Pa*, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

The question is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984). Under these standards, the Plaintiff's complaint must be dismissed because, even assuming Plaintiff's allegations as true, he has not invoked the subject matter of this Court and he has failed to state any claim upon which relief could be granted by this Court.

I.    **THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANTS, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE**.

Plaintiff, in his Complaint, makes allegations implicating certain federal Constitutional rights. However, his Complaint must nonetheless be dismissed, as the Rooker-Feldman Doctrine bars consideration of any of Plaintiff's claims by this Court.

a.    **The Rooker-Feldman Doctrine bars Plaintiff's claims.**

Plaintiff is abusing the judicial process by attempting to have his unfavorable decisions and his disagreements with the rulings of several courts reviewed through new civil litigation against Courts, agencies of the State of Delaware, and a judicial officer, in the District Court. Simultaneous with this Complaint, Plaintiff has a direct appeal pending in the Delaware Supreme Court. It is well established that federal district courts do not have jurisdiction to review judgments of a state court. *District of Columbia v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The Rooker-Feldman Doctrine is based on the theory that only the United States Supreme Court has authority to review final state court judgments. *Id.* at 476.

The essence of Plaintiff's claims against the State Defendants is that he is dissatisfied with the Family Court's decision regarding his divorce, custody and property settlement. Plaintiff claims violations ranging from the Family Court deprivation of his "rights of life, liberty, or property"[7] to "conspiracy"[8] to an "abuse of discretion."[9] Plaintiff, unhappy with the Family Court ruling, sued certain co-defendants in the

---

[7] Complaint at ¶ 6.
[8] Complaint at ¶ 8.
[9] Complaint at ¶ 11.

8

Superior Court[10] seeking damages for alleged Breach of Fiduciary Duty, Medical Malpractice, Defamation of Character, Derivative Tort, Infliction of Severe Emotional Distress and Harm, Litigation Conducted in Malum In Se, Failure to Observe Federal Bankruptcy Laws, Violation of Civil Rights, Disadvantaging an Opposing Party by Misleading a Presiding Judge, Abuse of Process, Error and Omissions, many of the same allegations set forth in the instant complaint.[11]  As stated above, the decision of the Superior Court is currently on appeal to the Delaware Supreme Court.[12]

The *Rooker-Feldman* Doctrine bars the Plaintiff from submitting the final judgment of a state court to a federal District Court for review.  This Doctrine has also been held to apply even where there has been no "final" judgment in the state court. *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1986) (affirming District Court's dismissal of suit against state court and judge on basis of judicial immunity and *Rooker-Feldman*). The Doctrine explicitly precludes district courts from exercising subject matter jurisdiction over "constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with such a state adjudication." *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998).  Such a constitutional claim is "inextricably intertwined" with a particular state court decision if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Behr v. Snider*, 900 F.Supp. 719, 724 (E.D. Pa. 1995) (*quoting Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989)).  "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *FOCUS v. Allegheny County Ct. of Comm. Pleas*, 75 F.3d 834, 840 (3d

---

[10] 06C-01-002 MMJ.
[11] Complaint at pp 1-2.
[12] No. 562, 2006.

9

Cir. 1996) (*quoting Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). Plaintiff, suing two Delaware Courts, a Delaware Judge, a State Official and a State Agency, seeks a review of the ruling by the State courts and effectively a reversal of those decisions through damages. Accordingly, Plaintiff's claims are barred by *Rooker-Feldman*.

> **b.** **The Younger Absention Doctrine bars Plaintiff's claims.**

The Younger Abstention Doctrine is also applicable to this case insofar as Plaintiff is soliciting this Court to interfere in pending state court litigation. The Supreme Court, in *Younger v. Harris*, 401 U.S. 37 (1971), held that, absent extraordinary circumstances, federal courts must abstain from interfering with pending state criminal prosecutions. The basis for this decision is "the longstanding public policy against federal court interference with state court proceedings." *Id.* at 43. Although *Younger* involved a state criminal case, the national policy has been extended to noncriminal judicial proceedings. *Zahl v. Harper*, 282 F.3d 204, 208 (3d Cir. 2002).

Abstention is appropriate under *Younger* where "(a) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). All three prongs have been met in the instant action. The first prong is satisfied in that the Supreme Court proceeding is judicial in nature and still pending. The second prong is met in that the proceeding implicates the importance of preserving the authority of the state's judicial system. The third prong is also satisfied, as state appellate review is available to determine whether the Superior Court's ruling violated the Plaintiff's federal

constitutional and civil rights.  Because all elements of the *Younger* abstention have been met the Plaintiff's claims are either barred or should be dismissed.

## II.    STATE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY

All of Plaintiff's allegations against the Delaware Supreme Court and the Family Court, as well as the allegations against Judge Brady, are barred by the doctrine of absolute judicial immunity, and his complaint must therefore be dismissed.  Absolute immunity is more than a simple insulation against damages; it is, in fact, an entitlement not to stand trial.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Immunity is defined by the functions it protects and serves (i.e., the judicial process), rather than the title of the defendant.  *Forrester v. White*, 484 U.S. 219, 227-29 (1988).  Immunity issues should be decided as a matter of law at the earliest possible stage of the litigation and, accordingly, may be decided on a motion to dismiss.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The United States Supreme Court, since 1871, has recognized that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  It is simply beyond dispute that a judge is entitled to absolute immunity when performing judicial acts.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function usually performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Id.* at 362.  The U.S. Supreme Court has held the doctrine of judicial

immunity to be applicable to actions filed pursuant to 42 U.S.C. § 1983. *See Stump*, 435 U.S. at 356.

This well-established principle of judicial immunity cannot be avoided simply by crafting allegations of malice, corruption or negligence, as the Plaintiff has done here. As the High Court in *Bradley* explained: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, *even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly*." *Bradley*, 80 U.S. at 351 (emphasis added).

In 1871, the Supreme Court could have been describing the case at bar when it noted that human nature will often give rise to perceptions of improper conduct in the minds of disgruntled litigants:

> [T]he disappointment occasioned by an adverse decision, often finds vent in imputations of this character, and from the imperfection of human nature this hardly a subject of wonder. If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action.

*Bradley v. Fisher*, 80 U.S. at 348.

These principles remain unchanged in modern Supreme Court jurisprudence, which additionally emphasizes the channels of higher judicial review which are available to dissatisfied litigants. "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects

inevitably associated with exposing judges to personal liability." *Forrester*, 484 U.S. 219, 227.

As noted above, Plaintiff has only named Judge Brady as an individual Defendant in this case, based upon the timing of the judicial assignment of his action, not the presiding judges in his State Court matters. Nonetheless, State Defendants note that Judge Brady along with those judges would be entitled to absolute immunity here. A judge is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be taken within the judge's jurisdiction; second, the acts must be performed in the judge's judicial capacity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (*citing Stump* and *Bradley*). Both prongs of this test are met in this case.

> **a.    There is no dispute that the Delaware Supreme Court and the Family Court have jurisdiction in the Plaintiff's State Court civil action and appeal.**

It is well settled that a judge will not be deprived of immunity from liability because the action she took was in error, or in excess of her authority. Rather, a judge will be subject to liability only when she has acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. 349, 356 (*citing Bradley*). There is no question of jurisdiction in the underlying divorce, custody and property division case from which Plaintiff claims to be aggrieved. The Family Court has exclusive original jurisdiction over Plaintiff's divorce, custody and property division case, and the Supreme Court has jurisdiction over an appeal therefrom. 10 *Del.C.* §921; 10 *Del. C.* § 1051. Further, Plaintiff filed a separate action against Thomas Gay, Esquire, Thalia Gay, his wife and the law firm of Stumpf, Vickers & Sandy, P.A. seeking "Damages from Breach of

Fiduciary Duty, Medical Malpractice, Defamation of Character, Derivative Tort, Infliction of Severe Emotional Distress and Harm, Litigation Conducted in Malum In Se, Failure to Observe Federal Bankruptcy Laws, Violation of Civil Rights, Disadvantaging an Opposing Party by Misleading a Presiding Judge, Abuse of Process, Errors and Omissions. The Superior Court has general jurisdiction over these types of cause of action. 10 *Del. C.* § 541. Plaintiff does not dispute these facts in his complaint. There is no question that the Delaware Judicial Defendants had jurisdiction over the subject matter of the underlying case from which Plaintiff claims to be aggrieved. Accordingly, the first prong of the judicial immunity test is met.

> **b.    Judge Brady and all Judicial officers handling Plaintiff's cases were, at all times, acting in their judicial capacities.**

Given jurisdiction over the subject matter, absolute immunity will attach if a judge's acts were "judicial acts." A judicial act is "a function normally performed by a judge, and to the expectations of the parties, *i.e.* whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. 349, 362. In this case, Plaintiff alludes to errors and misconduct on the part of the Family Court and the Delaware Supreme Court, institutionally, and The Honorable M. Jane Brady, Judge of the Superior Court. (Complaint ¶¶ 6-12, 13-15 and 33-35). Plaintiff asserts allegations that pertain solely to acts performed in Judge Brady's judicial capacity—specifically, action taken by her to recuse herself from assignment to the Plaintiff's Superior Court case. (Complaint ¶ 35). It is obvious from the complaint that Plaintiff is alleging that Judge Brady was acting in a judicial capacity. Clearly, an act of recusing oneself can only be maintained by Judge Brady in her "judicial capacity" as a Judge assigned to preside over a matter.

Plaintiff's complaints, stripped of their rhetoric, boil down to his claim that the Courts erred in their rulings as to multiple evidentiary and procedural matters at trial. The law is clear that error on the part of a jurist will not circumvent judicial immunity. *Forrester v. White*, 484 U.S. 219, 227. Error, if any, is a matter to be corrected by the appellate process, not by suing the trial judge in Federal Court. In this case, Plaintiff has the ultimate right to appeal his verdict to the Delaware Supreme Court. He has, in fact, already done so.

In the Complaint, Plaintiff makes additional, blatantly unsupported, allegations that the Family Court showed favoritism toward the opposing counsel and the Court Appointed Special Advocate and explicitly accuses the Family Court of "establishing a landscape of litigation favorable to opposing counsel." (Complaint §§ 6-12). However, even these base allegations are asserted within the context of the judicial proceedings. As discussed earlier, the law is well settled that clearly erroneous, malicious or even illicit decisions on the part of a judge (and, again, there is no evidence whatsoever of such conduct here) are protected by absolute judicial immunity. The risk of a judge being hauled into court and made to defend his judicial acts by the mere allegation of "conspiracy" is the precise harm that judicial immunity seeks to avoid. *John v. Barron,* 897 F.2d at 1392. Clearly, all actions taken by Judge Smalls as the presiding jurist in Plaintiff's case must be considered judicial acts. Accordingly, he is protected from suit by the doctrine of judicial immunity.

This Court considered and dismissed a complaint against a judge containing allegations remarkably similar to those in the instant case. In *D'Alessandro v. Robinson*, 210 F.Supp.2d 526 (D.Del. 2002), the plaintiffs alleged, *inter alia,* that a District Court

judge had violated their constitutional rights by dismissing their case, and that the judge had "conspired" with defense counsel in the underlying case. This Court dismissed on the basis of judicial immunity. The Court noted that, as here, all acts taken by Judge Robinson occurred in her official capacity as judge in plaintiffs' underlying case. 210 F.Supp.2d at 530. Furthermore, this Court held that "even if Judge Robinson's rulings were contrary to the law, she is still immune from suit." *Id.* Finally, with regard to the (unsubstantiated) allegations of "conspiracy", the Court held "even if Judge Robinson's actions were taken as a result of a conspiracy, [she] is still immune from suit." *Id.* The allegations lodged against the trial judge here are virtually identical, and the result must be the same. Plaintiff's complaint must be dismissed with prejudice as to all judicial defendants, as they are absolutely immune from suit.

## III.    ABSOLUTE JUDICIAL PRIVILEGE BARS PLAINTIFF'S CLAIM AS TO TESTIFYING WITNESSES

It is well established that Delaware recognizes the common law rule of absolute privilege which protects statements from judges, parties, witnesses and attorneys from actions for defamation when such statements are offered in the course of judicial proceedings. *Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992)(citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 392 (Del. 1953); *Hoover v. Van Stone*, 540 F.Supp. 1118, 1121 (D.Del. 1982); *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983); *Short v. News Journal*, 212 A.2d 718, 719 (Del. Super. 1965)). "The purpose served by the absolute privilege is to facilitate the flow of communication between persons involved in the judicial proceedings and, thus, to aid in the complete and full disclosure of facts necessary to a fair adjudication." *Id.* In order to accomplish this goal and quell apprehension of defamation suits, "the protection afforded by the privilege is absolute; so

long as the statement is pertinent to, and made in the course of, a judicial proceeding, even a showing of malice will not divest the statement of its immune status." *Id.*

The privilege affords absolute protection with a showing that: (1) the statements were issued as part of a judicial proceeding, and (2) the statements were relevant to a matter at issue in the case. *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983). Both requirements are easily satisfied in the instant action. Plaintiff's verified complaint alleges that on November 29, 2004 State Police Officers Gray and Benton testified in a Family Court custody proceeding. (Complaint ¶¶ 25,26, 27).

The absolute privilege is not limited to defamation claims. "The absolute privilege would be meaningless if a simple recasting of the cause of action from 'defamation' to 'intentional infliction of emotional distress' or 'invasion of privacy' could void its effect." *Barker* at 1349. The statements by the State Police Officers, made in the course of judicial proceedings are privileged, regardless of the tort theory by which the Plaintiff seeks to impose liability.

## IV.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.

The Plaintiff has named Delaware Supreme Court, the Family Court, Judge Brady, the Attorney General and the Delaware State Police as defendants in this matter. The Delaware Supreme Court and the Family Court exist pursuant to the Delaware Constitution of 1897, Article IV, §§ 1, 7A, 11. The Delaware State Police is a Division within the State Department of Safety and Homeland Security, an executive agency. 11 *Del. C.* Ch. 83. The Attorney General is an elected official who's duty it is to direct and control the Department of Justice. 29 *Del. C.* Ch. 25. Defendants the Delaware Supreme

Court, the Family Court, Judge Brady in her official capacity, Attorney General in her official capacity and the Delaware State Police State cannot be considered "persons" as contemplated by the jurisprudence interpreting 42 U.S.C. § 1983.

Obviously, the State of Delaware, the Delaware Supreme Court, the Family Court and the Delaware State Police are not "persons."  Likewise, for purposes of this litigation, neither is Judge Brady, the Attorney General nor any individual State Police Officers a person subject to suit.  The United States Supreme Court has held that a state official acting in his or her official capacity is immune from suit under 42 U.S.C. § 1983 because he or she is not a "person" under the statute.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  Just as States themselves are protected from suit under the immunity granted by the Eleventh Amendment to the U.S. Constitution (See Argument V), infra), so are state actors in their "official" capacities.

As the Supreme Court in *Will* explained "[o]bviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself.  *Will*, 491 U.S. at 71.  As a preliminary matter, the complaint is captioned against the institutional offices and "Jane M. Brady [sic] (Attorney General/Superior Court Judge)," by reference to her official state titles.

Plaintiff's complaint, while vaguely pled, clearly stems entirely from the results of his judicial proceedings.  The fact that Plaintiff now seeks damages against Judge Brady as a result of any perceived delay in the judicial assignment of his Superior Court case does not negate that any action taken was taken in an official capacity as a Judge of the Superior Court.  (Complaint ¶ 35).  Thereby, all actions allegedly taken by Judge

18

Brady occurred in her official capacity as judge and she may not be considered a "person" subject to suit in this Court. Similarly, the Plaintiff seeks damages against the Attorney General for alleged failure to dismiss charges against him (Complaint ¶ 33) and for her alleged failure to prosecute another individual. (Complaint ¶ 34). All the alleged actions against the Attorney General are clearly in an official capacity, and do not give rise to a cause of action in this Court. The Attorney General is not a "person" subject to suit in this Court.

Lastly, all the grievances set forth in Plaintiff's complaint, as to the named individuals, while only vaguely pled, clearly stem entirely from the officers' actions taken in their official capacity as Delaware State Police (i.e., arresting, testifying regarding the arrest, and/or providing courtroom security). The fact that Plaintiff is not satisfied with the performance of the Delaware State Police's official job duties does not negate that their actions were taken in an official capacity, and does not give rise to a cause of action in this Court. The individual State Police officers are not "persons" subject to suit in this Court.

**V.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, STATE JUDICIAL DEFENDANTS, THE ATTORNEY GENERAL, AGENCIES NAMED BY PLAINTIFF AND STATE POLICE OFFICERS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

any Foreign State." Further, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 65 (1996). "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D.Del. 2002) (*citing Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100 (1984). The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive state immunity will produce this result. *Id.*

No such clear intent can be seen in 42 U.S.C. § 1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 U.S.C. § 1983. Neither the State of Delaware nor its officials acting in their official capacity are "persons" as contemplated by 42 U.S.C. § 1983.

To the extent plaintiff claims any violations of state laws, the Doctrine of Sovereign Immunity also bars such a claim. *See Pagano v. Hadley*, 535 F.Supp. 92

(D.Del. 1982).  Sovereign immunity provides that the State and its agencies may not be

sued without consent.  *See Doe v. Cates*, 499 A.2d 1175, 1881 (Del. 1985).  No such

consent exists here.  *See also* 10 *Del. C.* § 4001 (providing for absolute tort immunity for

judges).

### VI.    EVEN IF THE ATTORNEY GENERAL OR THE INDIVIDUAL STATE POLICE OFFICERS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY

There is nothing in the instant complaint to support a claim against the Attorney

General or any State Police Officer in their individual capacities.  The Third Circuit has

held that the proper analysis is for the trial court to first determine whether the Plaintiff

asserts a valid violation of a constitutional right, before considering immunity issues.

*Miller v. City of Philadelphia*, 174 F.3d 368, 374 (3d Cir. 1999).  Plaintiff here has not

made that showing.    Nonetheless, Plaintiff's claims (assuming any exist) against

Defendants in their individual capacities would be barred by the doctrine of qualified

immunity.[13]    It is well settled that government officials performing discretionary

functions enjoy qualified immunity from damages when their conduct "does not violate

clearly established statutory or constitutional rights of which a reasonable person would

have known."  *Lee v. Mihalich*, 847 F.2d 66, 69 (3d Cir. 1988) (*citing Harlow v.

Fitzgerald*, 457 U.S. 800 (1982) (*Lee v. Mihalich* abrogated on unrelated grounds per

*Albright v. Oliver*, 510 U.S. 266 (1994)).    The test is one of "objective legal

reasonableness" of an official's acts.  *Lee*, 847 F.2d at 69.  Defendants are entitled to

---

[13] As the Third Circuit held in *Ryan v. Burlington County*, 889 F.2d 1286, 1292 (3d Cir. 1989) "[t]he defense of qualified immunity is a recognition of the fact that subjecting public officials to personal liability for their discretionary actions results in the distraction of those officials from their public duties, inhibits their discretionary actions and, quite possibly, deters qualified people from accepting public service." *Id.*

qualified immunity unless Plaintiff can show that (1) his "right" is clearly established by law, and (2) the "unlawfulness must be apparent." *Id.*

In *Miller*, the Third Circuit, citing Supreme Court authority, held that where abusive action is alleged against a government official, there will be no constitutional liability unless the "action [is] so ill-conceived or malicious that it 'shocks the conscience' . . . officials will not be held liable for actions that are merely negligent." *Miller*, 174 F.3d at 375 (citations omitted).

Applying the *Lee/Miller* test, it is clear that Plaintiff has not pled any facts that would defeat the qualified immunity of the individual Defendants.  He has no "right" – let alone a "clearly established right" to have a certain individual prosecuted by the State, or to avoid prosecution himself.  Further, Plaintiff has pled no facts to show any action on the part of the Attorney General or any named officers that was malicious or that "shocks the conscience."   As plaintiff fails to set forth any factual basis that would defeat the defense of good faith immunity, the Attorney General and any individual state police officers are not subject to liability.

## CONCLUSION

Even accepting the allegations of Plaintiff's complaint as true, he has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim, against the Delaware Supreme Court, the Family Court, Judge Brady, Attorney General, and the Delaware State Police upon which relief could be granted.  For the foregoing reasons, the State Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's complaint with prejudice.


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


/s/ Linda M. Carmichael
Linda M. Carmichael, I.D. #3570
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for the Delaware Supreme Court,
the Family Court, M. Jane Brady, as
Superior Court Judge, M. Jane Brady as
Attorney General and the Delaware State
Police

DATED:  February 6, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2007, I electronically filed State Defendants' Opening Brief in Support of Their Motion to Dismiss with the Clerk of the Court using CM/ECF. In addition, I caused the attached to be e-filed or mailed via first class mail to the following individuals:

David J. Buchanan
34806 Hudson Road
Laurel, DE 19947
Via first class mail

Joseph Scott Shannon, Esquire
Marshall Dennehey Warner
    Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
Via e-file

James J. Rodgers, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Via first class mail

Martin J. Weis, Esquire
Dilworth Paxson
One Customs House, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031
Via e-file

John A. Elzufon, Esquire
Jennifer L. Story, Esquire
Elzufon, Austin, Reardon
    Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
Via e-file

By: /s/ Linda M. Carmichael
Linda M. Carmichael I.D. #3570
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Flr.
Wilmington, DE 19801
(302) 577-8400
linda.carmichael@state.de.us
Attorney for the Delaware Supreme Court,
the Family Court, M. Jane Brady, as
Superior Court Judge, M. Jane Brady as
Attorney General and the Delaware State
Police

24