IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID J. BUCHANAN, | ) ) ) ) | Civ. No    06-711-SLR. |
| Plaintiff, Pro Se | ) ) ) ) | |
| v. | ) ) | |
| THOMAS E. GAY, THALIA J. GAY, HONORABLE JANE M. BRADY, KRISTEN S. GIBBONS, DELAWARE STATE POLICE, GEORGETOWN POLICE, SEAFORD POLICE, JOHN BRADY, THE STATE OF DELAWARE, DELAWARE FAMILY COURT OF THE STATE OF DELAWARE, AND THE FIRM OF STUMF, VICKERS, AND SANDY, et al. | ) ) ) ) ) ) ) ) ) ) ) ) | FILED |
| Defendants. | ) | |

### ANSWER OPPOSING STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT

COMES NOW, the Plaintiff to submit an answer opposing the *State Defendants' Motion To Dismiss Complaint*, and for cause stated within, request the Court Order the State Defendants' in <u>Default</u>, for the following reasons:

1. State Defendant's Motion fails to give service to all tortfeasors that have entered an appearance, and/or filed motions of appearance in this litigation, pursuant to Federal Rule 5(a) of Civil Procedure.

2. State Defendant's Motion fails to comply with Federal Rule 10(b) of Civil Procedure.

3. State Defendant's Motion fails to comply with Federal Rule 27(C)(i) of Civil Procedure.

1

4. State Defendants' Motion fails to Answer or Defend all the allegations of the *Complaint* in the responsive pleading, pursuant to Federal Rule 8(d) of Civil Procedure, where such allegations are <u>admitted when not denied in the responsive pleading.</u>

5. State Defendants' Motion failed to respond to *Complaint* within 20 days of service of Summons, affording <u>judgment by default</u> against the Defendants, and where Defendant Kristen S. Gibbons who had been served *Summons* on the same day of January 16, 2007, as most State Defendants, and so identified the date to respond as February 5, 2007, in her *Motion to Extend The Time to Respond To the Complaint,* served on Linda Carmichael, Esquire, on January 31, 2007, and that Plaintiff recognized Linda Carmichael's, appearance for the State Defendants' in the *Certificate of Service* attached to his *Answer Opposing Motion To Extend The Time to Respond To The Complaint,* dated February 5, 2007, then any and all neglect by Linda Carmichael, Esquire and/or The Delaware Department of Justice can <u>not</u> be excused.

6. State Defendant's Motion arguing that the *Rooker-Feldman* Doctrine bars the Plaintiff from submitting a final judgment of the state court to a federal District Court for review is miss applied in these proceedings, where all State Court judgments are submitted as subject matter support of action against such tortfeasor, and not on appeal, and where the District Court maintains subject matter jurisdiction over all Constitutional claims not previously adjudicated, and/or suits brought against a State, such *Rooker-Feldman* Doctrine does not apply pursuant to 28 U.S.C.S. 1257.

7. State Defendant's Motion arguing that the *Younger Absention* Doctrine is applicable in this litigation fails to prevail in argument, where the Plaintiffs' rights have been violated by The State of Delaware beyond the State's authority, and with contempt for

the State's Legislative intent, causing irreparable injury to the Plaintiff. Such argument also fails the three-part test applied by The United States Supreme Court for determining whether abstention is appropriate. Abstention is appropriate when; (1) there is a pending state judicial proceeding, fails where there is no such proceeding involving agencies of the State of Delaware, (2) the proceeding implicates important state interests, fails where a state interest such as licensing of attorneys is not at risk, nor is the State's judicial system at risk when not abused, and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges, fails where the State Court can not be afforded subject matter jurisdiction over against it's own.

8. As in *Mitchell v. Forsyth*, 472 U.S. 511, The Attorney General of the United States is not absolutely immune from suit for damages arising out of his allegedly <u>unconstitutional</u> conduct in performing his national security functions; in comparison, the status of the Delaware Attorney General as a state officer is not in itself sufficient to invest her with absolute immunity:, and where it is alleged that the former Attorney General for Delaware, now a Judge who has been appointed to preside over matters *Buchanan v. Gay* in a State Court, who has impaired due process of law by <u>not exercising the powers of her offices</u>, and has conditioned a landscape of judicial power over such state litigation that has disadvantage the Plaintiff with delay in proceedings, further refusing disclosure, then such absolute immunity does not withstand challenge. Where the suit against the State Police, Seaford Police, and Georgetown Police allege similar <u>unconstitutional conduct</u> causing harm to plaintiff, such absolute immunity does not pertain.

9. State Defendant's Motion supporting Brief arguing that Absolute Judicial Privilege bars Plaintiff's claim to testifying witness, fails argument that such statements by police

3

officers was admitted to court proceedings in the light of an unconstitutional arrest, incarceration asserting claims regarding allegedly defamatory actions made outside the judicial context of the Family Court, and unwarranted wire tap and/or interception of transmitted text, not in the course of a the Family Court proceedings, where such testimony involved an act of perjury by a state police officer, attempting to maintain credibility.

10. State Defendant's Motion supporting Brief arguing that the 11th Amendment offers immunity to State Defendants' fails to defend an action of assumpsit against a State where such resultant state <u>action in concert</u> with action by a non-state employee contracted attorney, resulted in a violation of Constitutional rights, and the taking of federal health care benefits a violation of absolute rights Codified by 18 U.S.C.S. 245 (b)(1)(B), voiding such 11th Amendment protection, and where it is alleged in the *Complaint* that police attempted to intimidate the Plaintiff during a judicial proceeding beyond their powers of duty, goes to show intent to violate due process of law, conspiracy, an abuse of power by the State Police, and the Department of Justice.

*11.* State Defendant's Motion supporting Brief arguing that the Eleventh Amendment stands "for constitutional principle that State sovereign immunity limits the federal courts, and so sights the principles of *Seminole Tribe of Florida v. Florida,* attempting to compare the right to enforce civil rights by a resident of the State of Delaware by filing suit against the State of Delaware, with an action governed by *Federal Constitution's Indian commerce clause (Art I, 8, cl 3),* brought against the State of Florida to negotiate in good faith, where the intent of the Eleventh Amendment is to prevent jurisdiction in suits by non-residents, Indian tribes, confederate union interests and the like, not of the

state for which the suit is brought, goes to fail State Defendants' arguments by definition and content of the Eleventh Amendment, and where in *Chisholm v Georgia* (1793) 2 US 419, 1 L Ed 440, 2 Dall. 419, that the Constitution did not immunize states from federal courts' process.

*12.* State Defendant's Motion supporting Brief arguing that dismissal pursuant to Fed. Rule of Civil Procedure 12(b)(1), and/or 12(b)(6), are augmentative, and do not withstand application to this case, and where State Defendants' provide the case of *Kokkonen v. Guardian Life Ins.* to support arguments pertaining to subject matter jurisdiction, where such case shows forfeiture of jurisdiction of the district court, "by filing a <u>stipulation of dismissal</u> signed by all parties who have appeared in the action," and "causes that dismissal to be with prejudice," provides no case comparison justifying dismissal. As in *Winterberg v. CNA*, the complaint should not be dismissed pursuant to Rule 12(b)(6) unless the plaintiff alleges "no set of facts in support of the claim that would entitle him to relief", go to show that this suit prevails over a request for dismissal for failure to state a claim, where allegation of factual tort is clearly claimed throughout the *Complaint*.

**WHEREFORE,** The above captioned Plaintiff, David J. Buchanan, hereby requests the Court consider; the numbered paragraphs of this Answer in an attempt to respond to a Brief <u>not</u> allowed by Federal Civil Rules of Procedure, the nature of the allegation of the *Complaint*, the enormous amount of counsel retained by the non-state defendants in preparation of a defense which foreshadows the Defendants' attempt to eviscerate Statute with misapplication of Rule, then issue an Order of Default as noted on the Summons served on January 16, 2007.

5

Dated: February 11, 2007

_____
David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DAVID J. BUCHANAN, ) ) ) ) | Civ. No | 06-711-SLR. |
| Plaintiff, Pro Se ) ) v. ) ) | | |
| THOMAS E. GAY, THALIA J. GAY, ) HONORABLE JANE M. BRADY, ) KRISTEN S. GIBBONS, DELAWARE ) STATE POLICE, GEORGETOWN POLICE, ) SEAFORD POLICE, JOHN BRADY, ) THE STATE OF DELAWARE, ) DELAWARE FAMILY COURT OF THE ) STATE OF DELAWARE, AND THE FIRM ) OF STUMF, VICKERS, AND SANDY, et al. ) ) Defendants. ) | | |

### ORDER

IT IS ORDERED, on this ____ day of _____, 2007, upon consideration of *State Defendants' Motion to Dismiss Complaint,* and Plaintiff's *Answer Opposing State Defendants' Motion to Dismiss Complaint* in the shadow that the State Defendant's failed to participate timely in litigation, that an Order of Default be filed affording the Defendants pay Plaintiff $600,000,000 (Six Hundred Million Dollars U.S.) for such default.

_____
The Honorable Sue L. Robinson
United States District Court Judge

7

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY,** That I mailed on the 12th day of February, 2007, a true and correct copy of the foregoing, *Answer Opposing State Defendants' Motion To Dismiss Complaint*, proposed order, via United States Mail, postage pre-paid to the following persons:

TO:  Martin J. Weis, Esquire
P.O. Box 1031
Wilmington, DE 19801
(Attorney for Ms. Gibbons)

John A. Elzufon, Esquire, and
Jennifer L. Story, Esquire
300 Delaware Ave., Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(Attorneys for Ms. Gay)

Linda Carmichael, Esquire
Department of Justice
Carvel State Office Building, 6th Floor
820 North French Street
Wilmington, DE 19801

Joseph S. Shannon
P.O. Box 8888
Wilmington, DE 19899
(Attorneys Mr. Gay)

Thomas Vecchio, Esquire, and
James J. Rodgers, Esquire, at
Dilworth Paxson, LLP
3200 The Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(Attorneys for Ms. Gibbons)

John F. Brady, Esquire
10 E. Pine Street
Georgetown, DE 19947

David J. Buchanan, Plaintiff
34806 Hudson Road
Laurel, DE 19956
302 875-1362





From: Buchanan David J.
34206 Hudson Rd
Laurel De 19956

To: U.S District Court Dist of Del.
844 North King St
Lock Box 31

Wilmington De 19801

Case No 06-711 SLR

**PRIORITY MAIL**
UNITED STATES POSTAL SERVICE

TRY FREE CARRIER PICK-UP
usps.com/pickup



HOW TO USE:

1. COMPLETE ADDRESS AREA
Type or print return address and addressee information in designated area.

2. PAYMENT METHOD
Affix postage or meter strip to area indicated in upper right hand corner.

3. ATTACH LABEL (Optional)
Remove label backing and affix in designated location.

4. Bring your Priority Mail package to a post office, present it to your letter carrier or call 1-800-222-1811 for pick up. Stamped mail may be deposited

▲ Complete address information or place label here ▲

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided as the means of closure. Domestic use only.