IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |  |
|---|---|---|---|
| DAVID J. BUCHANAN, | ) ) ) ) | Civ. No | 06-711-SLR. |
| Plaintiff, Pro Se | ) ) ) | | |
| v. | ) ) ) | | |
| THOMAS E. GAY, THALIA J. GAY, HONORABLE JANE M. BRADY, KRISTEN S. GIBBONS, DELAWARE STATE POLICE, GEORGETOWN POLICE, SEAFORD POLICE, JOHN BRADY, THE STATE OF DELAWARE, DELAWARE FAMILY COURT OF THE STATE OF DELAWARE, AND THE FIRM OF STUMF, VICKERS, AND SANDY, et al. | ) ) ) ) ) ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

FILED
FEB 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### ANSWER OPPOSING DEFENDANTS' THOMAS E. GAY AND STUMPF VICKERS & SANDY, P.A.'s MOTION FOR DISMISSAL PURSUANT TO FED. CIV. R. P. 12(B)(6)

COMES NOW, the Plaintiff opposing the *Motion for Dismissal Pursuant to FED. CIV. R. P. 12(b)(6)*, for the following reasons:

1. Agreed.

2. Disagree. Plaintiff has clearly made a claim of $600,000,000 (Six Hundred Million Dollars U.S.) to be awarded for conditions of tort, and tort resulting from violations of Plaintiff's absolute rights, as noted in the *Complaint*. Where the Defendants argue that the doctrine of *res judicata* gives cause to dismiss for failure to state a claim, violates the intent of Rule 12(b)(6) by supporting a motion to dismiss for failure to state a claim with

1

argument, where the "*Standard of Review*" for such matters precludes such. On Thomas E. Gay's own supporting argument established by the Third Circuit law, the conditions of *res judicata* fail condition (1) by declaring a dismissal for non compliance for court rule for a case that did not make it to trial, verses the required judgment on the merits of the case, and (2) that the same parties or their privities of this suit were also joined in any previous suit, and (3) that this suit is based on the same cause of action where, the cause of Conspiracy by a State contracted attorney, violations of HIPAA, and constitutional violations pertaining to Federal health benefits by the State of Delaware are core this suit, and fails to appear in any other suit, and where the court making prior adjudication lacked jurisdiction over matters pertaining against the State of Delaware, *res judicata* does not apply. Where counsel attempts to delay, protract, or otherwise oar this litigation with argument that a Notice of Appeal which was timely filed for which only the Gays and SVS are captioned, Del. Supreme No. 562, 2006, and that Appellees' have failed to enter any appearance, prohibits this litigation timely filed in any way is in error. For *res judicata* to be argued the caption of the complaint must be identical, and not contain other tortfeasors, or cause, and where this complaint pertains to matters of violation of Bankruptcy Stay 362 after any such final order by any court, and where the Superior Court's order is characteristic to not allowing Plaintiff to be heard, *res judicata* or *collateral estoppel* fail the *Rooker-Feldman* doctrine supporting cause to dismiss, where . matters of this suit are fresh, and not barred by. See *OREGON v. GUZEK, 546 U.S. 517, LANCE, ET AL., v. GIGI DENNIS, 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS 1105.*

3. Disagree. Application of this Doctrine in argumentative an fails as a condition for

dismissal.

4. Opposed. As mentioned in paragraph #2, this action encompassed additional litigants, and cause pertaining to matters following any final judgment in other cases. As for defense of such matters pertaining to using the same documents for defense, any document which support a set of circumstances that has occurred after any final order with any other court is admissible. Note: Any conspiracy impairing the performance of contract, access court, and/or impair absolute rights, that continues after any final order can be subject to this litigation.

5. Disagree as written. Plaintiff is not relying on only different statues, but has also filed suit against additional tortfeasors including the State of Delaware, and where the liable tortfeasors are different but equally liable, any dismissal due to *res judicata* stands to be mute, and where any other suit involving the Gays, or SVS failed to go to trial, and was dismissed without consideration of the merits, go to mute claims of *res judicata*.

6. Disagree. Counsel uses the word "<u>identical</u>" to compare cause of violation of HIPAA and the codified constitutional violation leading to violation in the Buchanan's family rights, to a claims dismiss for failure to comply with court rule, and where statute empowered by Constitution prevails over rule, and that the merits of such had not been addressed, any argument supporting the doctrine of *res judicata* stands mute.

7. Opposed to counsel's intent. Here counsel attempts to make the terms of "minor revisions" equal to that of "identical" as previously stated, to support a response with the court that goes to avoid an "Answer".

8. Opposed as in paragraph #7.

9. Opposed to counsel's intent. Where an Appeal is filed in action against a group

3

"A" of tortfeasors, any action filed against a different group "B" of tortfeasors is not barred by *res judicata,* or *estoppel*, even if all or part of the "A" is part of "B", and where such groups are linked in action pertaining to conspiracy, any part of group "B" shall not be less liable due to litigation as group "A", pursuant to due process of law empowering statute over rule.

10. Opposed as previously stated within.

11. Disagree as written, where counsel attempts to convince the court that a procedural hearing in Superior Court which omitted any argument pertaining to merits, is a fair trial, preventing claims against an entirely different group.

12. Disagree as written. Counsel wrongfully claims that the Superior Court found Mr. Buchanan's claims "insufficient to state any claim", which is incorrect, as per the copy of the of the Superior Court Memorandum of Opinion submitted by counsel, the Court dismiss Thaila J. Gay for Buchanan failing to follow court rule, and dismissed Thomas E. Gay, and his firm for recognition of absolute privilege, even where such matters were outside the scope of such privilege, and in such order the Presiding Judge Johnston publishes her lack in attention to matters before the Court, by indicating that Mr. Buchanan was previously married to Mrs. Gay, showing a gross violation of due process of law.

13. Disagree as written. The a Family Court order to divide property did not interrupt the requirement to perform on mortgage contracts, which stand as an agreement between the mortgagees and the mortgager, and until such contracts are satisfied or dissolved due to breach, then the Plaintiff has right to due process to enforce any contract and to defend against any impairment caused by a third party, regardless if such party is a lawyer,

where impairment of contract is not in the jurisdiction of the Family Court action, and where the parties of the mortgage contract are no longer married, and the Family Court failed to condition any order pertaining to the status of mortgages in the shadow that wife failed to move the court to determine any condition being placed on the mortgages interim to any other order, agreement, and/or decree, then the Family Court no longer has jurisdiction over the performance of contracts between parties that are not married. *See SAVAGE v. SAVAGE, C.A. No. 1613-S COURT OF CHANCERY OF DELAWARE, SUSSEX 2006 Del. Ch. LEXIS 165.* In the event that counsel used funds belonging to an Estate of Bankruptcy without relief of stay, then counsel is liable for willful violation of Bankruptcy stay, and impairing mortgage contracts by using, and accepting money otherwise available to service such contract, for fees and legal retainer. By further response counsel has submitted to this court documents showing the intent to interfere with mortgage contracts, acknowledging that an agreement has not been reached resolving the mortgage obligations, a letter Dated December 5, 2005, from Thomas E. Gay identifying the Bankruptcy court's conditional stay dated May 19, 2005, and an Affidavit submitted to the Family Court by Thomas E. Gay, Dated November 14, 2005, identifying the willful intent to violate the conditions of stay, by filing a Motion to List and Sell, prior to any hearing scheduled before the Family Court.

14. Disagree. The "Standard of Review" for any dismissal pursuant to Rule 12(b)(6) does not permit supporting argument, or consideration of attachments, as counsel is attempting to do, where the dismissal must be decided only on the contents of the Complaint.

15. Disagree as written. The Plaintiff in this case is the respondent in Family Court

matters for which Mr. Gay has abused the power of the law to violate Mr. Buchanan's rights, and has been forced to seek counsel with other counsel, a right afforded him in any critical stage of a criminal case, but not a absolute right in civil litigation, and where Mr. Gay has motioned the Delaware Superior Court for an Enlargement of Time to obtain counsel not in conflict with wife's counsel, even before wife's counsel had entered an appearance in that court, goes to illuminate a set of circumstances that the Plaintiff can prevail, and where Mr. Gay requested from Judge Henriksen to be excused from a *Request for Admissions* on matters before a Family Court Commissioner which go to identify Mr. Gay's misconduct, show an aggravated abuse of court procedure to conceal his misconduct.

16. Disagree. Prompt and fair administration of justice demands that this case be brought before a Jury to be heard on the merits, where conspiracy between the tortfeasors can be adjudicated. Furthermore the resultant violations of Mr. Buchanan's rights, violation in due process of law, ongoing impairment of contractual obligations, cancellation of health care, and now a criminal case against Mr. Buchanan spawned from Mr. Gay's actions, require that the Court recognize that <u>Statute prevails over Rule</u>, and any rule excluding this case from going forward interferes with due process of law.

<u>By Further Response</u>

17. Counsel is attempting to be excluded from this suit for *res judicata* where by the very nature of the allegations of conspiracy against the remaining tortfeasors bars such exclusion.

18. Mr. Gay, has filed a request to stay discovery pending a dismissal, where such request emanates that such discovery casts light on sets of circumstance for which the Plaintiff

can prevail.

19. Martin J. Weis, Esquire, has signed and submitted a *Motion to Extend The Time To Respond To The Complaint,* which indicates again that counsel is seeking protection from possible criminal proceedings by retaining counsel, and emanates circumstance core to the complaint that may involve Mr. Gay.

20. The *Standard of Review* pertaining to a motion to dismiss states; "A motion to dismiss, filed pursuant to Superior Court Civil Rule 12(b)(6), must be decided solely upon the allegations set forth in the complaint, and the Court must accept all allegations within the complaint as true. If a plaintiff may recover under any reasonably conceivable set of circumstances, a motion to dismiss must de denied." *See Washington v. Department of Correction, and* **Jane M. Brady***, C.A. No. 05M-10-076 WCC, Del. Superior.*

**WHEREFORE,** The above captioned Plaintiff, David J. Buchanan, hereby requests the Court consider; that *res judicata* is argumentative and can not be considered cause to dismiss under Fed. Civil Rule 12(b)(6), and the willful disregard of Defendant Thomas E. Gay, Esquire, to file a timely response to the complaint, where the event of an attorney seeking counsel from another attorney emanates the existence of circumstances for which the Plaintiff can prevail, then deny any motion to dismiss, in the interest of the Court's sense of fair play.

Dated: February 11, 2007

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |  |
|---|---|---|---|
| DAVID J. BUCHANAN, | ) ) ) ) | Civ. No | 06-711-SLR. |
| Plaintiff, Pro Se | ) ) ) | | |
| v. | ) ) ) | | |
| THOMAS E. GAY, THALIA J. GAY, HONORABLE JANE M. BRADY, KRISTEN S. GIBBONS, DELAWARE STATE POLICE, GEORGETOWN POLICE, SEAFORD POLICE, JOHN BRADY, THE STATE OF DELAWARE, DELAWARE FAMILY COURT OF THE STATE OF DELAWARE, AND THE FIRM OF STUMF, VICKERS, AND SANDY, et al. | ) ) ) ) ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

**ORDER**

IT IS ORDERED, on this ____ day of _____, 2007, upon consideration of Defendants Thomas E. Gay, Esquire, and the firm of SVS Motion for Dismissal pursuant to Federal Civil Rule of Procedure 12(b)(6), the Plaintiff's forgoing Answer opposing such Dismissal. Dismissal in whole or in part is DENIED.

                                                The Honorable Sue L. Robinson
                                                United States District Court Judge

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY,** That I mailed on the 12th day of February, 2007, a true and correct copy of the foregoing, ANSWER OPPOSING DEFENDANTS' THOMAS E. GAY AND STUMPF VICKERS & SANDY, P.A.'s MOTION FOR DISMISSAL PURSUANT TO FED. CIV. R. P. 12(B)(6), proposed order, via United States Mail, postage pre-paid to the following persons:

TO:  Martin J. Weis, Esquire  
P.O. Box 1031  
Wilmington, DE 19801  
(Attorney for Ms. Gibbons)

Joseph S. Shannon  
P.O. Box 8888  
Wilmington, DE 19899  
(Attorneys Mr. Gay)

John A. Elzufon, Esquire, and  
Jennifer L. Story, Esquire  
300 Delaware Ave., Suite 1700  
P.O. Box 1630  
Wilmington, DE 19899-1630  
(Attorneys for Ms. Gay)

Thomas Vecchio, Esquire, and  
James J. Rodgers, Esquire, at  
Dilworth Paxson, LLP  
3200 The Mellon Bank Center  
1735 Market Street  
Philadelphia, PA 19103  
(Attorneys for Ms. Gibbons)

Linda Carmichael, Esquire  
Department of Justice  
Carvel State Office Building, 6th Floor  
820 North French Street  
Wilmington, DE 19801

John F. Brady, Esquire  
10 E. Pine Street  
Georgetown, DE 19947

David J. Buchanan, Plaintiff  
34806 Hudson Road  
Laurel, DE 19956  
302 875 -1362

9

From: Buchanan David J.
34206 Hudson Rd
Laurel De 19956

To: U.S District Court Dist of Del.
844 North King St
Lock Box 31
Wilmington De 19801

Case No 06-711 SLR