IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 06-711-SLR |
| ) | |
| THOMAS E. GAY; THAILA J. GAY; ) | |
| THE HONORABLE M. JANE BRADY; ) | |
| KRISTEN S. GIBBONS; DELAWARE ) | |
| STATE POLICE; GEORGETOWN POLICE; ) | |
| SEAFORD POLICE; JOHN BRADY; ) | |
| DELAWARE FAMILY COURT OF THE STATE ) | |
| OF DELAWARE; THE STATE OF DELAWARE; ) | |
| and THE LAW FIRM OF STUMPF VICKERS ) | |
| & SANDY, P.A., ) | |
| ) | |
| Defendants. ) | |

**THOMAS E. GAY's and STUMPF VICKERS & SANDY's
REPLY IN SUPPORT OF THEIR MOTION FOR DISMISSAL**

COMES NOW Thomas E. Gay, Esquire, and the law firm of Stumpf Vickers & Sandy, P.A., (collectively "SVS" unless disambiguated), by and through Counsel, and in support of their *Motion for Dismissal* (D.I. # 13), hereby state as follows, to wit:

1.  Mr. Buchanan fails to appreciate that Superior Court's consideration of his Superior Court *Complaint* and finding, as a matter of law, that it was without merit after drawing all inferences in his favor is, indeed, an adjudication *on the merits* – and it is a determination by Superior Court that under any conceivable set of facts, Buchanan cannot recover against SVS as a matter of law.

2.  Mr. Buchanan's *Answering Opposing Defendants' Thomas E. Gay and Stumpf Vickers & Sandy, P.A.'s Motion for Dismissal*, (D.I. # 38), provides the Court with no basis upon

which to deny SVS's *Motion*, although it does provide several grounds in addition to *res judicata* upon which dismissal is proper.

       3.       Paragraph 2 of Mr. Buchanan's *Answering Brief* cites to *Oregon v. Guzek*, 546 U.S. 517 (2006), in which the Supreme Court stated its authority for reviewing the final judgment of a state court with reference to 28 U.S.C. § 1257. Section 1257 states in pertinent part: "Final judgment or decrees rendered by the highest court of a State . . . may be reviewed by the Supreme Court by writ of certiorari . . . ."

       4.       In the second case cited by Mr. Buchanan in ¶2 of his *Brief*, is *Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198 (2006), in which the Supreme Court again took jurisdiction under 28 U.S.C. § 1257, explaining: "We have held that this grant of jurisdiction is exclusive: 'Review of such judgments may be had *only* in this Court.'" (Emphasis as in original; internal citations omitted).

       5.       The Supreme Court then explains proper application of the *Rooker-Feldman* doctrine as "a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgment.'" *Id*., 126 S.Ct. 1198, 1201.

       6.       Let's examine the Supreme Court's description of *Rooker-Feldman* as applicable to Mr. Buchanan's claims here: (1) Mr. Buchanan is a state-court loser, having been through a Family Court divorce, a dismissed Chancery Court action, no less than three dismissed Delaware Supreme Court appeals with one pending, and at least two Superior Court dismissals. (*I.e., Complaint*, D.I. # 2; and SVS *Motion for Dismissal*, D.I. # 13); (2) Mr. Buchanan is complaining of injuries caused by state-court judgment rendered before the district court proceedings

commenced, as shown by his prayer for $600,000,000, or as he states, "(Six Hundred Million Dollars U.S.)", (*Answer Opposing*, D.I. # 38 at ¶2); and (3) Mr. Buchanan is inviting this Court review and reject those judgments as when, for example, he alleges that Superior Court "Presiding Judge Johnston publishes her lack in attention to matters before the Court, by indicating that Mr. Buchanan was previously married to Mrs. Gay, showing a gross violation of due process of law [*sic*]", (*Answer Opposing* at ¶12), and alleging that he was "the respondent in Family Court matters for which Mr. Gay has abused he power of the law to violate Mr. Buchanan's rights," (*Id*. at ¶15), "Mr. Gay has motioned the Delaware Superior Court for an Enlargement of Time to obtain counsel", (*Id*.), and "Mr. Gay requested from Judge Henriksen to be excused from a *Request for Admissions* on matters before a Family Court Commissioner", (*Id*.).

7.   The Supreme Court's opinion in *Lance* states as plainly as possible: "The [*Rooker-Feldman*] doctrine applies only in 'limited circumstances,' *Exxon Mobil*, 544 U.S. at 291, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."  126 S.Ct. at 1202.

8.   That is precisely what Mr. Buchanan seeks to accomplish here.

9.   *Lance* is also instructive in its application of the preclusion doctrine codified at 28 U.S.C. § 1738 which requires "that federal courts 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'"  126 S.Ct. at 1202.

10.  While SVS does not need to rely solely upon preclusion under 28 U.S.C. § 1738 because Thomas Gay, Esquire, and Stumpf Vickers & Sandy were named parties in the Superior Court action upon which SVS's prayer for application of *res judicata* is premised and, therefore,

the *Rooker-Feldman* doctrine actually does apply to bar Mr. Buchanan's claims – at least according to the United States Supreme Court – it is applicable as yet another basis for dismissal of the claims in this forum.

11.     Further illustration of Mr. Buchanan's legal acumen is afforded by his cite to *Savage v. Savage*, Del. Ch., Case No. 1613-S, 2006 Del. Ch. LEXIS 165, Strine, V.C., *Opinion* (Sept. 7, 2006), which stands for exactly the <u>opposite</u> proposition for which Mr. Buchanan cites it. (*Answer Opposing* at ¶13).  Namely, *Savage* unequivocally holds:  "The statutes make clear that Angela's claims belong in the Family Court." *Id*. at *17; and, "That intention [that Family Court assumed jurisdiction over ongoing contracts and agreements between former spouses arising from a divorce] has been recognized by both this [Chancery] court and the Family Court." *Id*. at *19-*20; and, "couples getting divorced often failed to wrap up all marital matters before the divorce decree.  Thus the General Assembly made plain that the Family Court was the court to decide such disputes <u>even after the divorce</u>." *Id*. at *22-*23; *&tc.*

12.     Finally, as already argued within the *Motion* – but not addressed by Mr. Buchanan in his *Answer Opposing* – the Third Circuit has already stated that *res judicata* applies to bar a federal action and that "merely because the [plaintiff] relied on different statutes in each action does not . . . render [his] claims different causes of action for *res judicata* purposes . . . Nor is it dispositive that [the plaintiff] asserts a different theory of recovery or seeks different relief [$38,000,000 in Superior Court, and $600,000,000 here] in the two action. . . .  [T]he focal points of our analysis are whether the acts complained of were the same [they are], whether the material facts alleged in each suit were the same [they are] and whether the witnesses and documentation required to prove such allegations were the same [they are]." *United States of America v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3rd Cir. 1984).

13. The Delaware Superior Court gave Mr. Buchanan every benefit of the doubt in assessing his claims and accepting all of his averments in the Superior Court action as true before entering an order dismissing that action for failing to state any claim upon which relief might be granted as a matter of law. That is a final adjudication on the merits of a meritless complaint and Mr. Buchanan's revival of those same claims on the same facts before this Court is nothing more than a state-court loser asking this Court to reject Superior Court's result.

14. That is precisely the purpose for which the doctrine of *res judicata* operates to bar needless litigation; that is precisely the purpose for which the *Rooker-Feldman* doctrine was articulated to by the United States Supreme Court; and that is precisely the purpose for which the United States Congress enacted 28 *U.S.C.* § 1738.

WHEREFORE, for the reasons stated, Thomas E. Gay, Esquire, and the law firm of Stumpf Vickers & Sandy, P.A., request this Honorable Court for an Order dismissing Plaintiff's *Petition* with prejudice, and awarding them their fees and costs in defending this action.

          MARSHALL DENNEHEY WARNER
               COLEMAN & GOGGIN

  /s/Joseph Scott Shannon, Esquire
Jos. Scott Shannon, Esquire (I.D. No. 3434)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899 – 8888
tel.: 302.552.4329
fax.: 302.651.7905
e-mail: jsshannon@mdwcg.com

*Counsel for Thomas E. Gay, Esquire and*
    *Stumpf Vickers & Sandy, P.A.*

Dated: February 26, 2007

**CERTIFICATE OF SERVICE**

Joseph Scott Shannon, Esquire, hereby certifies that on February 13, 2006, he caused true and correct copies of the attached *Defendants Thomas E. Gay's and Stumpf Vickers & Sandy, P.A.'s Motion for a Stay of Discovery Pursuant to Fed. R. Civ. P. 26(c)* to be served upon the following persons in the manner indicated:

David J. Buchanan
34806 Hudson Road
Laurel, DE 19947
*Via 1st Class U.S. Mail*
    *Postage Prepaid*

John A. Elzufon, Esquire
Jennifer L. Story, Esquire
Elzufon Austin Reardon Tarlov & Mondell
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899 – 1630
    *Via e-filing*

Linda Carmichael, Esquire
State of Delaware Dept. of Justice
Carvel State Office Bldg, 6th Floor
820 North French Street
Wilmington, DE 19801
*Via e-filing*

Martin James Weis, Esquire
Dilworth Paxson, LLP
First Federal Plaza, Ste. 500
704 N. King Street
Wilmington, DE 19801
*Via e-filing*

John Francis Brady, Esquire
Brady, Richardson, Beauregard
   && Chasanov, LLC
10 E. Pine Street
P.O. Box 742
Georgetown, DE 19947
*Via 1st Class U.S. Mail*
    *Postage Prepaid*

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

  */s/Joseph Scott Shannon*
Joseph Scott Shannon, Esquire (I.D. No. 3434)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899 – 8888
tel.: 302.552.4329
fax.: 302.651.7905
e-mail: jsshannon@mdwcg.com

*Counsel for Thomas E. Gay, Esquire, and
the Law Firm of Stumpf Vickers & Sandy, P.A.*