IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

)
)
DAVID J. BUCHANAN,           )    Civ. No    06-711-SLR.
)
     Plaintiff, Pro Se        )
)
)
     v.                    )
)
THOMAS E. GAY, THALIA J. GAY,   )
HONORABLE JANE M. BRADY,    )
KRISTEN S. GIBBONS, DELAWARE  )
STATE POLICE, GEORGETOWN POLICE, )
SEAFORD POLICE, JOHN BRADY,    )
THE STATE OF DELAWARE,      )
DELAWARE FAMILY COURT OF THE  )
STATE OF DELAWARE, AND THE FIRM )
OF STUMF, VICKERS, AND SANDY, et al. )
)
)
     Defendants.          )

FILED

FEB 22 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## ANSWER OPPOSING DEFENDANT THAILA JOAN GAY'S MOTION FOR DISMISSAL PURSUANT TO FED. CIV. R. P. 12(B)(6) IN LIEU OF AN ANSWER TO THE COMPLAINT

COMES NOW, the Plaintiff opposing the *Motion for Dismissal Pursuant to FED. CIV. R. P. 12(b)(6),* for the following reasons:

1. Defendant's Motion fails to comply with Federal Rule 10(b) of Civil Procedure, where all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances

2. As stated in Plaintiff's Answer to State Defendant's Motion to dismiss, a filing of a "Brief" in support of a motion fails to comply with U.S.C. 28a Rule 27 (a)(2)(C)(i),

where it is stated: "A separate brief supporting or responding to a motion must not be filed." The procedure of entering a "Brief" in lieu of numbered paragraphs supporting a motion, or otherwise in defense of the *Complaint*, where courts have held that as the Rule 12(b)(6) by its terms refers to statements in the complaint, extraneous matter on affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it.

3.   Plaintiff has clearly made a claim of $600,000,000 (Six Hundred Million Dollars U.S.) to be awarded for conditions of tort, and tort resulting from violations of Plaintiff's absolute rights, as noted in the *Complaint*. Where the Defendants argue that the doctrine of *res judicata* gives cause to dismiss for failure to state a claim, violates the intent of Rule 12(b)(6) by supporting a motion to dismiss for failure to state a claim with Summary of Argument, where the "*Standard of Review*" for such matters precludes such, and where on Thomas E. Gay's own supporting argument established by the Third Circuit law, the conditions of *res judicata* fail condition (1) by declaring a dismissal for non compliance for court rule for a case that did not make it to trial, verses the required judgment on the merits of the case, and (2) that the same parties or their privities of this suit were also joined in any previous suit, and (3) that this suit is based on the same cause of action where, the cause of Conspiracy by a State contracted attorney, violations of HIPAA, and constitutional violations pertaining to Federal health benefits by the State of Delaware are core this suit, and fails to appear in any other suit, and where the court making prior adjudication lacked jurisdiction over matters pertaining against the State of Delaware, *res judicata* does not apply. Where counsel attempts to delay, protract, or otherwise oar this litigation with argument that a Notice of Appeal which was timely filed

2

for which only the Gays and SVS are captioned, Del. Supreme No. 562, 2006, and that Appellee has failed to enter any appearance, prohibits this litigation timely filed in any way is in error. For *res judicata* to be argued the caption of the complaint must be identical, and not contain other tortfeasors, or cause, and where this complaint pertains to matters of violation of Bankruptcy Stay 362 after any such final order by any court, and where the Superior Court's order is characteristic to not allowing Plaintiff to be heard, *res judicata* or *collateral estoppel* fail the *Rooker-Feldman* doctrine supporting cause to dismiss, where matters of this suit are fresh, and not barred. *See OREGON v. GUZEK, 546 U.S. 517, LANCE, ET AL., v. GIGI DENNIS, 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS 1105.*

4.  Defendant's *Summary of Argument* contained in her supporting brief requires the Court to make judgment on pleadings as to whether a previous suit against the Defendant pertaining to violations in fiduciary duty pursued as malpractice, bars claims made in this suit pertaining to violations of HIPAA, which can be enforced and codified by 42 U.S.C.S 1983 and 1985.

6.  Defendant's *Summary of Argument* contained in her supporting brief, requires the Court to make judgment on pleadings to dismiss by adopting a state law beyond the federal legislative intent to allow a defense not otherwise jurisdictional to the court, and where Defendant's brief acknowledges that their defense fails to be supported by federal statute or rule, gives cause for Summary Judgment in favor of Plaintiff. If the court so recognizes the substantive state law requirement to file an Affidavit of Merit in cases of medical malpractice, only goes to disallow acts so determined by the court to be that of malpractice, and does not bar claims for violations of fiduciary duty, HIPAA, or any

3

other tort claimed to be enforceable by 42 U.S.C.S 1983 and 1985.

7. Plaintiff is relying not only on different statues, but has also filed suit against additional tortfeasors including the State of Delaware who have acted in concert, and where the liable tortfeasors are different but equally liable, have refused discovery, and have filed a motion with the court to Quash Subpoena served on Thomas E. Gay, Esquire to produce documents supporting a defense in a related case 07-34-SLR, goes to support the allegations of the *Complaint,* and that any dismissal due to *res judicata* stands to be mute. It is noted at this time that a *Motion to Quash Subpoena* must comply with 28a U.S.C Rule 45 (3)(A) &(B), or will be considered contempt pursuant to 28a U.S.C Rule 45 (e), and where Scott Shannon, Esquire, counsel for Thomas E. Gay, Esquire in these proceedings, has requested relief from the Court, for proceedings in matters third party to these proceedings, without properly notifying counsel in matters of case file 07-34-SLR, then the court should recognize the *Motion to Quash Subpoena,* filed on February 13, 2007, as an act of willful misconduct of counsel further defined as acts or omissions, individually or in concert with any other person or persons, that violate or attempt to violate the rules of the bar.

8. Opposed to counsel's intent. Where an Appeal is filed in action against a group "A" of tortfeasors, any action filed against a different group "B" of tortfeasors is not barred by *res judicata,* or *estoppel,* even if all or part of the "A" is part of "B", and where such groups are linked in action pertaining to conspiracy, any part of group "B" shall not be less liable due to litigation as group "A", pursuant to due process of law empowering statute over rule.

9. Opposed to counsel's intent. The "Standard of Review" for any dismissal

4

pursuant to Rule 12(b)(6) does not permit supporting argument, or consideration of attachments, as counsel is attempting to do, where the dismissal must be decided only on the contents of the *Complaint.*

By Further Response

10. Counsel is attempting to be excluded from this suit for *res judicata* where by the very nature of the allegations of conspiracy against the remaining tortfeasors bars such exclusion.

11. Where Mr. Gay, has filed a request to stay discovery pending a dismissal, a *Motion to Quash Subpoena* that lacks cause in this case file, and has admitted to allegations of the *Complaint* for failure to deny in matters before the Family Court, where such requests and pleadings emanate such admission of liable, and where such discovery would cast light on sets of circumstance for which the Plaintiff can prevail, shows that Defendants' lack of adequate defense against the *Complaint,* gives little cause to dismiss.

**WHEREFORE,** The above captioned Plaintiff, David J. Buchanan, hereby requests the Court consider; that *res judicata* is argumentative and can not be considered cause to dismiss under Fed. Civil Rule 12(b)(6), and the unwillingness of Thaila J. Gay's husband Thomas E. Gay, Esquire, to comply with Subpoena in other related cases, as well as discovery in this case, emanates the existence of circumstances for which the Plaintiff can prevail, then deny any motion to dismiss, in the interest of the Court's sense of fair play.

Dated: February 20, 2007

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956

5

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |  |
|---|---|---|---|
| DAVID J. BUCHANAN, | ) ) ) | Civ. No | 06-711-SLR. |
| Plaintiff, Pro Se | ) ) ) | | |
| v. | ) ) ) | | |
| THOMAS E. GAY, THALIA J. GAY, HONORABLE JANE M. BRADY, KRISTEN S. GIBBONS, DELAWARE STATE POLICE, GEORGETOWN POLICE, SEAFORD POLICE, JOHN BRADY, THE STATE OF DELAWARE, DELAWARE FAMILY COURT OF THE STATE OF DELAWARE, AND THE FIRM OF STUMF, VICKERS, AND SANDY, et al. | ) ) ) ) ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

## **ORDER**

IT IS ORDERED, on this ____day of ____, 2007, upon consideration of

Defendants Thaila J. Gay's Motion for Dismissal pursuant to Federal Civil Rule of

Procedure 12(b)(6), the Plaintiff's forgoing Answer, Dismissal in whole or in part is

DENIED.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY,** That I mailed on the 20th day of February, 2007, a true

and correct copy of the foregoing, ANSWER OPPOSING DEFENDANTS' THAILA J.

GAY'S  MOTION FOR DISMISSAL PURSUANT  TO FED. CIV. R. P. 12(B)(6),

proposed order, via United States Mail, postage pre-paid to the following persons:

TO:     Martin J. Weis, Esquire            Joseph S. Shannon
        P.O. Box 1031                      P.O. Box 8888
        Wilmington, DE 19801               Wilmington, DE 19899
        (Attorney for Ms. Gibbons)         (Attorneys Mr. Gay)

        John A. Elzufon, Esquire, and      Thomas Vecchio, Esquire, and
        Jennifer L. Story, Esquire         James J. Rodgers, Esquire, at
        300 Delaware Ave., Suite 1700      Dilworth Paxson, LLP
        P.O. Box 1630                      3200 The Mellon Bank Center
        Wilmington, DE 19899-1630          1735 Market Street
        (Attorneys for Ms. Gay)            Philadelphia, PA 19103
                                           (Attorneys for Ms. Gibbons)

        Linda Carmichael, Esquire          John F. Brady, Esquire
        Department of Justice              10 E. Pine Street
        Carvel State Office Building, 6th Floor   Georgetown, DE 19947
        820 North French Street
        Wilmington, DE 19801


David J. Buchanan, Plaintiff
34806 Hudson Road
Laurel, DE 19956
302 875 -1362

David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

NO FEE 2007

EASTON MD 216

20 FEB 2007 PM 1 T

U.S.M.S.
X-RAY

Chief Judge Sue L. Robinson
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 31
Wilmington, DE 19801

