IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   C. A. No. 06-711 SLR |
| | ) |
| THOMAS E. GAY, ESQUIRE, WIFE THALIA J. GAY, THE HONORABLE JANE M. BRADY (ATTORNEY GENERAL/SUPERIOR COURT JUDGE), KRISTEN S. GIBBONS, EQUIRE, (COURT APPOINTED SPECIAL ADVOCATE ATTORNEY AD LITEM), DELAWARE STATE POLICE, SEAFORD POLICE, JOHN BRADY, ESQUIRE, DELAWARE FAMILY COURT, THE STATE OF DELAWARE, THE FIRM OF STUMPF, VICKERS & SANDY | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
|     Defendants. | ) |

**STATE DEFENDANTS' REPLY BRIEF
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

                            **DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

                            /s/ Linda M. Carmichael
                            Linda M. Carmichael, I.D. No. 3570
                            Deputy Attorney General
                            Carvel State Office Building
                            820 North French Street, 6th Floor
                            Wilmington, DE  19801
                            (302) 577-8400
                            Attorney for the Delaware Supreme Court, the Family Court, M. Jane Brady, as Superior Court Judge, M. Jane Brady as Attorney General and the Delaware State Police

DATED:  February 27, 2007

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................ i

TABLE OF CITATIONS ..................................................................................... iii

NATURE AND STAGE OF PROCEEDINGS ..............................................................1

ARGUMENT ......................................................................................................2

I. THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANTS, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE ..........................................................3

a. The Rooker-Feldman Doctrine bars Plaintiff's claims. .........................3

b. The Younger Abstention Doctrine bars Plaintiff's claims.....................4

II. STATE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY .....4

a. There is no dispute that the Delaware Supreme Court and the Family Court have jurisdiction in the Plaintiff's State Court civil action and appeal ..........................................................................................5

b. Judge Brady and all Judicial officers handling Plaintiff's cases, were at all times, acting in their judicial capacities ..........................................6

III. ABSOLUTE JUDICIAL PRIVILEGE BARS PLAINTIFF'S CLAIM AS TO TESTIFYING WITNESSES ..............................................................6

IV. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983 ........................................7

V. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, STATE JUDICIAL DEFENDANTS, THE ATTORNEY GENERAL, AGENCIES NAMED BY PLAINTIFF AND STATE POLICE OFFICERS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY ....................................7

VI. EVEN IF THE ATTORNEY GENERAL OR THE INDIVIDUAL STATE POLICE OFFICERS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY ..................................9

CONCLUSION ................................................................................................................10

## **TABLE OF CITATIONS**

*Chisholm v. Georgia,* 2 U.S. 419 (1793) ...................................................................................8

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................................2

*Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624 (W.D. Pa. 1996) ....................2

*Cruz v. Beto,* 405 U.S. 319 (1972) ............................................................................................2

*District of Columbia v. Feldman*, 460 U.S. 462 (1983)........................................................3, 4

*Edelman v. Jordan*, 415 U.S. 651 (1974) ..............................................................................7, 8

*Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993) ....................2

*Hiland Dairy, Inc. v. Kroger Co.*,
  402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969) .....................................2

*John v. Barron*, 897 F.2d 1387 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990).............5

*Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406 (3d Cir. 1991) .....................................3

*Miller v. City of Philadelphia*, 174 F.3d 368 (3d Cir. 1999) ..................................................9

*Mitchell v. Forsyth,* 472 U.S. 511 (1985) .................................................................................5

*Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884 (3d Cir. 1977) ...............2

*Neeley v. Samis*, 183 F.Supp. 2d 672 (D.Del. 2002).................................................................8

*Nix v. Sawyer*, 466 A.2d 407 (Del. Super. 1983).....................................................................6

*Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960)....2

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)...............................................................3, 4

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) .....................................................8

*Schall v. Joyce*, 885 F.2d 101 (3d Cir. 1989)............................................................................4

*Stump v. Sparkman*, 435 U.S. 349 (1978).................................................................................6

*Younger v. Harris*, 401 U.S. 37 (1971).....................................................................................4

**Statutes and Other Authorities**

Eleventh Amendment of the United States Constitution ...................................................7, 8

18 U.S.C.S. § 245(b)(1)(B)..................................................................................................8

42 U.S.C. § 1983.........................................................................................................7, 8, 9

10 Del.C. § 921 .....................................................................................................................5

10 Del.C. § 1051 ...................................................................................................................5

F.R.C.P. 5(a) .........................................................................................................................1

F.R.C.P. 8(d) .........................................................................................................................1

F.R.C.P. 10(b) .......................................................................................................................1

F.R.C.P. 12(b)(1) ...............................................................................................................2, 3

F.R.C.P. 12(b)(6) ...............................................................................................................2, 3

F.R.C.P. 27(C)(i)...................................................................................................................1

## NATURE AND STAGE OF PROCEEDINGS

State Defendants' Motion to Dismiss and Opening Brief in Support was filed on February 6, 2007. (D.I. No. 29, 30). On February 15, 2007, Plaintiff filed his Answer Opposing State Defendants' Motion to Dismiss Complaint. (D.I. No. 37). This is the State Defendants' Reply Brief in Support of Their Motion to Dismiss Complaint.

In his Answering Brief, Plaintiff requests that the Court find the State Defendants in default (Answering Br. at 1, ¶¶ 1-5). Plaintiff's request for default is unfounded and should be denied. First, Plaintiff asserts that State Defendants failed to provide service pursuant to Fed. R. Civ. P. 5(a) - any deficiency in service of State Defendants' Motion to Dismiss and Opening Brief in Support thereof was rectified the very next day by the filing of an Amended Certificate of Service. Second, Plaintiff complains that State Defendants failed to comply with Fed. R. Civ. P. 10(b) – this rule is not applicable to State Defendants Motion to Dismiss and Opening Brief in Support. Third, Plaintiff stated that the State Defendants failed to comply with Fed. R. Civ. P. 27(C)(i) – likewise, this rule is not applicable to the instant matter as it pertains to the taking of depositions before action or pending appeal. Fourth, the Plaintiff argues that the State Defendants' response fails to comply with Fed. R. Civ. P. 8(d) – again, this rule is not applicable as the State Defendants filed a Motion to Dismiss and Opening Brief in response to the complaint, not an answer. Lastly, Plaintiff contends that he should be afforded judgment by default as the State Defendants' Motion to Dismiss was not timely filed – the State Defendants were served on January 17, 2007, not January 16, 2007 as stated in Plaintiff's Answering Brief. The State Defendants timely filed their Motion to Dismiss and Opening Brief in Support on February 6, 2007.

**ARGUMENT**

The standard of review on this motion to dismiss is worthy of reiteration. Dismissal for lack of subject matter jurisdiction, F.R.C.P. 12(b)(1) is appropriate if the right(s) claimed by the Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F.Supp. 624, 626 (W.D. Pa. 1996) (*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). The district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977).

Even if the plaintiff does invoke the court's jurisdiction, his complaint will still be dismissed if, on its face, the complaint fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In considering a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (*per curiam*). A pro se complaint may be dismissed for failure to state a claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nor does the Court have to accept as fact legal conclusions, unsupported conclusions, or sweeping legal arguments cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960).

It is plaintiff's burden of persuasion when subject matter jurisdiction is challenged under Rule 12(b)(1); whereas, under 12(b)(6) the defendant bears the burden to demonstrate that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Under these standards, the complaint in the instant action must be dismissed because, even assuming Plaintiff's allegations as true, he failed to state the abridgement of any Constitutional right and has otherwise failed to state any claim upon which relief could be granted by this Court. The arguments set forth in Plaintiff's Answering Brief show that his claims fail to assert a claim upon which relief can be granted and cannot survive the various defenses and immunities which mandate dismissal.

I.  **THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER THE ALLEGATION RAISED AGAINST THE STATE DEFENDANTS, AS PLAINTIFF'S CLAIMS ARE PLAINLY BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE YOUNGER ABSENTION DOCTRINE.**

   a.  **The Rooker-Feldman Doctrine bars Plaintiff's claims.**

In his Answering Brief, Plaintiff states that the *Rooker-Feldman* Doctrine is misapplied or does not apply. Plaintiff is simply abusing the judicial process. Plaintiff's pending appeal in the Delaware Supreme Court is precisely why this Court lacks jurisdiction to re-consider rulings of the Family and Superior Courts. Plaintiff will be bound by the ultimate outcome favorable or unfavorable, of his appeal to the Delaware Supreme Court and possibly beyond. The outcome of the State court proceedings may ultimately be appealed to the United States Supreme Court. The fundamental premise of the *Rooker-Feldman* Doctrine is that the United States District Court lacks jurisdiction to consider a state court case that may be appealed to the United States Supreme Court. *District of Columbia v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263

3

U.S. 413, 415 (1923). Plaintiff offers no substantive argument why *Rooker-Feldman* should not entirely bar this action with regard to all issues from the state court proceedings. Accordingly, Plaintiff's claims are barred by *Rooker-Feldman*.

      **b.**      **The Younger Abstention Doctrine bars Plaintiff's claims.**

As to the *Younger* Abstention Doctrine, the Plaintiff claims that it does not apply because it fails to meet the three-part test. Abstention is appropriate under *Younger* where "(a) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). All elements of the *Younger* have been met in the instant action. Plaintiff's state court proceedings are currently ongoing, and this Court should abstain from Plaintiff's attempts to interfere with the pending state court proceedings based upon the *Younger* Abstention Doctrine. The State of Delaware has an important interest in interpreting its own civil and civil procedure laws, as well as overseeing the functions of its State Police, Department of Justice and state Judiciary. For these reasons, abstention from interfering with the state's judicial process is appropriate and required.

**II.**    **STATE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY**

All of Plaintiff's allegations against the Delaware Supreme Court and the Family Court, as well as the allegations against Judge Brady, are barred by the doctrine of absolute judicial immunity, and his complaint must be dismissed. In his Answering Brief, Plaintiff appears to assert that absolute immunity does not apply to Judge Brady due to a judicial reassignment in the matter of *Buchanan v. Gay* in the Superior Court.

Plaintiff's makes baseless allegations of improper conduct against Judge Brady and alludes to the creation of a biased judiciary. Immunity, whether absolute or qualified, is an entitlement not to stand trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). One of the purposes of Judicial Immunity is to protect judges from being drawn into endless debates over their rulings by bitter litigants. Here, the Plaintiff makes false and unsupported allegations of improper conduct that are untrue.

Plaintiff acknowledges the doctrine of judicial immunity in his Answering Brief (Answering Brief at ¶ 8), but fails to identify what actions were taken by Judge Brady outside of her judicial capacity. A judge is entitled to absolute judicial immunity if her actions meet a two-part test: first, the acts must be taken within the judge's jurisdiction; second, the acts must be performed in the judge's judicial capacity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990). Both prongs of this test are met in this case.

> **a. There is no dispute that the Delaware Supreme Court and the Family Court have jurisdiction in the Plaintiff's State Court civil action and appeal.**

There can be no genuine dispute that the Family Court has exclusive original jurisdiction over Plaintiff's divorce, custody and property division case, and the Supreme Court has jurisdiction over an appeal therefrom. 10 *Del.C.* §921; 10 *Del. C.* § 1051. Plaintiff, in his Answering Brief, does not assert that the Delaware Supreme Court and the Family Court lacked jurisdiction over his civil action and appeal. Thus it is clear that the Delaware Judicial Defendants had jurisdiction over the subject matter of the underlying case from which Plaintiff claims to be aggrieved. Accordingly, the first prong of the judicial immunity test is met.

>   **b.    Judge Brady and all Judicial officers handling Plaintiff's cases were, at all times, acting in their judicial capacities.**

Given jurisdiction over the subject matter, absolute immunity will attach if a judge's acts were "judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). In this case, Plaintiff alludes to errors and misconduct on the part of the Family Court and the Delaware Supreme Court, institutionally, and The Honorable M. Jane Brady, Judge of the Superior Court. (Complaint ¶¶ 6-12, 13-15 and 33-35). Plaintiff, in his Answering Brief, offers no response to Defendants' argument that all acts performed by Judge Brady were in her judicial capacity. The law is well settled that clearly erroneous, malicious or even illicit decisions on the part of a judge (and, again, there is no evidence whatsoever of such conduct here) are protected by absolute judicial immunity. Clearly, all actions taken by Judge Brady as the presiding jurist in Plaintiff's case must be considered judicial acts. Accordingly, she is protected from suit by the doctrine of judicial immunity. Plaintiff's complaint must be dismissed with prejudice as to all judicial defendants, as they are absolutely immune from suit.

### III.   ABSOLUTE JUDICIAL PRIVILEGE BARS PLAINTIFF'S CLAIM AS TO TESTIFYING WITNESSES

In his Answering Brief, Plaintiff asserts without legal support that the Absolute Judicial Privilege does not apply to statements made by testifying police officers offered during a court proceeding. This is completely contrary to legal precedent and common sense. The Absolute Judicial Privilege affords absolute protection for testifying witnesses with a showing that: (1) the statements were issued as part of a judicial proceeding, and (2) the statements were relevant to a matter at issue in the case. *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983). Both requirements are easily satisfied in

the instant action. The allegations in Plaintiff's verified complaint satisfy both of these requirements. (Complaint ¶¶ 25,26, 27). The statements by the State Police Officers, made in the course of judicial proceedings are privileged, regardless of the tort theory by which the Plaintiff seeks to impose liability.

IV. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, AGENCIES AND OFFICIALS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.**

The State courts, agencies and individual defendants in their official capacity moved to dismiss as they are not "person" subject to suit under 42 U.S.C. § 1983. This defense is a fundamental principle of Constitutional law and is beyond dispute. Plaintiff's brief offers no relevant response.

V. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE COURTS, STATE JUDICIAL DEFENDANTS, THE ATTORNEY GENERAL, AGENCIES NAMED BY PLAINTIFF AND STATE POLICE OFFICERS SUED IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

This argument is also based upon an elementary principal of constitutional law and is beyond dispute. Plaintiff's Answering Brief does not offer anything to contradict the law cited in the Opening Brief for the well-settled proposition that a sovereign state and its officials are immune from suit in federal court under the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Plaintiff asserts that the State Defendants failed to defend an action of assumpsit. (Answering Br. at ¶ 10). Plaintiff has not alleged any breach of contract whether express, implied or quasi which would qualify as an action of in assumpsit. Further, Plaintiff appears to assert that the State Defendants violated his constitutional rights and his absolute rights pursuant to 18 U.S.C.S §

7

245(b)(1)(B) to receive benefits from his spouse's federal health care plan. (Id.) Clearly, the State Defendants did not interfere with the Plaintiff's ability to participate in his spouse's federal health care plan. From the complaint it appears that Plaintiff's divorce may have had an impact on his participation rights under the federal health care plan.

In his Answering Brief, Plaintiff questions the validity of State Defendants' sovereign immunity argument. Plaintiff cites to *Chisholm v. Georgia*, 2 U.S. 419 (1793), for the proposition "that the Constitution did not immunize states from federal courts' process." (Answering Br. at ¶ 11). The Eleventh Amendment was passed by the U.S. Congress on March 4, 1794 and was ratified on January 8, 1798, after the ruling in *Chisholm*. The Eleventh Amendment to the United States Constitution, provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Further, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 65 (1996). In the absence of congressional abrogation or consent, a suit against a state agency is proscribed by the Eleventh Amendment. *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D.Del. 2002). There is no waiver of the state sovereign immunity in 42 U.S.C. § 1983. To the contrary, the statute facially allows suits only to be brought against "persons." 42 U.S.C. § 1983. As set forth

earlier, neither the State of Delaware nor its officials acting in their official capacity are "persons" as contemplated by 42 U.S.C. § 1983.

### VI. EVEN IF THE ATTORNEY GENERAL OR THE INDIVIDUAL STATE POLICE OFFICERS HAD BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, THEY WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY

Nothing in the complaint states a claim against any individual State Defendant in his or her individual capacity. As noted in the Opening Brief, the trial court must first determine whether Plaintiff asserts a valid claim for violation of a constitutional right by the State Defendants, before considering immunity issues. *Miller v. City of Philadelphia*, 174 F.3d 368, 374 (3d Cir. 1999). Plaintiff has failed to make that showing. Even assuming arguendo that Plaintiff's claims against Defendants in their individual capacities exist they would be barred by the doctrine of qualified immunity.

**CONCLUSION**

Even accepting the allegations of Plaintiff's complaint as true, he has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim, against the Delaware Supreme Court, the Family Court, Judge Brady, Attorney General, and the Delaware State Police upon which relief could be granted. For the foregoing reasons, the State Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's complaint with prejudice.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Linda M. Carmichael
Linda M. Carmichael, I.D. #3570
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for the Delaware Supreme Court, the Family Court, M. Jane Brady, as Superior Court Judge, M. Jane Brady as Attorney General and the Delaware State Police

DATED:  February 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2007, I electronically filed State Defendants' Reply Brief in Support of Their Motion to Dismiss with the Clerk of the Court using CM/ECF. In addition, I caused the attached to be e-filed or mailed via first class mail to the following individuals:

| | |
|---|---|
| David J. Buchanan<br>34806 Hudson Road<br>Laurel, DE 19947<br>Via first class mail | Joseph Scott Shannon, Esquire<br>Marshall Dennehey Warner<br>   Coleman & Goggin<br>1220 N. Market Street, 5th Floor<br>P.O. Box 8888<br>Wilmington, DE 19899-8888<br>Via e-file |
| James J. Rodgers, Esquire<br>Dilworth Paxson LLP<br>3200 Mellon Bank Center<br>1735 Market Street<br>Philadelphia, PA 19103<br>Via first class mail | Martin J. Weis, Esquire<br>Dilworth Paxson<br>One Customs House, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899-1031<br>Via e-file |
| John A. Elzufon, Esquire<br>Jennifer L. Story, Esquire<br>Elzufon, Austin, Reardon<br>   Tarlov & Mondell, P.A.<br>300 Delaware Avenue, Suite 1700<br>P.O. Box 1630<br>Wilmington, DE 19899-1630<br>Via e-file | John F. Brady, Esquire<br>Brady, Richardson, Beauregard &<br>   Chasanov, LLC<br>10 E. Pine Street<br>P.O. Box 742<br>Georgetown, DE 19947<br>Via first class mail |

By: /s/ Linda M. Carmichael
Linda M. Carmichael I.D. #3570
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
linda.carmichael@state.de.us
Attorney for the Delaware Supreme Court, the Family Court, M. Jane Brady, as Superior Court Judge, M. Jane Brady as Attorney General and the Delaware State Police