David J. Buchanan
34806 Hudson Rd
Laurel, DE 19956

March 4, 2007

Chief Judge Sue L. Robinson
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 31
Wilmington, DE 19801



FILED

MAR – 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

RE:    Buchanan v. Gay, et all.
       No. 06-cv-711- SLR

Your Honor:

Contemporaneously with the filing of this letter, I am submitting *a Motion Requesting an Enlargement of Time to Respond to Kristen S. Gibbons' Motion to Dismiss*, while awaiting Discovery overdue from the State Defendant's. See attached Discovery Request.

While discussing matters before the Court with Linda Carmichael, Esquire, on March 1, 2007, she brought to my attention that she was not in receipt of a *Request for Discovery* sent to the Clerk of the Family Court, attached, which requests *cause supporting evidence* maintained by the Family Court, and only available to these proceedings to support the *Complaint* if surrendered by the Family Court. Contrasted by the State Defendants *Motion to Dismiss* pursuant to Rule 12(b)(6), where the State is in fact in control of documentation which would defeat any and all motions to dismiss, the remaining Defendants' also refuse discovery by way of Subpoena served on Thomas E. Gay, Esquire, captioned a "non-party" in a case before the Court on appeal from Bankruptcy Court, where *rights of action* against Gay and his firm are separate and distinct from the *rights of action* on appeal from the Bankruptcy Court, showing lack of cause to support action for relief from subpoena, where Mr. Gay would otherwise be

required to perform as requested by Subpoena if not subject of matters before the Court in

Buchanan v. Gay.  Where the Bankruptcy Court has yet to forward transcripts of it's

proceedings on appeal, as requested by the Plaintiff/Debtor, any such subpoena which would

produce evidence further supporting such court records is proper, and where evidence

requested by subpoena is core to the Bankruptcy appeal before this Court, any motion to

*quash* such subpoena must be supported by conditions of Rule 45(c)(2)(B) and 3(c)(3)(A) for

that case, where there is no motion to dismiss the Bankruptcy appeal before the Court.  As

noted in; *Secretary of Interior  v. National Wildlife Federation, 497 U.S. 871,  Pg 4-6*, where

summary judgment pursuant to Rule 56 is entertained or as a result of a motion for dismissal

pursuant to Rule 12(b)(6), the party must "make a showing sufficient to establish the existence

of an element essential to that party's case," and the "Federal District Court must resolve any

factual issues of controversy in favor of the nonmoving party only in the sense that, where the

facts specifically averred by that party contradict facts specifically averred by the movant," the

Court must consider all discovery requested from all defendants supportive of factual elements

essential to Plaintiff's case.

Where there has not been any motion by State Defendants to limit discovery on the

grounds of qualified immunity, and that discovery requested from government officials (clerk

of the Family Court) fails to place that government official subject to payment of monetary

damages qualifying an immunity defense, discovery requested from the Family Court Clerk

after the filing of the *Complaint*, must be available to Plaintiff to support such *Complaint*

and/or any amendment to the *Complaint* in this action after such discovery becomes available,

and where the Defendants so claim a defense of *Res Judicata* for a case subject to the same

such discovery, "[W]here judgment is rendered for the *defendant* because the plaintiff has

sought a remedy not available to him ... the plaintiff is not necessarily precluded from bringing another proceeding to obtain a recovery which is available." (*Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 974 [104 Cal. Rptr. 42, 500 P.2d 1386].), the Court must permit such discovery to allow a remedy to be available, or subject the Plaintiff to a legal wrong.

On the matter of Court-appointed Mediator, John Adam Kearns, Jr.. Upon receiving a call from Mr. Kearns, where he said he was appointed as mediator to the Bankruptcy appeal, and that he would be charging $350 per hour to perform such, I contacted the Clerk of the U.S. District Court to verify Mr. Kearns' appointment, where the Clerk accessed dockets of the cases subject to my arguments, and noted to me that there was no such person appointed to either case, and that she did not recognize his name as to a person that the Court uses for mediation. Following Mr. Shannon's motion dated February 26, 2007, I received a letter from Mr. Kearns addressed to the Court, forwarded to me by the Court Clerk, which is written on letter head identifying Mr. Kearns as an attorney by using the word "Esquire" following his name. I have attempted to verify Mr. Kearns' law license without success, leaving me to believe that he is a fraud, and mostly employed by opposing parties to interfere with these proceedings, where Mr. Shannon's inclusion of Mr. Kearns in his arguments identifies possible felony misconduct of counsel (attempt to cause defamation of the Appellant in a case for which counsel has no right to action, or immunity as counsel outside the defense of his client) who had been previously employed as an Assistant Attorney General, who may now be subject to derivative liability in these proceedings against the former Attorney General, and reason for the Court to inquire as to the validity of Mr. Kearns, as well as if he has been

● Page 4                                                                March 4, 2007

brought to these proceedings by and through opposing counsel or counsel of the Plaintiff's ex-

wife.

Respectfully,

David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

Cc:    Linda Carmichael, Esquire
       Joseph Shannon, Esquire
       Martin Weis, Esquire
       James J. Rogers, Esquire
       Thomas Vecchio, Esquire
       Jennifer L. Story, Esquire
       John A. Elzufon, Esquire
       John F. Brady, Esquire