ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID J. BUCHANAN, | ) ) ) ) | Civ. No    06-711-SLR |
| Plaintiff, Pro Se | ) ) ) | |
| v. | ) ) ) | |
| THOMAS E. GAY, THALIA J. GAY, HONORABLE JANE M. BRADY, KRISTEN S. GIBBONS, DELAWARE STATE POLICE, GEORGETOWN POLICE, SEAFORD POLICE, JOHN BRADY, THE STATE OF DELAWARE, DELAWARE FAMILY COURT OF THE STATE OF DELAWARE, AND THE FIRM OF STUMF, VICKERS, AND SANDY, et al. | ) ) ) ) ) ) ) ) ) ) ) ) | FILED<br>MAY - 2 2007<br>U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |
| Defendants. | ) | |

## ANSWER OPPOSING KRISTEN S. GIBBONS' MOTION TO DISMISS, AND TO OPPPOSITION TO PLAINTIFF'S REQUESTS FOR EXTENSIONS OF TIME TO RESPOND TO THE PENDING MOTION TO DISMISS

COMES NOW, the Plaintiff to submit an answer opposing the *Kristen S. Gibbons' Motion To Dismiss Plaintiff's Petition to Award Damages*, and for cause stated within, request the Court Order the Kristen S. Gibbons in Default, for the following reasons:

1. Defendant's Motion fails to notify counsel admitted *pro hac vice,* as recognized by the Court.

2. State Defendant's non-compliance with *Request for Discovery*, impairs the Plaintiff's response to Kristen S. Gibbons' motions, where the State and Ms. Gibbons are in control

1

of such *Discovery*, known as transcripts of Family Court proceedings, and have thwarted access of such by and through the Family Court, in the shadow of the Family Court providing unlimited access to such records to the New Castle Department of Justice for unrestricted review, and copy without undue expense, as noted in attached e-mail dated February 23, 2006, between the presiding Family Court Judge, and James Adkins, assistant Delaware Attorney General, further prejudicing Plaintiff's rights to due process of law.

3. Discovery requested by subpoena from Thomas E. Gay, Esquire, and from the Family Court Clerk, goes to defeat any defense pursuant to the Rooker-Feldman doctrine, where the State of Delaware defendants are not a party in any State court action. *See KEITH LANCE, ET AL., APPELLANTS v. GIGI DENNIS, COLORADO SECRETARY OF STATE, 546 U.S. 459; 126 S. Ct. 1198; 163 L. Ed. 2d 1059; 2006 U.S. LEXIS 1105.*

4. Defendant Thomas E. Gay's contempt of *CIV. R. P. 45(c)(2)(B) and 3(c)(3)(A)*, impairs the Plaintiff's response to Kristen S. Gibbons' motions.

5. The U.S. Constitution's 5th Amendment which lies foundation to a defense affording a Defendant to refuse discovery, does not pertain to matters of civil litigation.

6. State Defendant's Motion arguing that the *Rooker-Feldman* Doctrine bars the Plaintiff from submitting a final judgment of the state court to a federal District Court for review is miss applied in these proceedings, where all State Court judgments are submitted as subject matter support of action against such tortfeasor, and not on appeal, and where the District Court maintains subject matter jurisdiction over all Constitutional claims not previously adjudicated, and/or suits brought against a State, such *Rooker-Feldman* Doctrine does not apply pursuant to 28 U.S.C.S. 1257.

7. As in *Mitchell v. Forsyth, 472 U.S. 511*, The Attorney General of the United States is not absolutely immune from suit for damages arising out of his allegedly unconstitutional conduct in performing his national security functions, in comparison, the status of a State contracted attorney for the CASA program is not in itself sufficient to invest her with absolute immunity, where she lacks any cause to move the courts in absence of documented CASA or DFS involvement, and/or what would seem a published report from the court appointed Dr. Wilson, PhD, contrasted by Kristen S. Gibbons' joining in objections by Thomas E. Gay, Esquire, transcribed on page 247, of November 29, 2004, identifying that Dr. Wilson failed to provide published reports of his findings after performing Court ordered evaluations of both Mr. and Mrs. Buchanan, where Kristen Gibbons, Esquire, on November 29, 2004, as transcribed on page 329, moves the Family Court by stating; "Your Honor, we wouldn't be willing to agree to anything less than what Mr. Gay just proposed. Our initial position has been no contact;" and where Ms. Gibbons entered objections as transcribed on Page 47, "objection Your Honor Relevancy." During testimony of Dr. Wilson, PhD, shows Kristen Gibbons active as co-counsel for Thomas E. Gay, Esquire, at State's expense, which maintains Plaintiff's cause of action for deprivation of civil rights under color of law, pursuant to 42 U.S.C.S. 1983, and where Ms. Gibbons attempts to limit contact between Plaintiff's Mother Joan Buchanan (not subject of such proceeding) as transcribed from November 30, 2004, pg 16, line 8-13, stating "There have been concerns in the past with her contacts with her as well." Shows Ms. Gibbon' gross disregard for civil rights of family members, the right of the minor to contact her Grandmother, who had been very active in the child's life prior to the parties divorce, and the intent of Ms. Gibbons to extend a custody/visitation

3

order to isolate the child from her father, as well as her father's family.

8. Defendant Kristen S. Gibbons' defense of immunity is flawed in the shadow that State Department of Justice is unable to enter pleadings on her behalf due to possible conflict, and/or unconstitutional conduct by Kristen S. Gibbons during proceedings of Buchanan v. Buchanan, giving cause for Kristen S. Gibbons, Esquire to make claim on her professional errors and omissions insurance to compensate her counsel separate from the Delaware Department of Justice, and where such defense may require counsel separate from the Delaware Bar, Kristen Gibbons has been forced to retain counsel outside the State of Delaware.

9. By further response, where the Court Appointed Child Advocate (CASA), the Department of Family Services (DFS), or any other State recognized agency or professional, have failed to file any report with the Family Court giving cause for Kristen S. Gibbons, Esquire to enter into proceedings in Family Court, Kristen Gibbons demonstrated her intent to act as State paid co-counsel for Ex-wife, by motioning the Family Court on November 29, 2004, an objection to Plaintiff's questioning of Dr. Wilson, III, PhD, as noted on line 14, page 47 of the proceeding transcript, then joining in opposing counsel's objections noted on line 8-10, 12, 24-25, page 247, clearly establishing Kristen Gibbons' intent to move the Court with prejudice to Father/Plaintiff rights, and where Kristen S. Gibbons states; **"Your Honor, we wouldn't be willing to agree to anything less than what Mr. Gay just proposed. Our initial position has been no contact;"** noted on lines 3-5, page 329, of the transcript, shows State paid counsels intent to impair family rights beyond legislative intent, in the color of law, without cause, to further the intent to isolate the minor from her father as motioned by

4

Thomas E. Gay, Esquire.

10. By further response, where the Family Court acknowledges the extended time that the minor child had been kept from her father on transcript lines 18-20, page 5, November 30, 2004, by stating **"I mean that's the first time you've seen him on two years maybe?"** shows that the Court failed to intervene to protect the rights of the minor to see a parent, for which both the CASA, and Kristen S. Gibbons, Esquire have been assigned to ensure, and where Kristen S. Gibbons states on line 12-23, page 16, **"There have been concerns in the past with her contacts with her as well."** In response to father's request to place the minor in contact with her grandmother. Shows Ms. Gibbons' intent to violate the rights of the Grandmother, as well as the child beyond legislative intent, in the color of law, without cause, to further the intent of opposing Counsel Thomas E. Gay, Esquire.

11. By further response; where Ms. Gibbons states on line 18-20, page 31, November 30, 2004, **"Your Honor, in fact Mr. Gay and I have talked about that issue previously and we would prefer the language "until further order of the Court" that it would not be modified or changed."** Shows Ms. Gibbons' intent to violate the rights of the Father, Grandmother, as well as the child beyond legislative intent, in the color of law, without cause, to further the intent of opposing Counsel Thomas E. Gay, Esquire, in the light that such arguments reflect that Thomas E. Gay, had couched testimony of Dr. Wilson, III, PhD, after Father had served subpoena on Dr. Wilson to appear for testimony, and where Ms. Gibbons is on record as to objecting to any right to contact between father and child unless father pays Dr. Wilson an hourly fee, clearly violates rights guaranteed by both the U.S. and Delaware Constitutions, placing impasse of liable

5

on Kristen S. Gibbon, Esquire, Thomas E. Gay, Esquire, the Family Court, and Dr. Wilson, III, PhD, for which has forced Kristen S. Gibbons, Esquire to retain counsel outside the Delaware Bar, and separate from the Department of Justice.

12. In response to Kristen S. Gibbons' claims that Family Court transcripts have been made available to Plaintiff at a reduced cost. The cost of such documents at a $1.00 a page for a document nearly 500 pages in length which should have been copied to Plaintiff with the court record on his appeal for custody, Delaware Supreme No. 558, 2004, and the Family Court's enforcement of unpublished policy to only allow access to such record for a period of time to not exceed 15 minutes, thwarts Plaintiff's right to equal protection under the law, illuminating conspiracy impair civil rights within the Delaware justice system, in the shadow of State paid counsel moving the Family Court to impose conditions on a family that are <u>characteristic to termination of parental rights</u>, following petitioning Father's withdraw of his petition for custody as pro se, and in the absence of State appointed counsel for such parental rights termination proceedings.

    **WHEREFORE,** The above captioned Plaintiff, David J. Buchanan, hereby requests the Court consider; this <u>ANSWER OPPOSING KRISTEN S. GIBBONS' MOTION TO DISMISS, AND TO OPPPOSITION TO PLAINTIFF'S REQUESTS FOR EXTENSIONS OF TIME TO RESPOND TO THE PENDING MOTION TO DISMISS</u>, the unwillingness of opposing parties to provide discovery in all matters before the Court, where the Department of Justice has not provided timely answer nor defense for a State Contracted Attorney in the shadow of her misconduct, and the responses if any, and issue

a Default Judgment against all Defendants as motioned on February 6, 2007.

Dated: April 29, 2007

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |  |
|---|---|---|---|
| DAVID J. BUCHANAN, | ) ) ) | Civ. No | 06-711-SLR. |
| Plaintiff, Pro Se | ) ) ) |  |  |
| v. | ) ) |  |  |
| THOMAS E. GAY, Esquire, KRISTEN S. GIBBONS, Esquire, et al. | ) ) ) |  |  |
| Defendants. | ) |  |  |

### ORDER

IT IS ORDERED, on this ___ day of _____, 2007, upon consideration of Plaintiff David J. Buchanan's Answers and Motion for Default, and any answer thereto, that prima face evidence has been provided supporting Plaintiff's petition, showing that the State Department of Justice had prior involvement and knowledge of civil rights violations by Defendants, and that Kristen S. Gibbons is unable to enjoy defense counsel provided for free by the State Department of Justice in the light of such violations, that:

1. All Defendants are in default for failure to participate in litigation.

2. All Defendants shall be equally and jointly liable to pay Plaintiff the amount demanded in the Complaint for violation of his Constitutional rights.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY,** That I mailed on the 1st day of May, 2007, a true and correct copy of the foregoing, ANSWER OPPOSING KRISTEN S. GIBBONS' MOTION TO DISMISS, AND TO OPPOSITION TO PLAINTIFF'S REQUESTS FOR EXTENSIONS OF TIME TO RESPOND TO THE PENDING MOTION TO DISMISS, and proposed orders, via United States Mail, postage pre-paid to the following persons:

TO: Martin J. Weis, Esquire
P.O. Box 1031
Wilmington, DE 19801
(Attorney for Ms. Gibbons)

Joseph S. Shannon
P.O. Box 8888
Wilmington, DE 19899
(Attorneys Mr. Gay)

John A. Elzufon, Esquire, and
Jennifer L. Story, Esquire
300 Delaware Ave., Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(Attorneys for Ms. Gay)

Thomas Vecchio, Esquire, and
James J. Rodgers, Esquire, at
Dilworth Paxson, LLP
3200 The Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(Attorneys for Ms. Gibbons)

Linda Carmichael, Esquire
Department of Justice
Carvel State Office Building, 6th Floor
820 North French Street
Wilmington, DE 19801

John F. Brady, Esquire
10 E. Pine Street
Georgetown, DE 19947

David J. Buchanan, Plaintiff
34806 Hudson Road
Laurel, DE 19956
302 875 -1362

9

