## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-711-SLR |
| | ) |
| THOMAS E. GAY, THALIA J. GAY, | ) |
| HONORABLE JANE M. BRADY, | ) |
| KRISTEN S. GIBBONS, DELAWARE | ) |
| STATE POLICE, GEORGETOWN | ) |
| POLICE, SEAFORD POLICE, JOHN | ) |
| BRADY, DELAWARE FAMILY COURT | ) |
| OF THE STATE OF DELAWARE, and | ) |
| THE FIRM OF STUMPF VICKERS & | ) |
| SANDY, | ) |
| | ) |
| Defendants. | ) |

David J. Buchanan, Laurel, Delaware. Pro se.

Joseph S. Shannon, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants Thomas E. Gay and The Firm of Stumpf Vickers & Sandy.

John A. Elzufon, Esquire, Elzufon, Auston, Reardon, Tarlov & Mondell, P.A., Wilmington, Delaware. Counsel for Defendant Thalia J. Gay.

Linda M. Carmichael, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Honorable Jane M. Brady, Delaware State Police, Delaware Family Court of the State of Delaware and the Supreme Court of the State of Delaware.

Martin James Weis, Esquire, Dilworth Paxson LLP, Wilmington, Delaware. Counsel for Defendant Kristen S. Gibbons.

John Francis Brady, Esquire, Brady, Richardson, Beauregard & Chasanov, LLC, Georgetown, Delaware. Counsel for John Brady.

**MEMORANDUM OPINION**

Dated:  June 6 , 2007
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Presently before the court are motions to dismiss filed by defendants Thomas E. Gay ("Attorney Gay") and Stumpf Vickers & Sandy, P.A. ("Stumpf Vickers") (D.I. 13), Thalia Joan Gay ("Mrs. Gay") (D.I. 21); State defendants the Supreme Court of the State of Delaware ("Delaware Supreme Court"), the Family Court of the State of Delaware ("Family Court"), M. Jane Brady ("Judge Brady"), as the Delaware Attorney General and as judge of the Superior Court of the State of Delaware, and the Delaware State Police ("State Police") (D.I. 29); and Kristin[1] Gibbons ("Gibbons") (D.I. 39). Plaintiff, David J. Buchanan ("plaintiff") filed responses to the motions (D.I. 37, 38, 44, 64) and most defendants filed replies (42, 45, 47). For the reasons set forth below, the court will grant the motions to dismiss (D.I. 13, 21, 29, 39). The court will also dismiss, sua sponte, the claims raised against attorney John F. Brady[2] ("Attorney J. Brady"), and will direct the clerk of the court to close the case.[3]

## II. BACKGROUND

This case concerns actions taken in Family Court and the Delaware Supreme Court during divorce, custody, visitation, and property settlement proceedings between Barbara Buchanan ("B. Buchanan") and plaintiff. (D.I. 4) Attorney Gay represented B. Buchanan in the domestic relations proceedings.

---

[1]Kristin is incorrectly named as "Kristen."

[2]Attorney J. Brady filed an answer on February 2, 2007. (D.I. 28)

[3]Defendants Georgetown Police and Seaford Police have never been served and they will be dismissed as defendants pursuant to Fed. R. Civ. P. 4(m).

-3-

B. Buchanan and plaintiff, a married couple, separated in November 2002.
Plaintiff filed a petition for custody of their minor child, H.B. Id. at vi-vii. In turn, Attorney
Gay filed a petition for divorce on behalf of B. Buchanan and an emergency motion for
B. Buchanan to obtain sole custody of H.B. Id. at vii. The child was removed from
plaintiff's custody, and an evidentiary hearing was held wherein psychiatric evaluations
were ordered. Id.

Plaintiff was hospitalized on March 18, 2003, with complications due to Hodgkin's
Lymphoma and his hospitalization was verified by B. Buchanan who notified Attorney
Gay. Id. On or about the same day plaintiff entered the hospital, Attorney Gay filed
motions to stay contact between plaintiff and H.B. and to sell real estate. Id. A custody
hearing commenced on November 29, 2004. Id. On the second day of the hearing,
plaintiff withdrew his petition for custody. Id. at viii. The presiding judge entered an
order staying all contact between plaintiff and H.B., "unless she wished to have
therapeutic visitation with father." Id. at viii.

There was extensive litigation regarding division of marital property. On August
24, 2004, plaintiff filed for bankruptcy to protect his home from foreclosure and an
emergency sale by the Family Court. Id. Plaintiff filed an emergency motion for spousal
support and an evidentiary hearing was held on September 2, 2004. Id. The presiding
judge dismissed the emergency petition for support and on March 15, 2006, dismissed
with prejudice plaintiff's request for alimony/support. Id. at viii-ix. On April 18, 2006,
Attorney James B. Tyler, III, ("Attorney Tyler"), on behalf of B. Buchanan, filed in
Bankruptcy Court a copy of the Family Court property division order for its
consideration. Id. at ix. Attorney Tyler later filed a claim for attorney fees in Bankruptcy

-4-

Court. Id.

On January 3, 2006, plaintiff filed a complaint in the Superior Court of the State of Delaware, Sussex County, against Attorney Gay, Mrs. Gay[4] and Stumpf Vickers seeking "damages for breach of fiduciary duty, medical malpractice, defamation of character, derivative tort, infliction of severe emotional distress and harm, litigation conducted in malum in se, failure to observe federal bankruptcy laws, violation of civil rights, disadvantaging an opposing party by misleading a presiding judge, abuse of process, errors and omissions." Buchanan v. Gay, C.A. No. 06C-01-002 JJF, 2006 WL 2709401 (Del. Super. Ct. Sept. 21, 2006). The complaint was dismissed with prejudice by memorandum opinion on September 21, 2006.[5] Id. On May 17, 2007, the Delaware Supreme Court affirmed the decision based upon the "well-reasoned" decisions of the Superior Court. Buchanan v. Gay, No. 562, 2006 (Del. May 17, 2007). (D.I. 66, ex. A)

On November 27, 2006, plaintiff filed this action. In his "opening brief" he states that the "complaint comes in the wake of action in the Delaware Court of Chancery, Delaware Superior Court, Delaware Family Court, Federal Bankruptcy Court, and associated appeals in the Delaware Supreme Court, where opposing counsel, as well as counsel paid by the State of Delaware, violated [his] civil rights, violated court rules, and the intent of the Delaware Legislature in procuring an outcome favorable to justifying their legal fees, and the liquidation of [his] home and estate." (D.I. 4, ix)

---

[4]Mrs. Gay is the spouse of Attorney Gay.

[5]The memorandum opinion incorrectly characterizes Mrs. Gay as the former spouse of plaintiff. Buchanan v. Gay, C.A. No. 06C-01-02-MMF, 2006 WL 2709401 (Del. Super. Ct. Sept. 21, 2006).

Plaintiff proceeds pro se and seeks $600,000,000 in punitive damages against the named defendants alleging breach of fiduciary duty, medical malpractice by fiduciary, violation of HIPAA[6], defamation of character, derivative tort, infliction of severe emotional distress and harm, litigation conducted in malum in se, failure to observe federal bankruptcy laws, disadvantaging an opposing party by misleading a presiding judge, and violation of his civil rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (D.I. 2, 1-2)

Plaintiff raises claims against the Family Court pursuant to 42 U.S.C. § 1983 and § 1985 and 28 U.S.C. § 1343 alleging that it violated Article IV and plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments. Id. at ¶¶ 6-12. More particularly, he alleges that during the domestic relation proceedings, the Family Court denied him due process, established a landscape of litigation favorable to opposing counsel, violated his right to family, wrongfully considered testimony from State Police officers, failed to acknowledge the financial repercussions associated with divorce, failed to enforce subpoenas, continued with divorce proceedings even though B. Buchanan did not comply with court rules, and failed to declare a mistrial or order the proceedings incomplete. He also alleges that the combined actions by the State Police, Family Court, Court Appointed Special Advocate ("CASA")[7], counsel for CASA, and opposing

_____

[6]Health Insurance Portability and Accountability Act of 1996. Pub.L. No. 104-191, 110 Stat.1936 (1996).

[7]The purpose of the Delaware Court-Appointed Special Advocate Program, 31 Del. Code §§ 3601-3613, is to provide for a system to ensure that children who are the subject of these proceedings before the Family Court have their best interests represented in those proceedings.

-6-

counsel, "shows combined intent characteristic to conspiracy." Id. at ¶ 8. Plaintiff raises claims against the Delaware Supreme Court pursuant to 42 U.S.C. § 1983 and § 1985 alleging that it violated Delaware Supreme Court Rules in granting motions filed by CASA attorney Gibbons. Id. at ¶¶ 13-15.

Plaintiff raises claims against Gibbons pursuant to 42 U.S.C. § 1983 and § 1985, 28 U.S.C. § 1343 and HIPAA. Id. at ¶¶ 16-24.   He alleges Gibbons was appointed by the Sussex Family Court to represent the best interests of the minor child H.B.,  that H.B. was removed from his care, and that following an evidentiary hearing on February 14, 2003, Gibbons failed to move the Family Court to return the child. He also alleges that Gibbons financially disadvantaged him by failing to take action against Attorney Gay, conspired with Attorney Gay to isolate H.B. from him, supported motions made by opposing counsel, proceeded with a petition with the "intent and landscape of a parent rights termination proceeding," failed to move for plaintiff's visitation rights or to reunify plaintiff and his child, moved to dismiss plaintiff's appeal before the Delaware Supreme Court and defended the actions of Attorney Gay, and failed to initiate "reunification" in a response to motion for continuance.

Plaintiff raises claims against the State Police pursuant to 42 U.S.C. § 1983 and § 1985, 28 U.S.C. § 1343, and 18 U.S.C. § 1512(c)(3)(C)(b)(1). Id. at ¶¶ 25-28. He alleges the State Police conspired to arrest him, arrested him without cause, State Police Officer Gray testified at Family Court custody proceedings regarding the arrest, State Police Officer Benton offered false testimony during Family Court proceedings, and two armed State Police officers prejudiced his right to a fair proceeding by their presence during property/separation proceedings.

Also named as defendants are the Georgetown Police and the Seaford Police. Summons was issued for these two defendants on January 8, 2007, but there is no indication they have been served. Plaintiff alleges that the Georgetown Police detained him knowing he was frail from cancer and it harassed him by issued parking tickets. Id. at ¶¶ 29-30. He alleges that the Seaford Police detained him, causing a delay in medical treatment, and did not provide return transportation to the hospital even though he was ill. Id. at ¶¶ 30-31.

Plaintiff raises claims against former Delaware Attorney General and current presiding Superior Court Judge Brady pursuant to 42 U.S.C. § 1983 and § 1985, and 28 U.S.C. § 1343. Id. at ¶¶ 31-35. He alleges that as attorney general, Brady failed to timely dismiss charges against him knowing he had issues before the Delaware Court system, that she did not pursue his complaints of misconduct against Attorney Gay, and as judge she interfered with proceedings by failing to publish her reasons for recusal. Plaintiff raises claims against Attorney J. Brady pursuant to 42 U.S.C. § 1983 and § 1985. Id. at ¶¶ 36-37. He alleges that Attorney J. Brady entered an appearance on behalf of B. Buchanan and that Attorney J. Brady had recently represented plaintiff on closely associated matters before the Family Court. He alleges he filed a motion to reconsider the order to withdraw the appearance of Attorney Gay, because Attorney J. Brady had been his attorney and it would conflict with plaintiff's best interests if Attorney J. Brady continued to represent B. Buchanan.

Finally, plaintiff raises claims against Attorney Gay, his wife, Mrs. Gay, and Stumpf Vickers pursuant to 42 U.S.C. § 1983 and § 1985, and 28 U.S.C. § 1343, HIPAA, and 18 U.S.C. § 245. Id. at ¶¶ 38-74. Plaintiff alleges he was defamed by

Attorney Gay, Attorney Gay gained medical information about plaintiff in violation of HIPAA with the intent to the use information in a lawsuit before the Family Court, Attorney Gay failed to observe federal bankruptcy laws, disadvantaged him during Family Court proceedings, conspired and exploited the best interests of plaintiff's daughter, H.B., by violating her civil rights to contact plaintiff, accepted medical information about plaintiff from Mrs. Gay, a nurse at Beebe Hospital, breached his fiduciary duty to H.B. when he gave the Family Court the impression he was counsel for H.B., failed to identify "good cause" to the Delaware Supreme Court, failed to give notice to the parties in Family Court of a possible attorney conflict, failed to return or deliver funds belonging to a client, filed in Family Court misleading and incorrect financial disclosures, emergency motions and a request for stay of contact between plaintiff and H.B., tampered with physical evidence, directed the State Police to antagonize plaintiff, directed law enforcement agencies to interrupt medical treatment and wrongfully arrest plaintiff, wrote a letter to Judge Henriksen defaming plaintiff, accessed his medical billing information from Nanticoke Memorial Hospital through B. Buchanan, without good cause withdrew as counsel responsible for briefs on appeal, violated the rights of H.B. to have contact with plaintiff and the rights of plaintiff to have contact with her, continued to litigate domestic proceedings during plaintiff's treatment of a life threatening disease when the divorce canceled health benefits previously enjoyed by plaintiff, abused his fiduciary responsibility to his clients and the Family Court by litigating a divorce that libeled [sic] all parties with irreparable financial harm, loss of established financial security through insurance, and interfered with the Buchanan's right to plan their own affairs, failed to update discovery requests in matters

-9-

filed in Family Court and Bankruptcy Court, caused unreasonably delay in settlement of ancillary matters, caused unreasonable loss of parental contact with plaintiff's minor child, loss of spousal support and loss of medical benefits, and caused the unreasonable loss of money belonging to H.B. by omission of pertinent facts to the Family Court and the Bankruptcy Court for his personal gain.

Plaintiff alleges that Mrs. Gay, as an employee of Beebe Hospital and the spouse of Attorney Gay, failed to notify her employer, the Family Court, and plaintiff of her marital relation to Attorney Gay, of her conflict in providing medical services to plaintiff, had ample opportunity to invade plaintiff's privacy to assist Attorney Gay for personal gain, and caused plaintiff emotional harm when she violated the guidelines of patient care by not notifying plaintiff she had access to his medical records of which Attorney Gay made an issue in Family Court. Plaintiff alleges that Attorney Gay and Mrs. Gay attacked his natural rights to life, liberty, home, physical health, emotional health, privacy, financial freedom, family, property, access to courts, and prevented him from directing his child's education and development of religion. He alleges they were successful in moving the Family Court to impose conditions upon him that are penal in nature and that are "cruel and unusual." Finally, plaintiff alleges that Stumpf Vickers caused the Georgetown Police to harass him, and it caused his loss of rights and financial support from B. Buchanan.

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a

motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Defendants Attorney Gay and Stumpf Vickers move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the bases of the doctrines of res judicata (D.I. 13) and the Rooker-Feldman doctrine (D.I. 42). Mrs. Gay moves for dismissal on the bases of res judicata, she is not a state actor under § 1983, as a matter of law plaintiff cannot establish that Mrs. Gay acted with the intent to discriminate, plaintiff failed to comply with 18 Del. Code § 6853(a)(1) (D.I. 24), and on the basis of the Rooker-Feldman doctrine (D.I. 47). State defendants the Delaware Supreme Court, Family Court, Judge Brady, and State Police move for dismissal on the bases of the Rooker-Feldman doctrine, the Younger abstention doctrine,[8] absolute judicial immunity, absolute judicial

---

[8]The court will not address the Younger abstention doctrine. At the time State defendants filed their motion to dismiss, plaintiff had an appeal pending before the Delaware Supreme Court. The issue is now moot inasmuch as the Delaware Supreme Court issued its ruling on May 17, 2007. The abstention doctrine as defined in Younger v. Harris, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state proceedings and applies to proceedings until all appellate remedies have

privilege, several State defendants are not persons subject to suit under § 1983, they are entitled to sovereign immunity under the Eleventh Amendment, and the former attorney general and State Police officers in their individual capacities are entitled to qualified immunity. (D.I. 29) Finally, Gibbons moves for dismissal on the basis of the Rooker-Feldman doctrine, statutory, judicial and qualified immunity from suit, HIPAA is inapplicable to her and plaintiff has no private right of action, and she owed no legal duty to plaintiff. (D.I. 39)

## B. Res Judicata/Claim Preclusion

Defendants Attorney Gay, Mrs. Gay and Stumpf Vickers move for dismissal of the allegations raised against them on the basis of res judicata. They argue that the claims raised by plaintiff were the subject of a prior complaint filed by plaintiff in the Superior Court of the State of Delaware, with an identical caption, making identical allegations and averments of fact. See D.I. 13, Ex. A; D.I. 26, Ex. B; Buchanan v. Gay, C.A. No. 06C-01-02-MMF (Del. Super. Ct.). They further argue that the case was heard on the merits and dismissed with prejudice by the Superior Court on September 21, 2006. Id. at D.I. 13, Ex. B; D.I. 26, Ex. C; Buchanan v. Gay, C.A. No. 06C-01-02-MMF, 2006 WL 2709401 (Del. Super. Ct. Sept. 21, 2006). Finally, they argue that even though plaintiff filed an appeal of the memorandum opinion to the Delaware Supreme Court, the memorandum opinion is a final order unless, or until, it is reversed and remanded. On May 18, 2007, Gay and Stumpf filed a motion for leave to supplement

been exhausted. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982); Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975); Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services, 715 F.Supp. 1253, 1255 (S.D.N.Y. 1989).

pleadings (D.I. 66)[9] and provided the Delaware Supreme Court's very recent decision of the case on appeal. Buchanan v. Gay, No. 562, 2006 (Del. May 17, 2007). Plaintiff argues that res judicata is inapplicable because the case "did not make it to trial" and there was no judgment on the merits, there are additional litigants and causes pertaining to matters following final judgments in other cases, and the complaint relies upon different statutes. Plaintiff also takes exception to defendants' use of exhibits in support of their position.

It is evident in comparing the present complaint and the complaint plaintiff filed in State Court that they contain the same or similar allegations against Attorney Gay, Mrs. Gay and Stumpf Vickers. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002). On September 21, 2006, the complaint filed in the Delaware State Court was dismissed with prejudice. The court's memorandum opinion discussed the claims raised by plaintiff and reflects the court's finding that plaintiff's claims were not viable. It is clear from reading the memorandum opinion that it is a judgment on the merits. See e.g., Kuhnle v. Prudential Sec., Inc., 439 F.3d 187 (3d Cir. 2006). Moreover, on May 17, 2007, the Delaware Supreme Court affirmed the Superior Court's ruling in Buchanan v. Gay, No. 562, 2006 (Del. May 17, 2007), based upon the "well-reasoned" decisions of the Superior Court. The Delaware Supreme Court found plaintiff's opening

_____

[9]The court sees no need for Gay and Stumpf Vickers to supplement their pleadings to add argument; the court takes judicial notice of the Delaware Supreme Court's decision in Buchanan v. Gay, No. 562, 2006 (Del. May 17, 2007).

brief without merit, and it could not discern an error of law or abuse of discretion on the part of the Superior Court in dismissing the complaint and denying relief.

Accordingly, plaintiff is barred under the doctrine res judicata from relitigating his claims relating to the actions of Attorney Gay, Mrs. Gay and Stumpf Vickers for actions taken by them during all aspects of the domestic relation proceedings between plaintiff and B. Buchanan.  To the extent plaintiff seeks to raise additional claims against Attorney Gay, Mrs. Gay and Stumpf Vickers that could have been raised in his previous action, those claims are also barred.  See CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1994).  Plaintiff's time to raise such any new claims against Attorney Gay, Mrs. Gay and Stumpf Vickers occurred when he filed Buchanan v. Gay, C.A. No. 06C-01-02-MMF.

The instant lawsuit against Attorney Gay, Mrs. Gay and Stumpf Vickers is barred under the doctrines of res judicata and claim preclusion.  Therefore, the court will grant the motions to dismiss on the issue of res judicata filed Attorney Gay, Mrs. Gay and Stumpf Vickers.  Moreover, as discussed below, even if plaintiff's claims against Attorney Gay, Mrs. Gay and Stumpf Vickers were not barred by res judicata, his claims are barred by the Rooker-Feldman doctrine.

### C. Rooker-Feldman Doctrine

Defendants Attorney Gay, Mrs. Gay, Stumpf Vickers, the Delaware Supreme Court, the Family Court, Judge Brady, and the State Police argue that plaintiff seeks review by this court of unfavorable State Court decisions and rulings.  In some circumstances, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review a state court adjudication.  Turner v. Secretary of U.S. Dep't

-14-

Housing and Urban Dev., 449 F.3d 536, 547 (3d Cir. 2006). The Rooker-Feldman

doctrine applies to "cases brought by state-court losers complaining of injuries caused

by state-court judgments rendered before the district court proceedings commenced

and inviting district court review and rejection of those judgments." Exxon Mobil Corp.

v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, plaintiff alleges injury

based upon the actions taken by attorneys, judges, courts, witnesses, police officers

and, it appears, anyone who had any involvement in his domestic relations litigation.

Although not framed as such, in essence, plaintiff seeks review and rejection of the

Delaware State Court judgments and decisions rendered against him. Plaintiff,

however, cannot invoke federal jurisdiction merely by couching his claims in terms of a

civil rights action. Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992). Plaintiff's claims

fall under the purview of the Rooker-Feldman doctrine and are barred. Therefore, the

court will grant the motions to dismiss on the basis of the Rooker-Feldman doctrine.

## D. Eleventh Amendment Immunity

Named as defendants are the Delaware Supreme Court, the State Police[10], and

the Family Court. The complaint also contains claims against former Attorney General,

now Judge Brady in her official capacity. State defendants move for dismissal of the

claims on the basis of Eleventh Amendment immunity.

"Absent a state's consent, the eleventh amendment bars a civil rights suit in

---

[10]Out of an abundance of caution, State defendants move for dismissal of plaintiff's claims against testifying witnesses on the basis of absolute judicial privilege. While plaintiff refers to two testifying State Police officers, he did not name them as defendants. Only the State agency, the Delaware State Police, was named as a defendant. Therefore, the court sees no need to address the issue of absolute judicial privilege.

-15-

federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). Moreover, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Rodriguez v. Stevenson, 243 F.Supp.2d 58, 63 (D. Del. 2002).

Additionally, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100. Further, § 1983 does not allow monetary claims against state officials who are sued in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Finally, Delaware's branches of government and its State agencies, such as the Delaware State Police, are not persons subject to claims under 42 U.S.C. § 1983. Id. Based upon the foregoing, the court will grant State defendants' motion to dismiss the official capacity claims against Judge Brady and the claims against the Delaware Supreme Court, the Family Court and the State Police on the basis of Eleventh Amendment immunity.

## E. Judicial Immunity

State defendants move for dismissal of the claims raised against the Delaware Supreme Court, the Family Court and Judge Brady on the basis of judicial immunity. Gibbons also moves for dismissal under the same theory. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the

scope of his judicial capacity or in the "complete absence of all jurisdiction." Id. at 11-12. The complaint contains no allegations that any state judge acted outside the scope of his or her judicial capacity, or in the absence of their jurisdiction. Mireles, 502 U.S. at 11. Indeed, the most that can be said is that plaintiff disagrees with State Court rulings. Therefore, the court will grant State defendants' motion to dismiss on the basis of judicial immunity as the State court judges are immune from liability under 42 U.S.C. § 1983.

Gibbons argues that she, too, is entitled to judicial immunity. As alleged in the complaint, Gibbons was a contract attorney, appointed by the Family Court, in plaintiff's domestic relations litigation. The complaint alleges that Gibbons was appointed to represent the interests of the minor child, H.B., but the court takes judicial notice that court documents indicate Gibbons appeared in custody proceedings on behalf of CASA. (D.I. 13, Ex. A, In Re the Matter of Buchanan v. Buchanan, No. CS94-3107, Pre-Trial Order-Custody (Del. Fam. Ct., Sept. 13, 2004)).

Volunteers serve as court appointed special advocates at the pleasure of the Chief Judge of the Family Court. 31 Del. Code § 3603(d). The court appointed special advocate program sets forth the duties and rights of a special advocate in pertinent part as follows: (1) to represent the best interests of the child in all child welfare proceedings; (2) to provide independent, factual information to the Family Court regarding the cases to which he/she is appointed; (3) to submit a written or oral report to the court for any court proceeding; (4) to be provided with notice of every court proceeding and receive copies of every pleading; (5) to participate in all depositions, negotiations, discovery, pretrial conferences, hearings and appeals; (6) to monitor cases to which they are

-17-

appointed to assure that the terms of the court's orders are fulfilled and permanency for the child is achieved; (7) to request a hearing before the court when a plan on behalf of the child is not implemented, is not meeting the child's needs, or upon completion of the investigation; (8) to request any appropriate relief from the court on behalf of the child; and (9) to ascertain the wishes of the child and make the child's wishes known to the court and, if the special advocate concludes that the child's wishes differ from the special advocate's position, notify the court of the conflict. 31 Del. Code § 3606. The CASA program includes contract attorneys who provide legal representation and advice for the court appointed special advocates and for the CASA Program. 31 Del. Code § 3603(c). The program attorneys are selected by the Chief Judge of the Family Court. Id.

The Delaware Code makes it clear that Gibbons, as a contract attorney selected by the Family Court, acted in accordance with the directions of the Family Court. One of the main duties of CASA is to act as a factfinder to aid and inform the Family Court. Accordingly, Gibbons enjoys the protections of judicial immunity from suit under § 1983. See Hughes v. Long, 242 F.3d 121, 127 (3d Cir. 2001) (judicial immunity extends to persons "act[ing] as 'arms of the court' and perform[ing] functions integral to the judicial process"). Therefore, the court will grant State defendants' and Gibbons' motions to dismiss on the basis of judicial immunity under 42 U.S.C. § 1983.

## F. Statutory Immunity

Gibbons moves for dismissal on the basis that she is statutorily immune from suit in connection with her duties as a CASA appointed attorney. The Delaware Code provides that "the Director, coordinators, attorneys, and court-appointed special

-18-

advocates participating in the Court-Appointed Special Advocate Program shall not be civilly liable for acts or omissions committed in connection with duties which are part of the program if they have acted in good faith and are not guilty of gross negligence." 31 Del. Code § 3611. Plaintiff asserts a litany of complaints against Gibbons, alleging her personal involvement and wrongdoing. All of the allegations pertain to plaintiff's domestic relations litigation, but they do not allege "bad faith" or "gross negligence" by Gibbons. Therefore, the court will grant Gibbon's motion to dismiss on this basis.

### G. 42 U.S.C. § 1983

Dismissal is also appropriate for several defendants because they are not State actors. Mrs. Gay argues that § 1983 is inapplicable to her inasmuch as she is not a State actor. (D.I. 24) It is alleged that Mrs. Gay, a nurse, is a licensed professional employed by Beebe Hospital. As to Attorney J. Brady, it is alleged that he filed an entry of appearance on behalf of B. Buchanan following his representation of plaintiff. Finally, there are many allegations against Attorney Gay and they all revolve around his representation of B. Buchanan during the domestic relations litigation.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). To act under "color of state law," a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49. Attorneys J. Brady and Gay are private individuals who took legal measures in their role as attorneys during civil litigation. Mrs. Gay is a private

individual employed as a nurse at Beebe Hospital, a community-owned, not-for-profit medical center.

These four defendants are not "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d. Cir. 2004). Therefore, the court will grant Mrs. Gay's motion to dismiss the § 1983 claims on the basis that she is not a State actor. The court will also dismiss, sua sponte, the § 1983 claims raised against Attorneys J. Brady and Gay inasmuch as the complaint fails to allege that they acted under the color of State law.

### H.  42 U.S.C. § 1985

Throughout his complaint, plaintiff refers to § 1985 and makes vague allegations of a conspiracy. Mrs. Gay moves for dismissal of the § 1985 conspiracy claim arguing that plaintiff cannot establish conspiracy based upon racial or class discrimination. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." Kush v. Rutledge, 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. at 726.

Plaintiff fails to state a cause of action for conspiracy under § 1985. He fails to allege any facts from which one could infer an agreement or understanding among defendants to discriminate against him on the basis of race or class. The court,

-20-

therefore, will grant Mrs. Gay's motion to dismiss the § 1985 conspiracy claim and will, sua sponte, dismiss the § 1985 claims raised against the remaining defendants.

### I. Prosecutorial Immunity

Plaintiff alleges that Judge Brady, in her former capacity as the Attorney General, failed to timely dismiss charges against him. He also alleges that Judge Brady did not pursue his complaints of felony misconduct against Attorney Gay. Although not raised by the State defendants, based upon the allegations in the complaint, it is apparent that Judge Brady, in her capacity as the former Attorney General, has prosecutorial immunity.

The allegations relate to the prosecutorial conduct of Judge Brady in her position as the Attorney General. However, in this capacity, she has absolute immunity for all activities relating to judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409 (1976). Indeed, prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. Id. at 430. The Third Circuit has "granted absolute immunity to prosecutors for activities that are 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution and presenting the state's case in court." Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001) (quoting Imbler, 424 U.S. at 430).

As previously discussed, plaintiff's allegations center on Judge Brady's failure to dismiss charges and failure to initiate charges. These are actions central to the role of a prosecutor. Therefore, the court will dismiss the claims against Judge Brady, former Attorney General, on the basis of prosecutorial immunity.

### J. Qualified Immunity

State defendants move for dismissal of the claims against the State Police and

-21-

Judge Brady, the former Attorney General, on the basis of qualified immunity. Gibbons

also moves for dismissal on the basis of qualified immunity. The complaint, however,

does not contain allegations against Judge Brady in her individual capacity and it has

been determined that the State Police, Judge Brady and Gibbons are absolutely

immune from suit. Therefore, the court sees no need to address the issue.

## K. Health Insurance Portability and Accountability Act

The complaint contains allegations of a HIPAA privacy violation pursuant to

HIPAA Privacy Rule § 164.524(a). Gibbons moves for dismissal of the HIPAA claims,

arguing the complaint does not allege how she is in violation of that rule and, further,

that the rule is inapplicable.

The existence of a private cause of action is a "prerequisite for finding federal

question jurisdiction." Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("private rights

of action to enforce federal law must be created by Congress. . ."); Smith v. Industrial

Valley Title Insur. Co., 957 F.2d 90, 93 (3d Cir. 1992) (no subject matter jurisdiction

because the Internal Revenue Code did not provide for a private federal remedy). The

U.S. Court of Appeals for the Third Circuit has not specifically addressed the issue of

whether there is an express or implied private right of action under HIPAA. A federal

appellate court and other federal district courts, however, have held that there is no

such right. See Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Agee v. United States, 72

Fed. Cl. 284 (Fed. Cl. 2006); Carney v. Snyder, No. C.A. 06-23 ERIE, 2006 WL

2372007 (W.D. Pa. Aug. 15, 2006); Rigaud v. Garofalo, No. Civ.A. 04-1866, 2005 WL

1030196 (E.D. Pa. May 2, 2005); O'Donnell v. Blue Cross Blue Shield of Wyoming, 173

F.Supp.2d 1176, 1179-80 (D.C. Wyo.2001); Wright v. Combined Insur. Co. of Am., 959

F.Supp. 356, 362-63 (N.D. Miss.1997).

HIPAA fails to provide for a private federal remedy. As a result, the court lacks subject matter jurisdiction over plaintiff's HIPAA claims. Therefore, the court will grant Gibbons' motion to dismiss the HIPAA claims and will dismiss, sua sponte, all other HIPAA claims raised in the complaint.

### L. Medical Negligence

Apparently out of an abundance of caution, Mrs. Gay moves to dismiss any proposed medical negligence claim on the basis that plaintiff failed to accompany the complaint with an affidavit of merit as required pursuant to18 Del. Code § 6853(a)(1). The court agrees that plaintiff has not complied with this statutory requirement. Therefore, the court will grant Mrs. Gay's motions to dismiss the medical negligence claim.

### IV. CONCLUSION

Based upon the foregoing analysis, the court will grant defendants' motions to dismiss. (D.I. 13, 21, 29, 39) The court will also dismiss, sua sponte, all claims raised against defendant Attorney John F. Brady and will dismiss the Georgetown Police and Seaford Police for failure to serve pursuant to Fed. R. Civ. P. 4(m). The court will deny as moot all remaining motions and will direct the clerk of the court to close the case. An appropriate order will be entered.