DAVID    BUCHANAN
34806   HUDSON   RD.
LAUREL,  DE  19956



July 23, 2007

Joseph Robinette Biden III
Delaware Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

Ref:   U.S. District Court Case No. 06-711-SLR

Dear Mr. Biden:

I bring your attention to the captioned case, where the U.S. District Court has published an opinion granting 11th Amendment immunity to the State defendants, and Judicial Immunity to defendant Gibbons, in the shadow of continued violation of my family rights, property rights, and right to due process and equal protection of the law, where the State of Delaware continues to pursue collection of child support arrears from me, attorney fees, and taking of property, regardless of the resultant termination of my parental rights without a hearing, absence of claim to property filed in both the Family Court, and the U.S. Bankruptcy Court District of Delaware by opposing parties.

After review of the *Ex Parte Young* doctrine, where the State Attorney General petitioned for mandamus to correct resultant outcome of proceedings, where such rights denied effected not only the parties of such litigation but also the general public, I am asking you to pursue a *writ of mandamus* in the matters captioned, where it is necessary for the good of all parties before the Court, and to those masses of citizens that may come before the Court in the future, to correct wrongs realized by the plaintiff as a result of defendant action, that are immune from suit due to the Court granting immunity.

It is understood that the Delaware Department of Justice did not provide counsel for State contracted counsel for the CASA, Kristen Gibbons, Esquire, during the noted litigation, where Ms. Gibbons in the shadow of joining opposing Family Court Counsel, Thomas E. Gay, Esquire, without cause supported by the documentation from DFS, CASA, or any outside agency required by the Delaware Legislature, acted with the authority of the Family Court to terminate my parental rights, the Family rights afforded both my Daughter, and my Mother, without a parental rights termination hearing, while defending Mr. Gay's misconduct. It is also understood that Kristen S. Gibbons, failed to assert the best interest of all parties relevant to the Family Court case by allowing an isolation of the my daughter from her father's family for a period of time exceeding that afforded by the Delaware Legislature (6 months), while motioning the Family Court to

-2-                                                                                                              July 23, 2007

prevent such contact until the minor turned 18 years of age, which should be considered an act of <u>bad faith,</u> where Ms. Gibbons has provided *amicus curiae* to the Delaware Supreme Court on such issues, displaying her professional knowledge in such matters, where she is expressly directed to see to issue enforcement.

At this juncture of litigation it is imperative that the Delaware Attorney General file a petition requesting a *writ of mandamus*, to establish law protecting children in the future from being subjected to unfavorable outcomes in proceedings of the Court system, and to establish foundation for suit to protect such rights in the future as cited in *In re Ayers, 123 U.S. 443, 500*. Where "The vital principle in all such cases," this Court said in the Ayers case, "is that the defendants, though professing to act as officers of the State, are threatening a violation of the personal or property rights of the complainant, for which they are personally and individually liable," "therefore, an individual, acting under the assumed authority of the State, as one of its officers, and under color of its laws, comes into conflict with the superior authority of a valid law of the United States, he is stripped of his representative character, and subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

As it seems by review of the Court docket, Kristen S. Gibbons, Esquire, recognized the Ayer doctrine, the right to Counsel in all <u>criminal</u> proceedings, guaranteed by the 6th Amendment, and the right to not self incriminate in all <u>criminal</u> proceedings, guaranteed by the 5th Amendment, when seeking private counsel prior to answering the summons, where her behavior, characteristic to willful misconduct for which gave cause for North Carolina District Attorney Mike Nifong's disbarment, and should be ample justification, and cause for you to petition for mandamus.

David J. Buchanan

cc: Linda Carmichael, Esquire
    The firm of Jennifer L. Story, Esquire
    The firm of Joseph S. Shannon, Esquire
    The firm of John A. Elzufon, Esquire
    John F. Brady, Esquire
    The firm of Thomas Vecchio, Esquire
    U.S. District Court File

DAVID    BUCHANAN
34806  HUDSON  RD.
LAUREL,  DE  19956

July 24, 2007

Joseph Robinette Biden III
Delaware Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

Ref:   U.S. District Court Case No. 06-711-SLR

Dear Mr. Biden:

Pursuant to Delaware Freedom of Information Act, 29 Del. C. Chapter 100 (FOIA), would you please direct Assistant Attorney General Adkins to forward to me a complete copy of all documents, reports, and legal opinion, collected in his investigation pertaining to the captioned case, and from the investigation pertaining to Family Court Case CS94-3107, where such cases have been closed.

David J. Buchanan

cc: U.S. District Court File

David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

Chief Judge Sue L. Robinson
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 31
Wilmington, DE 19801