IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-711-SLR |
| | ) |
| THOMAS E. GAY, THALIA J. GAY, | ) |
| HONORABLE JANE M. BRADY, | ) |
| KRISTEN S. GIBBONS, DELAWARE | ) |
| STATE POLICE, GEORGETOWN | ) |
| POLICE, SEAFORD POLICE, JOHN | ) |
| BRADY, DELAWARE FAMILY COURT | ) |
| OF THE STATE OF DELAWARE, and | ) |
| THE FIRM OF STUMPF VICKERS & | ) |
| SANDY, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 15th day of May, 2008, having reviewed plaintiff's pending motions;

IT IS ORDERED that the motion to re-open the case (D.I. 83) is **denied** and the motion for appointment of counsel (D.I. 87) is **denied** as **moot**, for the reasons that follow:

1. On June 12, 2007, the court granted defendants Thomas E. Gay's and Stumpf Vickers & Sandy, P.A.'s motion to dismiss, defendant Thalia Joan Gay's motion to dismiss, State defendants' motion to dismiss, and defendant Kristin Gibbons' motion to dismiss plaintiff's petition to award damages. The court also dismissed the claims against defendant John Brady as well as defendants Georgetown Police and Seaford Police. (D.I. 77) At the same time, the court directed the clerk of the court to close the case. Five months later, on November 14, 2007, plaintiff filed the pending motion to re-

open the case pursuant to Fed. R. Clv. P. 60. (D.I. 83) He also moves for appointment of counsel. (D.I. 87)

2. This case, as well as a bankruptcy appeal filed by plaintiff, Buchanan v. Buchanan, Civ. No. 07-034-SLR, focuses on actions taken in Family Court and the Delaware Supreme Court during divorce, custody, visitation, and property settlement proceedings between plaintiff, his former spouse, and virtually anyone connected to the litigation. While difficult to discern, it appears plaintiff relies upon a 1997 District of Wyoming bankruptcy case, Wyoming Dep't of Transp. v. Straight, 209 B.R. 540, 551 (D. Wyo. 1997), that discusses the issue of Eleventh Amendment immunity to support the re-opening of the case. Plaintiff argues that the court considered immunity prior to having an opportunity to respond to all arguments raised by defendants inasmuch as the bankruptcy case did not close until November 2, 2007.

3. Rule 60 provides for relief from a judgment or order. It provides that a party may file a motion for relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

4. Plaintiff's argument for re-opening the case is specious. Notably, plaintiff fails to meet any of the requisites for relief under Rule 60(b). Moreover, he relies on non-

precedential case law and, in this Circuit, there has been no change in the law on Eleventh Amendment immunity. Finally, the issues have been settled and the claims dismissed. For all these reasons, the court denies plaintiff's motion to re-open the case. The court also denies, as moot, plaintiff's motion for appointment of counsel.

                                                                        _____
                                                                        UNITED STATES DISTRICT JUDGE