In The United States District Court
For The District of Delaware

David J. Buchanan
Petitioner, Pro Se

V.

Thomas E. Gay, Esq.
Delaware State Police
Delaware Family Court, et all
Respondents

C.A. No. 06-711-SLR



FILED
AUG 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Emergency Motion and Verified Complaint for
Injunctive Relief

Pursuant to Art. 3, Sec. 2 of the Federal Constitution, judicial power of the United States is extended to Equity, where Plaintiff, David J. Buchanan hereby moves for an order of Injunctive Relief in the Form attached hereto, staying any and all transfer of equitable title to real estate, that is so deeded to Plaintiff, and from Respondents interfering with Plaintiff's use of land and buildings located at 34806 Hudson Road, Laurel, Delaware, more particularly described in deed attached filed in book 1747, Page 272 at the Delaware Recorder Of deeds Sussex Co.,

and the lands located on Sussex County Justice road, more particularly described on Sussex Co. tax map #2-32-19-46.3, where parties seeking sale of property have been denied claim pursuant to Bankruptcy Rule 3002(c)(3), on October 24, 2006, Bankruptcy CA. No. 04 12419 JKF.

The grounds for this motion are set forth in the Motion for Writ of Mandamus to Protect Equitable Rights to Real Estate filed herewith. Plaintiff has been wrongfully ejected, refused right of use, ingress and egress from said properties, has no alternative to protect equitable interest if access is denied, or sale is completed. 28 USCS 1651.

Unless Respondents are restrained from denying Plaintiff access and ownership of property, including use, ingress and egress, Plaintiff will have no right to access his property, or exercise his right to own property deeded to his name.

Where it is suggested that a remedy at law is not full, complete, and adequate, or, as expressed by statute "sufficient," then this Honorable Court may exercise its Equitable jurisdiction on issue of injunction as requested, and where concurrent jurisdiction allows for relief for damages resultant from associated acts, equitable jurisdiction remains to prevent ongoing waist, toot, and violation of Constitutional rights. 42 USCS 1983, 28 USCS 1651

The purpose of the requested injunctive relief is to maintain status quo, and the legislative intent of Bankruptcy Rule 3002(c)(3), where claims against property have previously been denied by the U.S. District Bankruptcy Court. CA No 0412419. Del. Oct 24, 2006   ② Transcripts to BR Ct. on file.

Plaintiff maintains a claim under 42 USCS 1983, where he has been deprived of a right, privilege, and immunity secured by the laws or Constitution of the United States, and that actions at issue were taken by persons acting under color of state law. See Parrat V. Taylor, 451 U.S., and that such persons shall be liable to Plaintiff injured in an action of law, suit in equity or proper proceedings for redress. Plaintiff contends his removal from real property without hearing or notice to his contractual garantees, violates his due process rights and property rights. See Stana v. School District of Pittsburgh, 775 F.2d 122. Contracts create a property protected interest, and Respondents are barred from impairing upon such contracts to enjoy in 3rd party claims

*David J. Buchanan*
David J. Buchanan 231392
SCI Box 500
Georgetown, DE 19947

Dated August 25, 2008

Sworn and Subscribed before me this 25th day of August 2008.

*Judith Ann Lederman* Notary Public
JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 28, 2009